Electronically Filed - Cole Circuit - April 12, 2021 - 04:32 PM

## THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | |
|---|---|
| TORCH ELECTRONICS, LLC, | ) |
| WARRENTON OIL COMPANY, | ) |
| SOUTHFORK SPIRIT CO., LLC, | ) |
| and | ) |
| DHALIWAL LLC, d/b/a FOODMART, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 21AC-CC00044 |
| THE MISSOURI DEPARTMENT OF PUBLIC SAFETY, et al., | ) |
| Defendants. | ) |

**FIRST AMENDED PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF**

Torch Electronics, LLC ("Torch"), Warrenton Oil Company ("Warrenton Oil"), Southfork Spirit Co., LLC ("Southfork") and Dhaliwal LLC d/b/a FoodMart ("FoodMart"), bring this action to have the Court declare their rights and relationships under Missouri law and to restrain the Department of Public Safety and the Missouri State Highway Patrol from exceeding their authority in removing or participating in the removal of Torch amusement devices from Warrenton Oil's convenience stores, and threatening removal of Torch amusement devices from Southfork and FoodMart .

Torch is a Missouri company that owns, operates, and licenses amusement devices. Warrenton Oil is a Missouri company that owns convenience stores throughout the State. Southfork is a Missouri company that operates four convenience stores throughout the State. FoodMart is a convenience store operating in Seymour, Missouri. Torch's devices are generally placed in convenience stores pursuant to license agreements by which Torch is granted space to

1

place and operate the machines. Customers can play a game while shopping for other necessities. These devices allow users to play games that are within their control and are not for gambling.

The Missouri State Highway Patrol and Department of Public Safety disagreed and began a concerted campaign of threats culminating in the removal of Torch amusement devices from Warrenton Oil's St. Clair convenience store and other convenience stores. Southfork's convenience store in Seymour, Missouri was forced to shut down its amusement devices after receiving a threatening letter from the Webster County prosecuting attorney. The prosecuting attorney based his threats on the Highway Patrol's interpretation and application of the definition of "gambling device."  After receiving that same letter, FoodMart removed the Torch devices from its store. These government officials continue to threaten to remove Torch devices based solely on their own incorrect interpretations of Missouri gambling laws. As such, judicial intervention is necessary to prevent the Department and the Highway Patrol from exceeding their authority by continuing to remove Torch amusement devices from convenience stores.

For their Petition, Plaintiffs state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Torch Electronics, LLC is a Missouri limited liability company headquartered in St. Louis, Missouri.

2. Plaintiff Warrenton Oil Company is a Missouri company headquartered in Truesdale, Missouri.

3. Plaintiff Southfork Spirit Co., LLC is a Missouri company headquartered in Ava, Missouri.

4. Plaintiff Dhaliwal LLC d/b/a FoodMart is a Missouri company headquartered in

2

Electronically Filed - Cole Circuit - April 12, 2021 - 04:32 PM

Springfield, Missouri.

5. Defendant Department of Public Safety is created by state statute "to provide overall coordination of the state's public safety and law enforcement program, to provide channels of coordination with local and federal agencies in regard to public safety, law enforcement and with all correctional and judicial agencies in regard to matters pertaining to its responsibilities as they may interrelate with other agencies or offices of state, local or federal governments." § 650.005, RSMo.

6. Defendant Missouri State Highway Patrol is created by state statute to "enforce the traffic laws and promote safety upon the highways." § § 43.020 and 43.025, RSMo.

7. Venue is proper in this court. §508.010 RSMo.

8. Jurisdiction is proper in this Court because the dispute arises out of an action by the State and the specific powers granted to the Department of Public Safety and the Missouri State Highway Patrol by state statute.

9. The Plaintiffs seek a declaration of rights, status and other legal relations. § 527.010 RSMo.

**ALLEGATIONS COMMON TO ALL COUNTS**

10. Torch is a Missouri company that owns, operates, and licenses amusement devices.

11. To play a game on a Torch amusement device, the player inserts money and is prompted to play a game.

12. Torch's amusement devices tell the player whether the game will be a winning game.

13. They also tell the player the amount of their win.

14. The player may decide to play the game or request their money back.

Electronically Filed - Cole Circuit - April 12, 2021 - 04:32 PM

15. Torch amusement devices do not have a metered randomizer or any other random number generator.

16. All outcomes on Torch's amusement devices are pre-determined, finite, and in sequential order.

17. These pre-determined outcomes cannot be altered.

18. An individual engages in gambling when "he or she stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his or her control or influence, upon an agreement or understanding that he or she will receive something of value in the event of a certain outcome." § 572.010(4), RSMo.

19. Individuals cannot gamble on Torch amusement devices.

20. A gambling device is "any device, machine, paraphernalia or equipment that is used or usable in the playing phases of any gambling activity, whether that activity consists of gambling between persons or gambling by a person with a machine." § 572.010(5), RSMo.

