## IN THE CIRCUIT COURT OF CRAWFORD COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| TNT AMUSEMENTS, INC., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ) | Division No. |
| TORCH ELECTRONICS, INC., and ) | |
| MIDWEST PETROLEUM CO., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **PETITION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

### **Parties**

1. Plaintiff TNT Amusements, Inc. ("TNT"), d/b/a Play-Mor Coin-Op, is a Missouri for-profit corporation that is in good standing. TNT is in the business of providing legal, coin-operated amusement machines to retailers such as restaurants, truck stops, and fraternal organizations in Missouri.

2. Defendant Torch Electronics, LLC ("Torch) is a Missouri limited liability company. Torch engages in the business of placing expressly illegal "gambling machines" and "slot machines" to retailers such as restaurants, truck stops, and fraternal organizations in Missouri.

3. Defendant Midwest Petroleum Company ("Midwest") is a Missouri for-profit corporation that owns and operates, among numerous other facilities, the Midwest Travel Plaza located in Cuba, MO.

### **Jurisdiction and Venue**

4. Jurisdiction is appropriate in this Court in that all illegal and tortious acts on the

part of Defendants took place within Crawford County, State of Missouri.

5. Venue is appropriate in this Court pursuant to § 508.010, RSMo, et seq.

**Count I - Declaratory Judgment**

6. TNT incorporates paragraphs 1-5, above, as if more fully stated herein.

7. Commencing in August, 2018 and continuing through the present, Torch has installed seven (7) illegal gambling machines at the Midwest Travel Plaza with the knowledge and affirmative cooperation of Midwest. These illegal gambling machines have been continuously present at the Midwest Travel Plaza since their installation and have been in operation 24 hours a day, seven days a week.

8. The machines placed by Torch into the Midwest Travel Plaza have been determined to be illegal gambling devices by the Missouri Gaming Commission in violation of Sections 572.030, 572.040, and 572.070 RSMo.

9. Midwest has neither applied for nor received a license from the Missouri Gaming Commission to operate an "excursion gambling boat" pursuant to Sections 313.800-313.850 RSMo.

10. Torch has neither applied for nor received a license from the Missouri Gaming Commission to be a licensed and approved supplier of gambling games pursuant to Sections 313.800-313.850 RSMo.

11. On information and belief, Torch and Midwest share revenues from the illegal gambling machines and are thereby jointly operating an unlicensed gambling operation in violation of Section 313.830.1(1) RSMo.

12. As a direct result of Torch's illegal gambling machines replacing TNT's legal coin-operated amusement machines at the Midwest Travel Plaza, TNT has been damaged in that its revenues at that facility have been drastically reduced - to almost zero.

2

13. Torch intends to continue to place its illegal gambling machines in additional facilities and to displace TNT's legal coin-operated amusement machines in Crawford County and throughout the State of Missouri.

WHEREFORE, Plaintiff TNT requests that this Court enter its judgment declaring, a) that Defendants Torch and Midwest are illegally operating an unlicensed casino or "excursion gambling boat" in contravention of Missouri law, b) that Defendant Torch is operating as an illegal and unlicensed supplier of gambling games in contravention of Missouri law, and c) that all seven of the machines placed by Torch at the Midwest Travel Plaza constitute illegal gambling machines in contravention of Missouri law, along with such other and further Orders as may be just and appropriate.

## Count II – Tortious Interference with Business Expectancy

14. TNT incorporates paragraphs 1-13, above, as if more fully stated herein.

15. For more than 20 years, TNT and Midwest have done continuous business according to their oral agreement whereby TNT has placed, maintained, and periodically upgraded legal, coin-operated amusement machines in Midwest's facilities, including the Midwest Travel Plaza, in return for a revenue split.

16. Based on their oral agreement and their 20+ years of continuous business, course of dealing, custom, and practice, TNT justifiably expected its legitimate placement, maintenance and upgrading of legal, coin-operated amusement machines to continue, undiminished and unabated, at Midwest's facilities, including the Midwest Travel Plaza.

17. At all times, Torch was aware of the existence of a business relationship between TNT and Midwest related to the placement by TNT of legal, coin-operated amusement machines in Midwest facilities and particularly within the Midwest Travel Plaza.

Electronically Filed - Crawford Circuit Division - November 26, 2019 - 11:18 AM

18. To make room for these illegal gambling machines, Midwest, at the urging of Torch, initially removed all of TNT's legal, coin-operated amusement machines from its game room within the Midwest Travel Plaza.

19. Midwest later, again at the urging of Torch, removed additional legal, coin-operated amusement games belonging to TNT from other locations within the Midwest Travel Plaza and replaced them with Torch's illegal gambling machines.

20. Torch's installation of illegal gambling machines and displacement of TNT's legal, coin-operated amusement machines tortuously interfered with TNT's legitimate business expectancy of continued operation within the Midwest Travel Plaza.

21. Torch, by dealing in illegal gambling machines, utilized improper means to interfere with TNT's business expectancy, and therefore Torch lacks justification for its interference.

22. Torch's interference with TNT's business expectancy was intentional.

23. As a direct result of Torch's illegal gambling machines replacing TNT's legal coin-operated amusement machines at the Midwest Travel Plaza, TNT has been damaged in that its revenues at that facility have been drastically reduced - to almost zero.

24. TNT will suffer irreparable harm to its business expectancy if Torch is not enjoined from installing and operating its illegal gambling machines.

25. A premises used for unlawful gambling is a public nuisance under Missouri law, Section 572.010.1 RSMo.

26. The public interest will be served by the injunctive relief sought in that a public nuisance will be removed and in that the illegal and unlicensed gambling operation being operated by Torch and Midwest has siphoned and will continue to siphon tax revenues from the

Electronically Filed - Crawford Circuit Division - November 26, 2019 - 11:18 AM

State of Missouri and local political subdivisions that would have come from legal and licensed gaming on excursion gaming boats and the Missouri Lottery.

WHEREFORE, Plaintiff TNT requests that this Court enter a money judgment in its favor and against Torch for an amount in excess of $25,000, consisting of compensatory damages as well as punitive damages in an amount that will be sufficient to punish Torch and deter it from engaging in similar misconduct in the future; that this Court enter its Order a) to enjoin Torch and Midwest from any further operation of their illegal and unlicensed gambling operations at the Midwest Travel Plaza, and b) to enjoin Torch from installing any illegal gambling machines within Crawford County, along with such other and further orders as may be just and appropriate.

**BICK & KISTNER, P.C.**

By: /s/ Elkin L. Kistner
Elkin L. Kistner                    #35287
William E. Kistner                  #70540
101 South Hanley Road, Suite 1280
St. Louis, Missouri 63105
Telephone: (314) 571-6823
Facsimile:  (314) 727-9071
E-mail: elkinkis@bick-kistner.com
E-mail: bill@bick-kistner.com
*Attorneys for Plaintiff*