# Exhibit 10

Order on Motion to Compel

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| JIM TURNTINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20SL-CC03000 |
| | ) Division 14 |
| | ) |
| TORCH ELECTRONICS, LLC, | ) |
| MIDWEST PETROLEUM CO, and | ) |
| CRAWFORD COUNTY | ) |
| | ) |
| Defendants. | ) |

FILED
10/05/22
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

## ORDER

Pending before the Court are Plaintiff's motions to compel and for sanctions ("Motions"), filed with the Court on August 18, 2022. Counsel for all parties appeared for hearing on the Motions on September 9, 2022. At that hearing, the Court directed counsel to confer to attempt to narrow the issues for the Court's resolution, and continued the hearing to September 16, 2022. Counsel for all parties appeared before the Court again on September 16, 2022, and presented additional arguments. Being duly advised in the premises, the Court now rules as follows:

### INTERROGATORIES

**Interrogatory #1.** Defendants' objections to Interrogatory #1 are overruled in part and sustained in part. Plaintiff has agreed that Interrogatory #1 shall apply only to written or recorded statements of Plaintiff Jim Turntine individually that relate to the facts in this case, excepting statements made by Plaintiff to mainstream media outlets. Subject to these limitations, Defendants are ordered to answer Interrogatory #1.

**Interrogatory # 2.** Defendants' objections to Interrogatory #2 are overruled in part and sustained in part. Plaintiff has agreed to narrow his request to ask for photographs and/or videotapes depicting Torch machines and other related devices located at sites in Crawford

County, Missouri. Plaintiff has further agreed to narrow subpart (d) to request only the name and address of the custodian of the photograph and/or video.  Subject to those limitations, Defendants are ordered to answer to Interrogatory #2.

**Interrogatory #3.**  Defendants' objections to Interrogatory #3 are overruled in part and sustained in part.  Plaintiff has agreed to amend Interrogatory #3 to request the names and addresses of each person known by either Defendant to have witnessed or participated in the delivery, installation, or operation of Torch Machines that were at any time located in Crawford County, Missouri.  Plaintiff further agreed that the term "operation" does not include those individuals who have played and/or won the game.  Defendants agreed that other discoverable information/documents will not be withheld simply because it includes the names of players/winners. Plaintiff agreed the players and/or winners' names can be redacted for documents that are produced in response to this request.  Subject to these limitations, Defendants are ordered to answer Interrogatory #3.

**Interrogatory #4.**  Defendants' objections to Interrogatory #4 are overruled in part and sustained in part. Plaintiff has agreed that the amendments to Interrogatory #3 with regards to the subject matter would also apply to Interrogatory #4. Subject to that limitation, Defendants are ordered to answer Interrogatory #4.

**Interrogatory #5.**  Defendants did not object to the form or substance of this request, but they asserted objections based on the attorney-client privilege and work product doctrines. Defendants are ordered to produce privilege logs consistent with their assertions of privilege. Defendants will supplement this answer if any such expert witnesses are identified.

**Interrogatory #6.** Defendants did not object to this interrogatory. Defendants shall supplement their answers to this interrogatory along with its other supplemental responses in accordance with the Missouri Rules of Civil Procedure.

**Interrogatory #7.** Defendants have agreed to withdraw their objection to this request. Accordingly, Defendants objections to Interrogatory #7 are overruled.

**Interrogatory #8.** Defendants did not object to the form or substance of this request, but they asserted objections based on the attorney-client privilege and work product doctrines. They maintain these objections. Defendants are ordered to produce privilege logs consistent with their assertions of privilege. Defendants will supplement their answers if any such expert witnesses are identified.

**Interrogatory #9.** Defendants' objections to Interrogatory #9 are overruled in part and sustained in part. Plaintiff has agreed to amend this request to seek each document generated or received by either Defendant since January 1, 2017, referencing or describing Torch machines that were at any time located at the Midwest Travel Plaza in Cuba, Missouri. Plaintiff has agreed the players' and/or winners' names can be redacted for any documents that are produced in response to this request. Subject to these limitations, Defendants are ordered to answer Interrogatory #9.

**Interrogatory #10.** Defendants' objections to Interrogatory #10 are overruled in part and sustained in part. Plaintiff has agreed to amend Interrogatory #10 to request identification of correspondence either Defendant sent or received from any third party since January 1, 2017, relating to the operation, maintenance, revenue, and pay-outs of Torch Machines that were at any time located in Crawford County, Missouri. Plaintiff has also agreed the players' and/or

3

winners' names can be redacted for documents that are produced in response to this request. Subject to these limitations, Defendants are ordered to answer Interrogatory #10.

## PRODUCTION REQUESTS

**Request for Production ("RFP") #1.** Defendants' objections to RFP #1 are overruled in part and sustained in part. Plaintiff has agreed that this request shall apply only to written or recorded statements of Plaintiff Jim Turntine individually that relate to the facts in this case, excepting statements made by Plaintiff to mainstream media outlets.  Subject to these limitations, Defendants are ordered to respond to RFP #1.

**RFP #2-5.**  Defendants objected based on the attorney client privilege and work product doctrines.  Defendants are ordered to produce privilege logs consistent with their assertions of privilege.  Defendants will supplement this answer if any expert witnesses are identified.

**RFP #6.**  Defendants objections to RFP #6 are overruled in part and sustained in part. Plaintiff has agreed to amend RFP #6 to request production of correspondence either Defendant sent or received from any third party since January 1, 2017, relating to the operation, maintenance, revenue, and pay-outs of Torch Machines that were at any time located in Crawford County, Missouri.  Plaintiff has agreed the players' and/or winners' names can be redacted for documents that are produced in response to this request. Subject to these limitations, Defendants are ordered to respond to RFP #6.

**RFP #7.**  Defendants maintain their objections based on the attorney-client privilege and work product doctrines and to the extent any such information and documents contain confidential and/or proprietary information.  Defendants are ordered to produce privilege logs consistent with their assertions of privilege.  Defendants will supplement this response along with its other supplemental responses in accordance with the Missouri Rules of Civil Procedure.

Electronically Filed - St Louis County - October 05, 2022 - 12:20 PM

**RFP #8.**  Defendants' objections to RFP #8 are overruled in part and sustained in part. Plaintiff has agreed to amend this request by replace the terms "pre-reveal game, amusement game machine, or gambling machine" with "Torch machines" that were ever located in Crawford County. Subject to that amendment, Defendants are ordered to respond to RFP #8.

**RFP #9.**  Defendants' objections to RFP #9 are overruled.  Defendants are ordered to respond to RFP #9.

WHEREFORE, Plaintiff's Motions are Granted in part and Denied in part.  Defendants are ordered to serve amended and/or supplemental answers and responses to Plaintiff's discovery requests as directed herein within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: _____

Judge          Division 14
October 05, 2022

_____
Kristine A. Kerr, Judge