IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-330 JAR |
| | ) | |
| TORCH ELECTRONICS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO SET EVIDENTIARY HEARING**

COMES NOW Plaintiff TNT Amusements, Inc. ("TNT" or "Plaintiff"), by and through counsel, and for its Motion to Set Evidentiary Hearing states as follows:

1. On April 20, 2023, TNT filed its Motion for Preliminary Injunction (Doc. #15) (the "Motion"). In its Motion, TNT requested an evidentiary hearing. *See* Mem. (Doc. #16) at 2, 3, 4, 9, 15.

2. As of May 5, 2023, TNT's Motion has been fully briefed. *See* Mem. in Opp. (Doc. #21); Reply (Doc. #23).

3. On May 9, 2023, TNT filed its Request for Oral Argument on Plaintiff's Motion for Preliminary Injunction (Doc. #25) (the "Request"), in which it indicated that "[i]n light of the apparent disagreements of the parties" set forth in the briefing on the Motion, "oral argument may be valuable to the Court when ruling on Plaintiff's Motion." Request (Doc. #25) at 1.

4. On May 11, 2023, the Court issued an order in relation to the Request (Doc. #27) (the "Order"). In its Order, the Court interpreted TNT's Request as seeking oral argument on "whether the Court should hold ***a hearing*** on [the Motion]." *Id.* (emphasis added). It then set an oral argument for June 15, 2023 at which "counsel may present arguments as to whether the Court

1

should hold a preliminary injunction hearing." *Id.* In its Order, the Court noted that no earlier date was available due to scheduling conflicts and the Court's trial schedule. *Id.*

5.  To clarify TNT's purpose in making its Request: in requesting oral argument on its Motion, TNT had intended to seek an opportunity to orally present its legal arguments in connection with an evidentiary hearing, since the briefing had revealed legal disputes beyond the factual disputes anticipated when TNT filed its Motion. In light of the existence of these disagreements between the parties, a hearing is required under controlling Eighth Circuit case law.[1]

6.  Since the requirement of an evidentiary hearing is well established under such circumstances, TNT does not believe that oral argument is necessary on the narrow question of whether a hearing is required. Nonetheless, if the Court believes that oral argument would assist it in determining whether to set an evidentiary hearing, TNT stands ready to present such argument. Likewise, TNT would be prepared at any such oral argument to entertain questioning on its legal arguments more broadly, if the Court would find that useful.

---

[1] *See* Reply (Doc. #20) at 2 (citing *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002) ("An evidentiary hearing is required prior to issuing a preliminary injunction . . . when a material factual controversy exists.")); *see also Movie Sys., Inc. v. MAD Minneapolis Audio Distributors*, 717 F.2d 427, 432 (8th Cir. 1983) (affirming grant of preliminary injunction without a hearing only because affidavits submitted were not "contradictory so at to require an evidentiary hearing"); *Wounded Knee Legal Def./Offense Comm. v. Fed. Bureau of Investigation*, 507 F.2d 1281, 1286–87 (8th Cir. 1974) ("By its nature, an application for a preliminary injunction often requires an expeditious hearing and decision."); 11A Fed. Prac. & Proc. Civ. § 2949 (3d ed.) ("In the usual case, a preliminary-injunction request will be decided only after the parties have presented testimony in support of their respective positions. . . . If there is a factual controversy, however, oral testimony is preferable to affidavits because of the opportunity it provides to observe the demeanor of the witnesses. . . . The strong preference for using oral evidence to resolve disputes is particularly appropriate when one of the parties wishes to present witnesses. . . . When the outcome of a Rule 65(a) application depends on resolving a factual conflict by assessing the credibility of opposing witnesses, it seems desirable to require that the determination be made on the basis of their demeanor during direct and cross-examination, rather than on the respective plausibility of their affidavits.").

7. TNT is concerned, however, that if the Court does not at least set a tentative date for an evidentiary hearing, the continued demands of the Court's calendar may require an evidentiary hearing to be set long after any such oral argument, during which time TNT will continue to suffer irreparable harm from the continuation of the Defendants' false advertising and illegal gambling enterprise, as explained in its Motion briefing. *See* Mem. (Doc. #16) at § II; Reply (Doc. #20) at § III.

8. TNT therefore requests that the Court tentatively set an evidentiary hearing on TNT's Motion at the earliest date that its calendar permits. In the event that the Court determines, whether before or after oral argument, that such a hearing is not necessary, then it may always vacate any such setting, but setting a tentative date now would help to alleviate the risk of continued irreparable harm to TNT while it awaits its day in court.

9. In order to aid the Court in setting such a hearing, TNT provides the following dates on which its witnesses and counsel would be available for such a hearing, as of the date of this filing: Friday, June 16; Tuesday, June 20; Wednesday, June 21; Thursday, June 22; Friday, June 23; Monday, June 26; Tuesday, June 27; Wednesday, June 28; Thursday, June 29; Friday, June 30; Wednesday, July 5; Thursday, July 6; and Friday, July 7.

10. TNT anticipates that its evidence at any such hearing can be presented in five hours or less.

WHEREFORE TNT respectfully requests that the Court set a tentative date for an evidentiary hearing on its Motion for Preliminary Injunction (Doc. #15) and that it grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Mary Grace Warren*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*
*marygrace.warren@bryancave.com*

*Attorneys for TNT Amusements, Inc.*
*d/b/a Play-Mor Coin-Op*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2023, a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

*/s/ Mary Grace Warren*
MARY GRACE WARREN, #73147MO