**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT**

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., d/b/a PLAY-MOR COIN-OP, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:23-cv-00330-JAR |
| TORCH ELECTRONICS, LLC, STEVEN MILTENBERGER, and SONDRA MILTENBERGER | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO SET EVIDENTIARY HEARING**

Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger (collectively referred to herein as "Torch") respectfully submit the following Memorandum in Opposition to Plaintiff TNT Amusements, Inc., d/b/a Play-Mor Coin-Op ("TNT")'s Motion to Set Evidentiary Hearing (Doc. #28).[1]

TNT's latest motion relates, yet again, to the request for a preliminary injunction already fully briefed before the Court. That Motion for Preliminary Injunction, filed April 20, 2023, seeks a broad, sweeping injunction that would require Torch to (among other things) deactivate and remove all of their devices within the entire state of Missouri. *See* Mot. Prelim. Inj. at 3 (Doc. #15). Under the law, a request for relief of this radical nature requires a true emergency. But as Torch detailed in its Memorandum in Opposition to the Motion for Preliminary Injunction, TNT waited 3 years, 4 months, and 25 days after it first filed an unfair competition case against Torch in Missouri state court to ask for this supposedly urgent, emergency relief.

---

[1] TNT did not file a memorandum in support of this motion.

(*See* Mem. Opp. Mot. Prelim. Inj. at 1-3 and 14 (Doc. #21)). After Torch filed its opposition to TNT's motion for preliminary injunction, on reply, TNT quickly suggested that, "at the very least," the Court should order a hearing on TNT's request for a preliminary injunction. (Reply Supp. Mot. Prelim. Inj. at 2-3 (Doc. #23)).

In short, by the time TNT filed its Reply, TNT had already fully briefed its request for a preliminary injunction, including its request for an evidentiary hearing and TNT's demonstrably incorrect assertion that the Court *is required* (based on inapplicable and contradictory dicta in one Eighth Circuit case) to grant TNT's request for an evidentiary hearing. After the Court did not immediately order an evidentiary hearing, TNT filed another motion, this time requesting either oral arguments or an evidentiary hearing specific to its Motion for Preliminary Injunction. (*See* Req. Oral Argument on Pl.'s Mot. Prelim. Inj. (Doc. #25)). In that Request, TNT stated that "[i]n light of the apparent disagreements of the parties . . . oral argument may be valuable to the Court when ruling on Plaintiff's Motion." (*Id*. at 1 (Doc. #25)). In opposition, Torch noted it was not entirely clear whether TNT was asking only for oral arguments or, instead, an evidentiary hearing. (*See* Opp. to Pl.'s Request for Oral Argument (Doc. #26 at p. 1 fn. 2)). Due to the confusion, "Torch addresse[d] TNT's Request for Oral Argument in broad terms" in its Opposition to Plaintiff's Request for Oral Argument, noting that "[r]egardless of whether TNT only seeks oral arguments or a more formal evidentiary hearing, neither is required nor, in Torch's view, necessary." (*Id.*). Shortly thereafter, the Court issued an order granted TNT's request, expressly clarifying that it interpreted TNT's request "as one for oral argument on the legal issues related to whether the Court should hold a hearing on the motion for a preliminary injunction." (May 11, 2023 Order (Doc. #27)). No objections from Torch. TNT, however, would

2

like the Court to reconsider and, again, requests the Court schedule an evidentiary hearing. (*See* Doc. #28).

TNT's latest motion is an improper motion for reconsideration. "The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Motions for reconsideration are typically disfavored; Fed. R. Civ. P. 60(b) only "authorizes relief based on certain enumerated circumstances," and it "is not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 989; *see also* L.R. 4.01(C) (additional memoranda beyond those in support, opposition, and in reply may not be filed without leave of Court); *Carter v. United States*, 4:16-CV-00025-JAR, 2019 WL 7580085, at *1 (E.D. Mo. Feb. 26, 2019) (noting "that a motion for reconsideration may not be used to raise arguments which could have been raised in a prior motion"). In its present motion, TNT simply re-raises the same issues it has already briefed and re-asserts its position that "a hearing is required under controlling Eighth Circuit case law." (Mot. Set Evidentiary Hr'g, ¶¶ 5 (Doc. #28); *see also generally* Defs.' Opp'n Pl.'s Req. Oral Argument Pl.'s Mot. Prelim. Inj. (Doc. #26) (asserting the same)). TNT has now told the Court across three motions, two additional briefs, and one proposed order that it wants an evidentiary hearing on the preliminary injunction.[2] TNT attempts to justify its redundant filing by assert TNT is concerned about having

---

[2] *See* Motion for Preliminary Injunction and attached proposed order (Docs. #15 and 15-1) (incorporating suggestions, including the request for an oral argument, and submitting proposed order with blank space for Court to set date of evidentiary hearing); Suggestions in Support of Motion for Preliminary Injunction (Doc. #16) (TNT arguing that it will present evidence of harm at an evidentiary hearing); Reply in Support (Doc. #23) (arguing that an evidentiary hearing is required); Request for Oral Argument (Doc. #25) (seeking oral argument to explain its position that a hearing is necessary); Motion to Set Evidentiary Hearing (Doc. #28) (again, requesting an evidentiary hearing).

to await its day in court, but impatience is not a ground for relief from an Order pursuant to rule 60(b).

This represents Torch's third opportunity to explain to the Court why Torch believes forcing the parties to engage in an evidentiary hearing so they can potentially present "live" the same or substantially the same evidence they attached to their respective briefs is unnecessary and uneconomical. For the Court's sake, Torch will resist the urge to do so anew for a third time. Instead, Torch will simply incorporate by reference here its Opposition to Plaintiff's Request for Oral Argument on Plaintiff's Motion for Preliminary Injunction (Doc. #26), where Torch presented its arguments – for the second time (though with the benefit of having seen TNT's reply to Torch's motion to dismiss and its new expert's declaration) – regarding why an evidentiary hearing is unnecessary and certainly not mandatory.

For the reasons set forth above, as well as those explained in Defendants' Memorandum in Opposition to TNT's Motion for Preliminary Injunction (Doc. #21) and Defendants' Opposition to Plaintiff's Request for Oral Argument (Doc. #26), the Court should deny TNT's Motion to Set Evidentiary Hearing.


Dated:  May 26, 2023                        Respectfully submitted,

                                            GRAVES GARRETT LLC,

                                            By:  _/s/ Todd P. Graves_____
                                                 Todd P. Graves #41319 (MO)
                                                 J. Aaron Craig #62041 (MO)
                                                 1100 Main Street, Suite 2700
                                                 Kansas City, MO 64105
                                                 Phone: (816) 256-3181
                                                 Fax: (816) 256-5958
                                                 tgraves@gravesgarrett.com
                                                 acraig@gravesgarrett.com


4

**Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_/s/ Todd P. Graves_____
Attorneys for Defendants Torch
Electronics, LLC, Steven Miltenberger, and
Sondra Miltenberger
