IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-330 JAR |
| | ) | |
| TORCH ELECTRONICS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY IN SUPPORT OF MOTION TO SET EVIDENTIARY HEARING

As the Defendants' own Memorandum in Opposition suggests, Opp. (Doc. #29) at 12, enough ink has already been spilled on the question of whether TNT is entitled to an evidentiary hearing on its Motion for Preliminary Injunction (Doc. #15). *See, e.g.*, Reply (Doc. #20) at § II. The Defendants once again assert that there is no need for any evidentiary hearing, but that issue was already fully briefed as part of TNT's Motion for Preliminary Injunction, and the Court has ordered oral argument on that very topic. *See* Mot. (Doc. #15); Mem. in Supp. (Doc. #16); Mem. in Opp. (Doc. #21); Reply (Doc. #23); Order (Doc. #27).

Despite using the opportunity presented by TNT's Motion to Set Evidentiary Hearing (the "Motion") to reiterate those old arguments, Torch's response does not state any objection to the specific relief requested in the Motion itself: that the Court "set a ***tentative*** date for an evidentiary hearing on its Motion for Preliminary Injunction." Mot. (Doc. #28) at 3 (emphasis added). If, as the Motion noted, the Court does so and then later determines "that [an evidentiary] hearing is not necessary, then it may always vacate any such setting, but setting a tentative date now would help to alleviate the risk of continued irreparable harm to TNT while it awaits its day in court." *Id.*

1

Effectively, all TNT has requested by its Motion is that the Court reserve time on its calendar for a future potential hearing, in case it decides one is merited. The Defendants have failed to explain what prejudice would befall them from the Court setting such a tentative date, and it is frankly difficult to conceive how the Defendants could even possibly be harmed by the Court simply blocking out a few hours on its schedule for a potential future hearing.

Thus, with regret for having to distract the Court's attention with even this short reply, TNT respectfully requests that the Court set a *tentative* date for an evidentiary hearing on its Motion for Preliminary Injunction (Doc. #15).

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Mary Grace Warren*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*
*marygrace.warren@bryancave.com*

*Attorneys for TNT Amusements, Inc.*
*d/b/a Play-Mor Coin-Op*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2023, a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

*/s/ Mary Grace Warren*
MARY GRACE WARREN, #73147MO