IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| TNT AMUSEMENTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00330-JAR |
| ) | |
| TORCH ELECTRONICS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF TNT'S MOTION FOR STATUS CONFERENCE**

COMES NOW Plaintiff TNT Amusements, Inc. ("TNT"), and requests, in light of the continuance of other litigation involving Defendant Torch Electronics, LLC ("Torch") in the Circuit Court of Cole County, that the Court set a status conference for the purpose of selecting a date for an evidentiary hearing on Plaintiff's outstanding Motion for Preliminary Injunction. In support of this Motion, TNT states a follows:

1. TNT filed its Motion for Preliminary Injunction (the "Motion") on April 20, 2023. *See* Mot. (Doc. #15). In its Motion, TNT requested an evidentiary hearing. *See* Mem. (Doc. #16) at 2, 3, 4, 9, 15.

2. On May 1, 2023, Defendants filed their Opposition to TNT's Motion. *See* Mem. in Opp. to Mot. for Preliminary Inj. (Doc #21).

3. TNT replied to Defendant's Opposition on May 5, 2023. *See* Reply in Supp. of Mot. (Doc. #23).

4. On May 8, 2023, TNT filed a Request for Oral Argument with respect to its Motion (the "Request"). *See* Request (Doc. #25).

5. Defendants filed their opposition to the Request the following day. *See* Resp. in Opp. to Mot. for Oral Arg. (Doc. # 26).

6. The Court set an oral argument for June 15, 2023, so that counsel could "present arguments as to whether the Court should hold a preliminary injunction hearing." Order (Doc. #27).

7. On June 1, 2023, TNT filed a Reply in Support of its Request (Doc. #28), to which Defendants filed another opposition. Defs.' Opp. to Mot. (Doc. #29). As noted in TNT's Response to this Opposition, TNT requested the Court set at least a tentative date for an evidentiary hearing. *See* Resp. to Opp. to Mot. (Doc. #30) at 12. Defendants did not state any objection to that specific relief.

8. At the June 15 oral argument, the Court indicated that the purpose of the argument was not as much to determine "if" an evidentiary hearing should be set on TNT's Motion, but "when." TNT argued that an evidentiary hearing should be set as soon as possible, given the continued irreparable harm that was likely to befall TNT if the delay continued. *See* Reply in Supp. of Mot. (Doc. #23) at 11–13; Request (Doc. #28) at 3; Resp. to Opp. to Mot. (Doc. #30) at 1; Mem. in Opp. to Consolidation (Doc. #34) at 1, 6–7, 10–11.

9. Defendants, for their part, asked the Court to forestall the evidentiary hearing until the resolution of Torch's declaratory judgment action in Cole County (the "Cole County Case"), a trial that was then set to begin on August 1, 2023. Defendants argued that a prompt resolution of the Cole County Case could provide guidance to this Court in ruling on TNT's Motion—despite the fact that multiple other Missouri state courts have already determined that the Torch Devices are illegal gambling devices. *See* Mem. (Doc. #16) at 1–2; *see also* Mem. in Opp. to Consolidation (Doc. #34) at 7. TNT opposed the Defendants' request.

10. Following the oral argument, the Court entered an Order granting the parties "seven days to submit briefs on the issue of consolidating preliminary and permanent injunction

proceedings." Order (Doc. #32) at 1. In response, TNT and Defendants each filed their respective responses on June 22, 2023, both opposing a consolidated hearing. *See* Responses in Opp. (Docs. #33–34).

11. Approximately one month later, and only six days before trial in the Cole County Case was set to begin, on July 26, 2023, Defendant Torch moved to continue the Cole County Case's August 1 trial date. *See* **Ex. 1** (Pl.'s Mot. to Cont. in *Torch Electronics, LLC, et al. v. Mo. Dep't of Public Safety, et al.,* 21AS-CC00044).

12. The Court granted Torch's motion on Friday, July 28.[1]

13. As a result of the continuance requested by Torch, the four-day trial for the Cole County Case is now scheduled to begin on October 3, 63 days later than its original August 1 trial date. *See* **Exs. 2**, **3** (news articles reflecting continuance).

