**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT**

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., d/b/a | ) | |
| PLAY-MOR COIN-OP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00330-JAR |
| | ) | |
| TORCH ELECTRONICS, LLC, | ) | |
| STEVEN MILTENBERGER, and | ) | |
| SONDRA MILTENBERGER | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
TNT'S DEMAND FOR A STATUS CONFERENCE**

On June 1, 2023, TNT agreed "enough ink has already been spilled on the question of whether TNT is entitled to an evidentiary hearing on its Motion for Preliminary Injunction." (Doc. #30, p. 1). Yet here we are again. It is difficult to keep track, but TNT's "Motion for Status Conference" (Doc. #35) appears to represent TNT's fifth attempt to spur the Court into granting TNT's request for a preliminary injunction hearing date.

In short, if the Court desires to schedule a status conference, Torch would not object to the Court's decision. However, Torch opposes TNT's practice of repeatedly briefing essentially the same issue in an attempt to prompt the Court into taking action TNT demands. As explained below, Judge Green appears to have found good cause for a brief two-month delay of the Cole Country Action based on the defendants' (not Torch's) untimely discovery conduct. TNT waited 3 years, 4 months, and 25 days to seek an injunction, which should be fatal to TNT's request. But in any event, two more months of waiting hardly seems unduly prejudicial.

1

Undersigned counsel and his firm do not represent Torch in the Cole County case. Regardless, based on the Motion to Continue Trial (TNT's Exhibit 1, Doc. #35-1) and the fact Judge Green apparently found good cause to grant a continuance, TNT's comments regarding Torch's allegedly unreasonable delay are unfounded. Torch's Motion to Continue Trial (TNT's Exhibit 1, Doc. #35-1), stated that basically a week before trial the defendants in the Cole County Action "dumped more than 5,000 pages of previously undisclosed documents on Plaintiffs," there were questions regarding how these documents could have been overlooked during discovery and prior to depositions of key witnesses, and additional discovery may be required. (*Id*. at 2). The defendants and intervenor in the Cole County Action also apparently attempted to disclose four new experts for the first time roughly a week before trial. (*Id.* at 2-3). Judge Green, who held a hearing on the issue, believed these circumstances warranted the continuance and Torch's request was not an unwarranted delay tactic. As it currently stands, trial in the Cole County Action is now scheduled to begin October 3, 2023. A 63-day continuance prior to trial is not particularly unusual or shocking in litigation generally, never mind the extenuating circumstances described above. It also does not materially alter the parties' respective positions in this case.

TNT points out the Cole County Action is scheduled to conclude approximately 154 days after TNT's Motion for Preliminary Injunction was fully briefed and argues that if the Court were to delay an evidentiary hearing on TNT's preliminary injunction until after the trial the "delay would vastly exceed the typical length of time required in this district for a plaintiff to reach a resolution" for such a motion. (Doc. #35, ¶¶ 18-19). In support of the argument, TNT points to a Westlaw printout of timing for disposition of preliminary injunction motions in the Eastern District. (TNT's Exhibit 4, Doc. #35-4). While the Westlaw report suggests the median time to disposition is 41 days, the Report shows numerous dispositions that occurred around or well after

2

the 150-day mark. (*Id*. at 3). Rather than support TNT's position, TNT's Westlaw report demonstrates the Court has a high degree of discretion in this area and there are numerous examples of delays in the District well beyond the 150-day mark TNT complains about.

Torch – which operates in over 100 Missouri counties while TNT complains of alleged disruption in 12 locations in a small geographical portion of the State – filed a declaratory judgment action in February of 2021, long before this case was filed. Torch did so for the express purpose of having a state court determine the legal status of Torch's amusement devices under Missouri state law. As Torch explained in Footnote 1 to Defendants' Position Brief Regarding a Prospective Consolidation of Preliminary and Permanent Injunctive Relief Proceedings (Doc. #33), Torch named the Missouri Department of Public Safety, the Missouri State Highway Patrol, and the Missouri Division of Alcohol and Crime Control as defendants in the Cole County case. The Missouri Gaming Association was allowed to intervene and assert counterclaims against Torch. The Missouri Gaming Commission, whose rulemaking authority is legislatively limited to regulating only riverboat casinos and, after June 30, 1994, the game of bingo at bingo halls, was not named as a defendant originally (because Torch devices are not located in casinos nor do they allow for the play of bingo in bingo halls), and the Missouri Gaming Commission never attempted to intervene in the Cole County action. *See* RSMo. §313.004.1 and .4.

The relevant agencies and divisions of the State of Missouri are actively litigating the first-filed Cole County Action. The District Court for Cole County found good cause for a brief continuance (based on the defendants/intervener's conduct, not Torch's), but the Cole Country Action is still scheduled for trial soon. If the Court is not inclined to deny TNT's Motion for

Preliminary Injunction based on the parties' extensive briefing, it continues to make sense for the Court to abstain or delay further action pending resolution of the Cole County Action.[1]

Torch continues to believe TNT's Motion is facially meritless and should be denied. TNT waited 3 years, 4 months, and 25 days after filing its very similar 2019 Crawford County Case against Torch to file its emergency motion for preliminary relief. As Torch has pointed out and TNT has been forced to essentially admit, there is not a known example of a federal district court granting the extraordinary relief of preliminary injunction in the face of such a delay. Standing alone, this should be fatal to TNT's Motion for Preliminary Injunction.

In addition to TNT's clearly established multi-year-long delay in seeking a preliminary injunction, TNT's Memorandum in Opposition to Consolidation of Preliminary Injunction Hearing with Trial on the Merits (Doc. #34) offers further reason to deny TNT's request for preliminary injunction. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500 (1959). TNT must establish "that remedies available at law, such as monetary damage, are inadequate to compensate for" the alleged injury. *Waters v. Ricketts*, 159 F. Supp. 3d 992, 998 (D. Neb. 2016) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (internal quotes omitted)). TNT alleges harm related to a small number of easily identified locations, 12 locations according to TNT to be exact. (*See* Doc. #23-3). TNT is quick to rely on the Lanham

---

[1] Contrary to TNT's unfounded claim that even if the Cole County Action results in a favorable decision for Torch it will "represent but one dissenting voice in a chorus of state courts that have already found similar no-chance gaming devices to be illegal," TNT has not and cannot show there is a *single* court in the State of Missouri that has previously declared *Torch's* devices are illegal as they are specifically designed and operate. Accordingly, while a decision in Torch's favor in the Cole County Action would be persuasive, as opposed to mandatory, authority vis-à-vis this Court until affirmed by the Missouri Supreme Court, it would, in fact, represent the first and only decision by a Missouri court on the issue.

Act's presumption of harm (while ignoring it is a rebuttable presumption that many courts have noted is overcome when the movant unreasonably delayed in seeking such relief, as is clearly the case here) to insinuate TNT is subject to incalculable harms that can only be remedied through extraordinary emergency equitable injunctive relief. Yet, TNT has (a) specifically identified the alleged locations and harm at issue; (2) objected to consolidation because TNT demands the right to have "a jury decide[] its legal claims"[2]; and (3) has failed to explain why it is impossible for TNT to calculate the sum of its alleged legal damages related to the alleged removal of 19 TNT devices from 12 retail locations (something often done in a retrospective and prospective manner by experts based on an analysis of historical income and alleged lost profits).[3]

TNT wants to have its cake and eat it too. TNT's decision not to seek any form of equitable injunctive relief against Torch in the more than three years it had similar state-law-based competition claims pending against Torch is entirely antithetical to its current claims of immediate and irreparable harm. And Torch has adequate legal remedies it is keen to litigate. TNT's Motion for Preliminary Injunction should be denied, which would allow the parties to litigate their disputes in the normal course and render current issues regarding the Cole County Action moot. However, short of denying TNT's Motion, delaying further action on TNT's Motion pending the Cole County Action outcome continues to make sense from a federal/state separation of powers, abstention, economic, and fairness standpoint. TNT waited 3 years, 4 months, and 25 days to seek an injunction. Two more months is not unduly prejudicial.

---

[2] (Doc. #34, p. 5).
[3] (*Id.*).

5

## **CONCLUSION**

For the reasons set forth above, Torch opposes TNT's Motion for Status Conference. Torch requests the Court deny TNT's request, deny TNT's Motion for Preliminary Injunction, and issue any other relief the Court deems just and proper.

Dated:  August 4th, 2023                    Respectfully submitted,

                                                   GRAVES GARRETT LLC,

                                                   By:  _/s/ J. Aaron Craig_
                                                      Todd P. Graves #41319 (MO)
                                                      J. Aaron Craig #62041 (MO)
                                                     1100 Main Street, Suite 2700
                                                     Kansas City, MO 64105
                                                      Phone: (816) 256-3181
                                                      Fax: (816) 256-5958
                                                      tgraves@gravesgarrett.com
                                                      acraig@gravesgarrett.com

                                                      **Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4th, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

         _/s/  J. Aaron Craig_ _____
Attorneys for Defendants Torch
Electronics, LLC, Steven Miltenberger, and
Sondra Miltenberger