UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TNT AMUSEMENTS, INC., ) <br> d/b/a PLAY-MOR COIN-OP, ) <br>   ) <br>  Plaintiff, ) <br>   ) <br>  v. ) <br>   ) <br> TORCH ELECTRONICS, LLC, *et al.*, ) <br>   ) <br>  Defendants. ) | Case No. 4:23CV330 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on the issue regarding consolidation of Plaintiff's injunctive relief proceedings. For the reasons set forth below, the Court will consolidate the preliminary injunction proceedings with the trial on the merits in this case.

On June 15, 2023, the Court heard oral arguments on Plaintiff's Motion for Hearing to determine issues related to a hearing on Plaintiff's Motion for Preliminary Injunction [ECF No. 15]. The parties indicated at the hearing that regardless of the outcome of the ruling on Plaintiff's Motion, the non-prevailing side will file an appeal. The Court ordered the parties to submit briefs on the issue of consolidating the hearing proceedings. The parties filed their respective memoranda on June 22, 2023, both opposing the consolidation due to concerns about their right to jury trial. The Court recognizes the parties are entitled to a trial and never intended to deprive them of a trial on the merits. The Court will preserve the parties' respective right to a jury trial and address these matters pursuant to the proper governing rules. Federal Rule of Civil Procedure 65(a)(2) allows the Court to consolidate the preliminary injunction proceedings with the trial on the merits, and it intends to do so in this case.

Before or after beginning the hearing on a motion for a preliminary injunction, the court

> may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial become part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

Fed. R. Civ. P. 65(a)(2).

It is well-established in the Eighth Circuit that district courts have discretion to combine the hearing on a motion for preliminary injunction with the trial on the merits under Federal Rule of Civil Procedure 65(a)(2). *West Publ'g Co. v. Mead Data Central, Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986), *cert. denied,* 479 U.S. 1070 (1987) (finding "this procedure is a good one, and we wish to encourage it."). Consolidation under Rule 65 saves time and conserves judicial resources at both the trial and appellate courts. *See Id.* A district court should only consolidate a hearing on a preliminary injunction with a trial on the merits when it gives the parties clear notice of its intent to do so, which this Court has done in this case. *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1358 (8th Cir.), *cert. denied*, 444 U.S. 838 (1979). "The standard for granting a permanent injunction is essentially the same as for a preliminary injunction, except that to obtain a permanent injunction the movant must attain success on the merits." *Bank One, Utah v. Guttau,* 190 F.3d 844, 847 (8th Cir. 1999) (citing *Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 546 n. 12 (1987)). Equitable matters and issues of fact can be tried together, and the factual determinations of the jury can be applied to legal issues. *See W. Forms, Inc. v. Pickell*, 308 F.3d 930, 934 (8th Cir. 2002) (affirming district court's use of Federal Rule of Civil Procedure 65 by consolidating preliminary injunction hearing with permanent injunction hearing, finding no deprivation of jury trial right if the district court decided the issues as a matter of law).

Plaintiff also raised concerns about timing, arguing it will continue to be harmed by

2

Defendants' alleged actions without injunctive relief and a preliminary injunction hearing is necessary. However, as Defendants pointed out at the hearing, this alleged harm is not new and has been ongoing for at least two years, so Plaintiff cannot establish a threat of immediate irreparable harm that warrants granting extraordinary preliminary injunctive relief. The Court will alleviate Plaintiff's timing concerns by expediting the trial and ordering the parties to submit a Joint Scheduling Plan under Track 1 (Expedited). This will allow the parties to develop the evidence and make a complete record at the trial.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to Federal Rule of Civil Procedure 65(a)(2), the preliminary injunction proceedings in this case are consolidated with the trial on the merits.

**IT IS FURTHER ORDERED** that the parties meet and confer to submit a Joint Scheduling Plan under Track 1 (Expedited) within seven (7) days from the date of this Order. If the parties are unable to agree, each side may file its own proposed scheduling plan for the Court's consideration.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling on Setting of Status Conference [ECF No. 35] is **DENIED as moot** in light of this Order.

Dated this 24th day of August, 2023.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**