IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., d/b/a PLAY-MOR COIN-OP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:23-cv-00330-JAR |
| TORCH ELECTRONICS, LLC, STEVEN MILTENBERGER, and SONDRA MILTENBERGER | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR PROPOSED SCHEDULING ORDER

Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger (collectively "Torch") submit this Memorandum in Support of Their Proposed Scheduling Order per the Court's August 24, 2023 Order regarding scheduling. The undersigned counsel for Torch verifies counsel for the parties met and conferred via telephone on August 30, 2023, and (via email) August 31, 2023, and exchanged their respective proposed scheduling orders in an attempt to find a mutually agreeable schedule. Despite a good faith effort, the parties were unable to find common ground. Accordingly, pursuant to the Court's Order, Torch attaches as **Exhibit A** to this Memorandum Torch's proposed scheduling plan for the Court's consideration.

The following facts are not in dispute. First, 162 days (5 months and 9 days) elapsed between the date TNT filed its Complaint and the date of the Court's August 24, 2023 Order assigning this case to Track 1; second, the Federal Rules of Civil Procedure have prevented either party from engaging in discovery through the present (there has been no Rule 26(f) conference); third, Torch has not yet had an opportunity to file an Answer or assert counterclaims in its

1

responsive pleading[1]; and fourth, the Court has now effectively denied TNT's request for emergency preliminary injunctive relief and agreed the parties are entitled to a full and fair opportunity to proceed to discovery and trial on the merits of both claims for legal damages and injunctive relief. Despite the slow start, lack of any discovery exchanged to date, and complex posture of the case, TNT has taken the position the Court's "Track 1" designation forces the parties to set a trial date in just six months. TNT urges the Court to require the parties to close the pleadings, engage in full and fair written discovery specific to TNT's civil RICO claims, TNT's Lanham Act claim, and Torch's planned, but not yet pled[2], counterclaims, retain experts on both damages and liability issues for any claims that survive additional motion practice, depose fact witnesses, exchange expert reports and depose those experts **in a 2 month, 16 day window of time**. (*See, e.g.*, TNT's Proposed Scheduling Order sent to counsel for Torch at 2:35 am this morning, a true and correct copy of which is attached as **Exhibit B**) (proposing September 15, 2023, as the Rule 26(f) conference date and December 1, 2023, for the close of all discovery). As counsel for Torch attempted to explain, a mere 77 days within which to accomplish the above *minimum* tasks is so abbreviated and expedited that it is not only untenable and unreasonable, but it risks the undersigned counsel's ability to adequately and ethically defend this case.

There are too many examples of one-sided unfairness in TNT's proposed scheduling order to state them all here. But Torch will highlight a few. As a starting point, assuming the parties have all written discovery requests served on September 15, 2023, 30 days pass before the parties have responses. Given the ordinary course of practice, the parties likely will wait additional time to receive an actual production of responsive documents. The parties will then need several days to

---

[1] Torch's Partial Motion to Dismiss TNT's civil RICO claims was fully briefed on May 5, 2023 (3 month, 26 days ago).
[2] These counterclaims, again, have not yet been pled given Torch's pending Motion to Dismiss.

review the production to determine its adequacy, assess whether to seek relief, and ascertain whether it is complete. And if the parties have to engage in even a single discovery dispute, the proposed deadline of December 1, 2023, comes and goes before there has even been a full and fair opportunity to engage in <u>one round</u> of *written* discovery – let alone provide relevant information from written discovery responses to damages experts to allow the experts sufficient time to analyze the information and form cogent opinions.

As another example, TNT proposes any expert reports on damages must be mutually exchanged by November 6, 2023. That is **1 month and 22 days from TNT's Rule 26(f) conference date**. As a threshold issue, Torch objects to TNT's request for *mutual* disclosures of damages experts. That is not the typical practice in federal court, and for good reason – TNT (or the party claiming damages) needs to tell the defending party what damages are sought and the basis for those damages to allow Torch and its experts to challenge the same. TNT is alleging future monetary damages, which will require some sort of expert calculation based on historical financial data. Based on TNT's proposal, Torch's expert is presumably supposed to guess at the myriad of ways TNT's damages expert might calculate future lost profits and, lacking sufficient time in the proposed schedule, blindly fire rebuttal opinions in the dark. Such a proposal is clearly unfairly prejudicial to Torch (a recurring theme in TNT's proposed scheduling order).

Similarly unworkable is TNT's proposal that "Plaintiff shall designate any expert witness it intends to call at trial on or before **Wednesday, September 6, 2023**." (Exhibit B, ¶ 8). That is six days from today and includes a weekend and a federal holiday. This proposed schedule does not account for the situation where Torch's Motion to Dismiss is decided and Torch becomes a counterclaim "Plaintiff." TNT further unworkably proposes that "Defendants shall designate any expert witness they intend to call at trial on or before **Wednesday, September 20, 2023**." (*Id.*).

3

That is 20 days from today. Torch does not yet even know if it will have to defend against a complex civil RICO claim, which might necessitate retaining an expert to specifically address the many nuances involved in such a claim. Likewise, if the Court grants Torch's Motion and dismisses TNT's civil RICO claim, TNT will need to have additional time to file an amended complaint (TNT proposes 14 days for this in its proposed schedule), and, pursuant to Fed. R. Civ. P. 15(a)(3), Torch would have 14 days to file an Answer and assert any counterclaims. That scenario would mean the pleadings are not closed for another 29 days even if an order is issued tomorrow. It is unclear under TNT's proposal what then becomes of the expert disclosures and deadlines TNT proposes.

      TNT made clear in its objection to the Court's consolidation proposal it wants a jury trial and an award of substantial money damages for alleged civil RICO and Lanham Act violations (past, present, and future), claims that are rarely considered non-complex or simple. Torch respects the Court's recent decision to move the case at a more rapid pace, but Torch must be given a full and fair opportunity to defend itself against those claims as the ends of justice require. Torch also intends to file a counterclaim, and Torch, of course, must be given an opportunity to engage in full and fair discovery into those claims (and TNT given a full and fair opportunity to defend itself). That is an impossibility if the Court accepts TNT's proposed schedule.

      Beyond just the simple calculation of days between TNT's proposed deadlines, the seasonality of the discovery window is also problematic. As the Court is aware, scheduling fact and expert witnesses around fall vacations and holidays is challenging. Undersigned counsel also has had a nine-day international family trip scheduled in November 2023 for quite some time, and he would like to keep it. As explained above, TNT's proposed schedule is untenable regardless, but these practical considerations should be factored into any eventual scheduling order to help

avoid future requests for extensions (and help preserve the obligations of the attorneys tasked with ethically and competently litigating their clients' disputes).

While the question of whether Torch's devices fit within the definition of "gambling device" under Missouri law is relatively straightforward, that is now only a small fraction of the work Torch must undertake to defend itself here. According to TNT's filings (*see, e.g.*, Doc. #23-3, p. 2), TNT is claiming monetary damages going back to at least August 17, 2018. That is five years' worth of claimed past damages. Torch and its experts will not only have to engage in discovery into TNT's business to sort out its damages for that period, but Torch will also need discovery into TNT's business on a pre-alleged-harm historical basis to allow its damages expert to verify or rebut TNT's claims of past, present, and future harm. Such complex damages-related discovery is time-intensive; plaintiffs often resist voluntarily turning over books showing historical profits and losses. That leads to time spent litigating motions to compel discovery, which all too often leads to yet another trip to the court when information begrudgingly produced gives rise to further lines of relevant evidence and inquiry that draw still further objections. There is no reasonable basis for concluding this type of written discovery and production work can be completed in just 77 days (i.e., by December 1, 2023), let alone that within that same truncated timeframe the parties can complete depositions of fact and expert witnesses or draft onerous expert reports sufficient to withstand *Daubert* scrutiny.

All of the above work would be very difficult to complete in six months of discovery, but that is exactly what Torch offered to TNT in a good faith effort to reach a compromise. (*See* Torch's compromised proposal to TNT's counsel and emails between counsel regarding the same, true and correct copies of which are attached as **Exhibit C**). That offer was rejected.

5

As the Court noted in its September 24, 2023 Order, TNT failed to "establish a threat of immediate irreparable harm that warrants granting extraordinary preliminary injunctive relief" and TNT must now wait until after the trial for a decision on its request for injunctive relief. (Doc. #38 at p. 3). The Court also stated it "recognizes the parties are entitled to a trial and never intended to deprive them of a trial on the merits." (*Id*. at p. 1). Torch assumes the Court also does not intend to deprive Torch of its right to engage in full and fair discovery on TNT's non-trivial claims for large sums of money and Torch's counterclaims before a trial on the merits. But that is exactly what TNT's proposed schedule would do.

Torch understands Local Rule 5.01 states Track 1 expedited cases "are expected to be concluded within 12 months of filing, with minimal judicial involvement." But TNT's attempt to use that "12 month of filing" language as a club to fend off Torch's right to engage in meaningful discovery violates notions of fundamental fairness, due process, and the spirit of the Local Rules. The case cannot proceed to trial on March 18, 2024 with a 2 month and 16-day discovery window and still provide the parties with a full and fair trial on the merits. It is also unreasonable to believe the parties will require only minimal judicial involvement going forward. The pleadings are not yet closed. When Torch Answers and asserts counterclaims, TNT may still file a motion to dismiss, pushing the date the parties have their pleadings closed out further still.

Torch acknowledges and respects the Court's broad discretion to shape the schedule and respectfully submits the Court do so in a manner that is fair to both parties. To that end, Torch requests the Court maintain the Track 1 schedule as ordered and mark the start of the 12-month Track 1 schedule from September 24, 2023 (i.e., the date of the Court's Order first designating this case for an expedited track). Torch's proposed scheduling order (Torch's Exhibit A) offers dates consistent with that request. Doing so takes into account the current status of the case, which

6

despite five months of litigating TNT's request for a preliminary injunction, has not yet reached its infancy from a pleading or discovery standpoint.

Torch's proposed schedule allows both parties sufficient time to engage in meaningful discovery and protect their respective client's interests while ensuring fairness and mitigating future requests for extensions that would place the trial setting in jeopardy.

### **CONCLUSION**

For the reasons set forth above, Torch asks the Court to adopt Torch's Proposed Scheduling Plan, attached as Torch's **Exhibit A**, and issue any other relief the Court deems just and proper.

Dated:  August 31, 2023  Respectfully submitted,

GRAVES GARRETT LLC,

By:  */s/ J. Aaron Craig*
      Todd P. Graves #41319 (MO)
      J. Aaron Craig #62041 (MO)
      1100 Main Street, Suite 2700
      Kansas City, MO 64105
      Phone: (816) 256-3181
      Fax: (816) 256-5958
      tgraves@gravesgarrett.com
      acraig@gravesgarrett.com

      **Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger**

## CERTIFICATE OF SERVICE

       I hereby certify that on August 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                                /s/ *J. Aaron Craig*
                                                     Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger