UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TNT AMUSEMENTS, INC., <br> d/b/a PLAY-MOR COIN-OP, <br><br> Plaintiff, <br><br> v. <br><br> TORCH ELECTRONICS, LLC, et al., <br><br> Defendants | Civil Action No. 4:23-cv-330 |

**PLAINTIFF TNT'S RESPONSE TO DEFENDANTS'
MEMORANDUM IN SUPPORT OF PROPOSED SCHEDULING ORDER**

Although it is styled as a "Memorandum in Support" of their proposed scheduling order (Doc. #40) (the "Memorandum"), the Defendants' Memorandum is in effect a motion for reconsideration of this Court's August 24, 2023 order, which designated this matter as a Track 1 case. Order (Doc. #38) at 3 ("ordering the parties to submit a Joint Scheduling Plan under Track 1 (Expedited)"). Following this Court's Order, TNT's counsel met and conferred with the Defendants' counsel in the hopes of agreeing upon a Joint Scheduling Plan that adhered to that Track 1 designation, which provides that the matter is "expected to conclude within 12 months of filing." E.D. Mo. Local R. 5.01. That rule would call for a trial no later than March 2024. But as the correspondence that the Defendants attach to their Memorandum reflects, the Defendants were unwilling to agree to any proposal that met the requirements of this Court's Order. *See* August 31, 2023 Email (Doc. #40-3) at 1. Instead, they now ask this Court to extend its prior designation by at least eight weeks. *See* Defs.' Proposed Scheduling Plan ("Defs.'s Plan") (Doc #40-1). This Court should decline the Defendants' request to reconsider its Order.

1

Despite their unwillingness to agree to any proposal that adhered to the requirement of this Court's Order, the Defendants attempt to reframe TNT's compliance with the Court's Track 1 designation as TNT's unfairly "forcing" Defendants to try the case on an expedited basis. *See* Mem. (Doc. #40) at 2. In so doing, they attack TNT's original draft proposed schedule, ignoring changes that TNT made to the final proposed schedule it filed, precisely to address concerns raised by the Defendants during their meet-and-confer.

After meeting with the Defendants' counsel on August 30, TNT considered the Defendants' concerns about timing and adjusted the proposed dates accordingly. Those adjustments are evidenced in the disparity between what the Defendants claim TNT's scheduling plan requests and it actually requests. Namely, TNT extended the deadlines in its final proposed plan from its initial draft plan for the following dates: (1) September 18 to September 29 for the parties to file a motion to add parties, (2) September 6 to October 9 for designation of expert witnesses, (3) September 20 to November 6 for rebuttal witnesses, (4) October 4 to November 6 for the designation of expert witnesses on the subject of damages, and (5) September 15 to September 22 for the Rule 26(f) conference. *See* Pl.'s Plan (Doc. #39) 1–2. If anything, TNT has been overly accommodating of the Defendants' concerns by unilaterally adjusting its proposed dates without any agreement from the Defendants even to a trial date within the time required by this Court's Order.

The correspondence attached to the Defendants' Memorandum further illustrates TNT's good faith efforts to achieve an agreement with the Defendants' counsel that would have obviated the need for opposing scheduling plans. When sharing its initial draft plan after the parties' meet-and-confer, TNT's counsel explained its intent to adhere to the Court's Order and suggested the parties hold a second call to find common ground. *See* August 31, 2023 Email (Doc. #40-3) at 2 ("[A]s we discussed, I'm attaching a proposed schedule that adheres to the Court's Track 1

2

placement . . . If you think there is a possibility of reaching common ground on any of the dates in our proposal, or that it is at least worth discussing, please let me know as soon as you can."). The Defendants rejected this opportunity. *See id*. at 1.

The Defendants also complain that some discovery may have to be conducted during "fall vacations and holidays." *See* Mem. (Doc. #40) at 4. Surely the Court was aware of that concern at the time it issued its Track 1 designation and is by no means grounds for this Court to reconsider its order. Likewise, although the Defendants complain about the compressed discovery calendar proposed by TNT, that calendar is simply a natural outgrowth of TNT proposing a trial date within the requirements of this Court's Order.

As this Court is well aware, TNT and the Defendants both objected to this Court's consolidation of the preliminary injunction and trial in this case. TNT had hoped to present its case promptly after the Defendants' appearance in the case and obtain preliminary relief to avoid the risk of continued irreparable harm while this case was litigated. Although TNT remains concerned that even a Track 1 placement may be insufficient to prevent such harm while TNT awaits its day in court, TNT is prepared to accept this Court's ruling. It appears the Defendants are not.

TNT respectfully requests that the Court enter a proposed scheduling order that adheres to the Track 1 placement reflected in its Order (Doc. #38). If, however, the Court is inclined to reconsider its Order, then TNT respectfully renews its request that the Court set a preliminary injunction hearing without delay. *See* Mem. (Doc. #40) at 5 (acknowledging that "the question of whether Torch's devices fit within the definition of "gambling device" under Missouri law is relatively straightforward").

    Respectfully submitted,

    BRYAN CAVE LEIGHTON PAISNER LLP

3

By: /s/ *Richard E. Finneran*
Richard E. Finneran, # 60768
Mary Grace Warren # 73147
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
richard.finneran@bryancave.com
marygrace.warren@bryancave.com

*Attorneys for TNT Amusements, Inc.*
*d/b/a Play-Mo Coin-Op*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 5, 2023, the foregoing was served via the Court's electronic filing system upon all counsel of record.

/s/ *Richard E. Finneran*