IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| TNT AMUSEMENTS, INC., d/b/a PLAY-MOR COIN-OP, <br><br>  Plaintiff, <br><br> v. <br><br> TORCH ELECTRONICS, LLC, STEVEN MILTENBERGER, and SONDRA MILTENBERGER <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 4:23-cv-00330-JAR |

**DEFENDANTS' REPLY IN SUPPORT OF**
**THEIR PROPOSED SCHEDULING ORDER**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). TNT's proposed scheduling plan, as well as TNT's response to Torch's scheduling plan, demonstrates TNT is not interested in allowing the parties to engage in full and fair discovery of relevant facts. TNT would clearly rather engage in an unfair trial by ambush where Torch is forced to defend itself from civil RICO and Lanham Act claims for significant past, present, and future damages with essentially no discovery regarding damages and no ability to engage in meaningful expert witness preparation.

TNT had an opportunity to explain to the Court why its proposed scheduling plan should be accepted and how the parties could fairly litigate their claims based on the dates TNT proposed. TNT failed to do so in its own submission. TNT then chose to file a response to Torch's proposed scheduling plan and again failed explain how its proposed plan makes sense. Even worse, TNT's response fails to address the very real and prejudicial problems Torch ported out as inherent in TNT's proposed scheduling plan. As Torch pointed out, TNT's plan is illogical and completely

untenable. Rather than justify its proposed roughly two-month discovery period, TNT's excuse for its untenable discovery plan is that the Court used the words "Track 1," so the Court must have intended to disallow Torch from engaging in litigation tasks like filing an Answer, affirmative defenses, and counterclaims or engaging in meaningful discovery into TNT's claims for substantial legal damages and liability. Torch assumes that was not the Court's intent. Torch respects the Court's desire to move the case along, and there is a viable pathway to doing so in a manner than also preserves both parties' procedural and due process rights to full and fair discovery, which is a prerequisite for a full and fair trial on the merits. Again, Torch has not even Answered in this case. TNT failed to address the additional scheduling problems that will undoubtedly arise when Torch Answers and asserts new counterclaims against TNT.

TNT simply wishes to capitalize on convenient language in the Court's recent order to preclude Torch from defending itself and prosecuting counterclaims against TNT. TNT bears the burden of proving its claims. Torch must be allowed a full and fair opportunity to defend itself and prosecute its counterclaims. That requires a full and fair opportunity to engage in meaningful written, deposition, and expert discovery.

Torch has submitted a proposed scheduling plan that is expedited yet fair. Torch has explained the myriad of reasons TNT's proposed scheduling plan is irrational and patently unfair. Torch asks that the Court enter a scheduling order consistent with Torch's proposed scheduling plan.

Dated: September 6, 2023                Respectfully submitted,

                                                    GRAVES GARRETT LLC,

                                                    By:  /s/ J. Aaron Craig
                                                        Todd P. Graves #41319 (MO)

J. Aaron Craig #62041 (MO)  
1100 Main Street, Suite 2700  
Kansas City, MO 64105  
Phone: (816) 256-3181  
Fax: (816) 256-5958  
tgraves@gravesgarrett.com  
acraig@gravesgarrett.com  

**Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                                                      */s/ J. Aaron Craig*
                                                            Attorney for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger