## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., | ) | |
| d/b/a PLAY-MOR COIN-OP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23CV330 JAR |
| | ) | |
| TORCH ELECTRONICS, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER – TRACK 1: EXPEDITED

This matter is before the Court regarding the proposed scheduling plans filed by the parties. The Court previously indicated it intends to schedule this case on Track 1 (Expedited). Because the parties could not agree on a joint scheduling plan after they met and conferred, both sides filed their respective proposed scheduling plan. Defendants argued Plaintiff's scheduling plan is too expedited and requested additional time to file its answer or assert counterclaims in its responsive pleading, which the Court allowed. Defendants filed their answer and counterclaims on September 13, 2023 [ECF No. 44]. After review and consideration of Defendant's answer and counterclaims, the Court will order this case to be assigned to Track 1 (Expedited). The Court finds an expedited schedule is necessary in this case for the reasons set forth in Plaintiff's proposed scheduling plan [ECF No. 39], especially considering the long timeframe the parties have been indirectly litigating, or otherwise involved in, the issues closely related to this case. The Court will extend Plaintiff's proposed scheduling deadlines as it deems appropriate.

Accordingly,

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:[1]

## I.   SCHEDULING PLAN

1. **Track**: This case has been assigned to **Track 1 (Expedited)**.

2. **Amendment/Joinder**: Amendment of pleadings and joinder of parties shall be filed no later than **October 27, 2023**.

3. **Disclosures**: Disclosure shall proceed in the following manner:

    a. The parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **October 16, 2023**.

        i. The Court will not consider general discovery objections.  All objections to written discovery must be stated with specificity.  *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B). For document production, an objection must state whether any responsive materials are being withheld on the basis of the objection.  *See* Fed. R. Civ. P. 34(b)(2)(C).

        ii. For assertions of privilege or work product, for each item of information or document withheld from production in response to a written discovery request, the withholding party must serve a privilege log on opposing counsel.  *See* Fed. R. Civ. P. 26(b)(5)(A). The privilege log must be served simultaneously with the response to the written discovery request in which the assertion of privilege or work product is made.

    b. The parties shall disclose all expert witnesses, including expert witnesses for rebuttal or on the issue of damages, and provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **November 6, 2023**, and shall make such expert witnesses available for depositions, and have depositions completed, no later than **December 18, 2023.**

    c. Expert witnesses who are not retained or specially employed to provide expert testimony, such as treating health care providers, are not required to prepare reports or provide other information required by Fed. R. Civ. P. 26(a)(2)(B).  Where such an expert will testify as a fact witness and provide expert testimony, the offering party must identify the witness under Fed. R. Civ. P. 26(a)(2)(A) and provide the disclosure required under Fed. R. Civ. P. 26(a)(2)(C). The Fed. R. Civ. P.

---

[1] The Court's standard case management order has been substantially modified and counsel should read it carefully. Counsel should refer to the Court's website, http://www.moed.uscourts.gov, for the Local Rules, CM/ECF Procedures Manual, Daily Docket, Forms, Courtroom Technology, Jury Plan, and Judge's Contact Information and Requirements, https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/JAR.pdf

26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

d. The presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply.

e. The parties shall complete <u>all discovery</u> in this case no later than **January 2, 2024**.

f. Any motion to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4. **<u>ADR</u>**: This matter shall be referred to mediation no later than **November 1, 2023**, and that reference shall terminate on **December 31, 2023**. If the parties believe that ADR will not be productive, they can so indicate in writing.

5. **<u>Dispositive Motions</u>**: Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), or *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), shall be filed no later than **January 12, 2024.**

a. Briefing shall be governed by Local Rule 4.01, except for the extended deadlines as agreed upon by the parties.

b. **A courtesy copy (including exhibits) for summary judgment motions and motions made under *Daubert* shall be submitted to chambers either by mail or hand delivery. Courtesy copies must be printed on one side of the page only.**

c. The filing of a motion (including a discovery motion, motion for summary judgment, motion to dismiss, etc.) does not excuse the parties or their counsel from fully complying with this Order.

## II. ORDER RELATING TO TRIAL

This action is set for a **<u>JURY</u>** trial on **<u>Monday, April 15, 2024 at 9:00 a.m</u>**. This is a **<u>2-week docket</u>**, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours' notice.

**Unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire, if applicable).

2. **Witnesses:**

   a. Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

   b. Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

   a. Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

   b. Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

   c. Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing by the time of the final pretrial conference may be considered waived.

4

4.  **Depositions, Interrogatory Answers, and Request for Admissions**:

    a.  Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. Before the time of the final pretrial conference, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

    b.  Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5.  **Motions in Limine**:  Parties shall file all motions in limine to exclude evidence **at least ten (10) days before the pretrial conference.** The Court will not consider any motion in limine unless it contains a statement that the movant's counsel has conferred *in person or by telephone* with opposing counsel in a good faith effort to resolve the dispute presented by the motion.  Opposition to a motion in limine must be filed no later than five (5) days after the motion in limine is served.

6.  **Jury Instructions** (if applicable): **At least ten (10) days prior to trial**, each party shall submit to the Court and to opposing counsel any written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of the opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

7.  **Trial Brief:** At least five (5) days prior to trial, submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

8.  **Pretrial Compliance Materials**: The parties shall mail or hand-deliver to chambers a courtesy copy of all pretrial compliance materials, including motions in limine, at least one

day prior to the Final Pretrial Conference. Courtesy copies must be printed on one side of the page only.

9. **Final Pretrial Conference:**  A final pretrial conference is scheduled for **Thursday, April 11, 2024 at 1:30 P.M.** in the courtroom of the undersigned.

Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of evidence. *See* Local Rule 5.04.

Dated this 27th day of September, 2023.


**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**