21. Torch's amusement devices are not gambling devices and therefore are not required to meet the requirements set forth in 11 CSR 45-5.210.

22. Torch is granted licenses by convenience stores to place their devices in the stores.

23. Warrenton Oil owns convenience stores throughout the State of Missouri.

24. Warrenton Oil has granted Torch licenses to place and operate amusement devices in their convenience stores for their customers to use.

25. The Highway Patrol has engaged in a long running campaign of harassment of stores, like Warrenton Oil's stores, that house Torch amusement devices.

26. Corporal Nic Matthews of the Highway Patrol visited Warrenton Oil's convenience store in St. Clair, Missouri on or around late December 2020 to relay the threat that if the store did

Electronically Filed - Cole Circuit - April 12, 2021 - 04:32 PM

not remove the Torch amusement devices the Highway Patrol would be back to seize the devices.

27. On or around January 1, 2021, members of the Highway Patrol returned to Warrenton Oil's store.

28. No Torch amusement devices were seized.

29. However, on February 3, 2021, Corporal Matthews arrived at the store with a warrant and seized three Torch amusement devices.

30. Members of the Highway Patrol have also intimidated and harassed Warrenton Oil convenience stores in Franklin county that license space for the Torch amusement devices.

31. On information and belief, members of the Highway Patrol, or local law enforcement at the direction of members of the Highway Patrol, have intimidated and harassed convenience stores in Linn, Crawford, Barry, Vernon, Camden, Henry, and Webster counties that license space for the Torch amusement devices.

32. Torch amusement devices were seized from Warrenton Oil convenience stores in Franklin county and from other convenience stores in Henry and Linn counties.

33. Southfork's convenience store in Seymour, Missouri had several operating Torch amusement devices.

34. After receiving a threatening letter from the Webster County prosecuting attorney, who based his threats on the Highway Patrol's interpretation of "gambling device," Southfork shut down the Torch Amusement devices. **Exhibit A.**

35. Southfork's three other convenience stores (in other parts of Missouri) have been allowed to continue to maintain and operate Torch amusement devices without interference.

36. Like Southfork, FoodMart in Seymour, Missouri had several Torch amusement devices.

CORE/3520366.0003/166081286.4

37. After receiving the same letter as Southfork, FoodMart removed the Torch amusement devices from the store.

38. Based on the advice and encouragement of Defendants, prosecutors across Missouri are taking different interpretations of the law and different enforcement positions.

39. On information and belief, this campaign of harassment and intimidation has extended beyond Warrenton Oil, Southfork and FoodMart, to other convenience stores in which Torch places its amusement devices.

40. A lawsuit, *State of Missouri, ex rel. Richard M. Shields v. Ranza Inc., et al.,* Case No. 20HE-CC00064, was filed against Clinton Convenience, LLC's store in Henry County, Missouri. **Exhibit B.**

41. Members of the Missouri State Highway Patrol seized Torch amusement devices from Clinton Convenience Store. *Id.*

42. The Highway Patrol engaged in a legal analysis and determined that Torch amusement devices are gambling devices.

43. On information and belief, the Highway Patrol did not base their legal analysis on any judicial order.

44. However, at least one Court disagrees with the Highway Patrol's interpretation and application of the laws relating to gambling and gambling devices as to Torch amusement devices.

45. In *State of Missouri v. Torch Electronics, LLC,* Case No. 20LI-CR00007, the Court dismissed the complaint against Torch for promoting gambling. **Exhibit C.**

46. Nevertheless, Defendants persist in their position that the machines are illegal and intend to take future actions to seize them.

47. Plaintiffs' position is that Torch devices are legal under Missouri law.

Electronically Filed - Cole Circuit - April 12, 2021 - 04:32 PM

48. Defendants take the position that Torch devices are illegal under Missouri law.

## COUNT I-INJUNCTIVE RELIEF

49. Paragraphs 1 through 48 are incorporated by reference.

50. Warrenton Oil faces imminent, irreparable harm because of Defendants' campaign to remove Torch amusement devices from its convenience stores.

51. Defendants seize devices without any notice to Warrenton Oil.

52. Warrenton Oil does not know when or if their stores will ever get the Torch amusement devices or its share of the money in the devices back.

53. Torch faces imminent, irreparable harm because of Defendants' campaign to seize Torch amusement devices from convenience stores.

54. The Highway Patrol seized Torch's machines without any notice to Torch.

55. Torch does not know if or when they will ever recover their machines or the monies in those machines at the time of seizure.

56. Defendants did not seize machines in furtherance of the enforcement of a criminal law.

57. Neither Torch nor Warrenton Oil have been criminally charged in connection with Defendants' action.

58. Southfork and FoodMart face imminent, irreparable harm because of Defendants' campaign of harassment and intimidation to keep Torch amusement devices out of their stores.

59. Southfork nor its owners are charged with criminal activity, but have been threatened with criminal prosecution and seizure of the Torch devices. **Ex. A.**

60. FoodMart nor its owners are charged with criminal activity, but have been threatened with criminal prosecution and seizure of the Torch devices. **Ex. A.**

61. Any economic loss by Plaintiffs constitutes irreparable injury because of the practical impossibility of any recovery from the Missouri State Highway Patrol. *See Dunlevy, P.C. v. Stidham,* 640 F.3d 1140, 1157 (10th Cir. 2011).

62. In addition to any economic loss, the seizure (and threat of seizure) of these amusement devices would damage the reputation of the Plaintiffs and disrupt their business in ways that cannot be compensated or quantified in financial terms.

63. Defendants do not face any harm if they are enjoined from removing Torch amusement devices from convenience stores or any other locations at which they may be found.

64. The public interest favors an injunction to ensure that the law regarding gambling devices is appropriately and equitably enforced.

65. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

    a. That Defendants be temporarily, preliminarily, and permanently enjoined from removing or participating in the removal of any Torch amusement devices from convenience stores;

    b. That Defendants be temporarily, preliminarily, and permanently enjoined from enforcing any policy that declares Torch amusements devices to be gambling devices; and,

    c. That this Court order other such relief as the Court deems just and proper.

### COUNT II- DECLARATORY JUDGMENT

66. Paragraphs 1 through 48 are incorporated herein by reference.

67. The Plaintiffs have a legally protectable interest in continuing to operate their businesses and providing customers with entertainment by providing space in their stores to allow

Electronically Filed - Cole Circuit - April 12, 2021 - 04:32 PM

Torch to operate its amusement devices. The Plaintiffs' rights, status and legal relationships are affected by the statute and by Defendants' interpretations and construction thereof.

68. Plaintiff Torch has a legally protectable interest in continuing to operate its business of placing and operating amusement devices in convenience stores in Missouri.

69. Plaintiffs are directly and adversely affected by the Highway Patrol's campaign of harassment and intimidation and seizure of Torch machines based on the Patrol's erroneous interpretation of the gambling laws.

70. Defendants' actions were not in furtherance of a criminal investigation.

71. No criminal charges have been filed nor are Plaintiffs aware that any charges will be filed.

72. Defendants, in concert with others, have threatened all Plaintiffs with penalties separate and apart from any criminal charges including seizure of property and actions for disgorgement of proceeds received from the amusement devices.

73. For the purposes of the Revised Statutes of Missouri, "gambling device" is defined in section 572.010, RSMo.

74. This term is used in both civil and criminal statutes.

75. Defendants have a policy of general applicability and proscriptive effect concerning whether Torch amusement devices are gambling devices and whether stores in Missouri may license and possess such machines.

76. On information and belief, Defendants have arbitrarily enforced this policy, allowing amusement devices to operate in certain stores but not others.

77. Defendants' action is based on an unlawful and unreasonable interpretation of the definition of "gambling device."

78. Defendants take the position that the Torch amusement devices are illegal under Missouri law.

79. Defendants have actively communicated their position to multiple prosecutors including prosecutors in jurisdictions where Plaintiffs operate.

WHEREFORE, Plaintiffs hereby request that this Court order, adjudge, decree, and declare:

    a.    That Torch amusement devices are not gambling devices;

    b.    That Defendants' construction and interpretation of the statutes, as applied to Torch devices, is incorrect.

    c.    That Plaintiffs have the legal right to operate the amusement devices and/or to locate them within businesses controlled by the Plaintiffs.

    d.    That removing Torch amusement devices from a store exceeds Defendants' authority;

    e.    That the rule imposed by Defendant regarding Torch amusement devices is invalid; and,

    f.    Any other such relief as this Court deems just and proper.

Respectfully submitted,

STINSON LLP
/s/ *Charles W. Hatfield*
Charles W. Hatfield, No. 40363
Alexander C. Barrett, No. 68695
Alixandra S. Cossette, No. 681114
230 W. McCarty Street
Jefferson City, Missouri 65101
Phone: (573) 636-6263
Fax: (573) 636-6231
chuck.hatfield@stinson.com
alexander.barrett@stinson.com
alixandra.cossette@stinson.com

CORE/3520366.0003/166081286.4

*Attorneys for Plaintiffs Torch Electronics, LLC, Warrenton Oil Company, Southfork Spirit Co., LLC and Dhaliwal LLC, d/b/a FoodMart*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically via Missouri CaseNet e-filing system, which notifies counsel of record on this 12th day of April, 2021.

*/s/Charles W. Hatfield*
*Attorney for Plaintiffs*