14. Torch initiated the Cole County Case in February of 2021, alleging it was affirmatively seeking to establish that its so-called "no chance" gambling machines did not violate Missouri law. Now, in seeking the continuance, Torch attempts to delay judgment on that question for at least 63 more days, more than 29 months since it filed the action.

15. That Torch continues to delay when, presumably, it has in its possession all facts necessary to establish the legality of the so-called "no chance" machines, calls into question whether Torch's effort to delay trial in the Cole County Case is in fact an effort to delay adjudication of TNT's Motion.

16. TNT, meanwhile, filed its Motion 102 days ago. Mot. (Doc. #15).

17. As of the date of this filing, 87 days have passed since TNT's Motion was fully briefed. *See* Mem. in Opp. (Doc. #21); Reply in Supp. Of Mot. (Doc. #23).

---

[1] The order granting the continuance has yet to be uploaded to the online docket, but calls to the Cole County Case's clerk confirmed the order and the new trial date.

18. If the Cole County Case goes forward—and if the parties do not push the trial date further into the fall or winter—it would not be expected to conclude until Friday, October 6, 2023 at the earliest, 154 days after TNT's Motion was fully briefed, and 169 days after it was filed. *See* Mem. in Opp. (Doc. #21); Reply in Supp. of Mot. (Doc. #23).

19. Such a delay would vastly exceed the typical length of time required in this district for a plaintiff to reach a resolution of a motion for preliminary injunction, where the median number of days between filing and resolution is 41. *See* **Ex. 4** (Westlaw summary for preliminary injunctions in the United States District Court for the Eastern District of Missouri, excluding prisoner cases).

20. The Court should schedule a hearing without further delay. Each day that passes without TNT having the opportunity for resolution of its Motion is another day that threatens irreparable harm to TNT.

21. As TNT's complaint indicates, "the amusement devices industry is highly competitive; among other things, there is finite space for such devices to be placed in Amusement Locations. Accordingly, participation in the industry is a zero-sum game: for every device placed by one company, all other competitors have lost a potential business opportunity." Compl. (Doc. #1) at ¶ 20; Mem. in Opp. to Consolidation (Doc. #34) at 7.

22. TNT has suffered additional threats of irreparable harm in the five weeks since the oral argument. These harms includes at least one existing TNT customer's informing TNT it wished to bring the illegal Torch Devices into its businesses, which will have the effect of either displacing current TNT amusement devices or removing TNT's devices altogether.

23. If the Court were to further delay the evidentiary hearing, it would force TNT to suffer continued irreparable harm, including those competitive harms that are presumed by the Lanham Act itself, despite TNT seeking preliminary relief through its Motion.

24. Even if the Cole County Case goes forward on its current schedule, the ruling in the Cole County Case will have no effect on the present litigation, as the principles of *res judicata* establish that a party cannot be bound by a judgment to which they are not a party. *See* Mem. in Opp. to Consolidation (Doc. #34) at 7.

25. Moreover, since TNT is not a party to the Cole County Case, it has no ability to influence whether the trial goes forward on its current schedule, or whether it may be continued to a yet later date.

26. Finally, even if the Cole County Case were to come out in Torch's favor, that decision would represent but one dissenting voice in a chorus of state courts that have already found similar no-chance gaming devices to be illegal. *See* Mem. (Doc. #16) at 1–2; *see also* Mem. in Opp. to Consolidation (Doc. #34) at 8–10.

27. For these reasons, there is even less of a reason now to delay the setting of an evidentiary hearing on TNT's Motion. TNT therefore request that the Court set a status conference in which it can work with the parties to identify the earliest date upon which such a hearing can be held.

WHEREFORE Plaintiff TNT prays that this Court set a status conference to determine a date for an evidentiary hearing on TNT's Motion for Preliminary Injunction, and for such other and further relief as the Court deems just and proper.

Dated: July 31, 2023

Respectfully submitted,

BRYAN CAVE LEIGHTON
PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
richard.finneran@bryancave.com
marygrace.warren@bryancave.com

*Attorneys for TNT Amusements, Inc.
d/b/a Play-Mor Coin-Op*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO