IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., d/b/a PLAY-MOR COIN-OP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:23-cv-00330-JAR |
| TORCH ELECTRONICS, LLC, STEVEN MILTENBERGER, and SONDRA MILTENBERGER | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

### TNT AMUSEMENT, INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

TNT Amusement, Inc. ("TNT") answers Defendants' Counterclaims (Doc. #44) as follows. TNT denies each allegation in Defendants' Answer and Counterclaims that is not specifically admitted herein. Per this Court's September 27, 2023 Scheduling Order, TNT reserves the right to move to dismiss any of the Counterclaims answered herein or before January 12, 2024.

### Background

1.  Denied.

2.  Denied.

3.  Denied.

4.  Denied.

5.  Denied.

### Parties and Jurisdiction

6.  Admitted.

7.  Admitted.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied.

15.     Admitted.

**Facts Generally Applicable to All Claims**

16.     TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

17.     TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

18.     TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

19.     Denied.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.    Admitted.

25.    Denied.

26.    Admitted.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    TNT lacks information sufficient to assess the veracity of the allegations in this paragraph, and therefore the paragraph is denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

37.    Denied.

38.    TNT admits Torch Electronics, LLC ("Torch") is a competitor of TNT. TNT denies the remaining allegations contained in this paragraph.

39.    Denied.

40.    TNT admits MGA is a statewide association. TNT denies the remaining allegations contained in this paragraph.

41.    Denied.

42.     Denied.

43.     TNT admits that Torch devices are illegal gambling devices under Missouri law. TNT denies the remaining allegations contained in this paragraph.

44.     TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

45.     TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

46.     Denied.

47.     TNT admits that Jim Turntine, Jamie Campbell, Donna Harvey, Jordan Thexton, and Marla Turntine have submitted formal complaints to the Missouri Gaming Commission. TNT denies the remaining allegations contained in this paragraph.

48.     Denied.

49.     Denied.

50.     TNT admits that the Torch Devices are illegal gambling devices under Missouri law. TNT admits that Jim Turntine has previously stated that he was "beyond fed up" and "infuriated" by the "massive spread" of Torch's illegal machines. TNT denies the remaining allegations contained in this paragraph.

51.     TNT admits that the Torch Devices are illegal gambling devices under Missouri law. TNT admits that Jim Turntine has previously stated that TNT's business follows "the letter of the law."  TNT denies the remaining allegations contained in this paragraph.

52.     TNT admits that the Torch Devices are illegal gambling devices under Missouri law. TNT denies the remaining allegations contained in this paragraph.

53.     TNT admits that the Torch Devices are illegal gambling devices under Missouri law. TNT denies the remaining allegations contained in this paragraph.

54.     TNT admits that the Torch Devices are illegal gambling devices under Missouri law. TNT denies the remaining allegations contained in this paragraph.

55.     Denied.

56.     Denied.

57.     Denied.

58.     TNT denies that it has, owns, operates, or places in various retail locations any coin-pusher type devices. TNT admits the remaining allegations of this paragraph.

59.     Denied.

60.     TNT admits previously filing suit against Torch. TNT denies the remaining allegations contained in this paragraph.

61.     TNT admits participating in the Crawford County lawsuit and voluntarily dismissing the case. TNT denies the remaining allegations contained in this paragraph.

62.     TNT admits seeking a preliminary injunction in the present suit. TNT denies the remaining allegations contained in this paragraph.

63.     Denied.

64.     Admitted.

65.     Admitted.

66.     Denied.

67.     TNT admits that the Torch Devices are illegal gambling devices under Missouri law. TNT denies the remaining allegations contained in this paragraph.

68.     Denied.

69.     Denied.

70.     Denied.

71.     TNT admits that TNT and Torch are competitors. TNT denies the remaining allegations in this paragraph.

72.     Denied.

73.     TNT admits that TNT and Torch are competitors. TNT denies the remaining allegations in this paragraph.

74.     TNT admits that TNT and Torch are competitors. TNT denies the remaining allegations in this paragraph.

75.     TNT admits that TNT and Torch are competitors. TNT denies the remaining allegations in this paragraph.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

82.     Denied.

83.    TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

84.    TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

85.    Denied.

## Count I

**Lanham Act—15 U.S.C. § 1125(a)—Misrepresentation of Other Person's Goods, Services, and Commercial Activities**

86.    Denied.

87.    TNT admits that the Torch Devices are illegal gambling devices under Missouri law. TNT denies the remaining allegations contained in this paragraph.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    TNT lacks information sufficient to assess the veracity of the allegations in this paragraph, and therefore the paragraph is denied.

95.    TNT admits familiarity with the Missouri gambling laws. TNT denies the remaining allegations contained in this paragraph.

96.    Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    TNT lacks information sufficient to assess the veracity of the allegations in this

paragraph, and therefore the paragraph is denied.

111.    Denied.

**Count II**
**Lanham Act—15 U.S.C. § 1125(a) — Misrepresentation of TNT's Own Goods, Services,**
**and Commercial Activities**

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

## Count III
### Antitrust Violations —Sherman Act, 15 U.S.C. § 1

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

112.    TNT admits that TNT and Torch are competitors. TNT denies the remaining

allegations contained in this paragraph.

136.    Denied.

**Count IV**
**Antitrust Violations—Sherman Act, 15 U.S.C. § 2**

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   TNT denies this paragraph and all subparts.

145.   Denied.

146.   Denied.

147.   Denied.

**Count V**
**Injurious Falsehood**

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

**Count VI**
**Tortious Interference with Business Relations**

155.   Denied.

156.    TNT lacks information sufficient to assess the veracity of the allegations in this paragraph, and therefore the paragraph is denied.

157.    TNT lacks information sufficient to assess the veracity of the allegations in this paragraph, and therefore the paragraph is denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    TNT lacks information sufficient to assess the veracity of the allegations in this paragraph, and therefore the paragraph is denied.

162.    Denied.

163.    Denied.

164.    Denied.

**Count VII**
**Civil Conspiracy**

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

**Count VIII**
**Declaratory Judgment and Injunctive Relief**

172.    Denied.

173.    TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

174.    TNT admits the allegations contained in its Complaint (Doc. #1) and Motion for Preliminary Injunction (Doc. #15) form justiciable controversies. TNT denies the remaining allegations contained in this paragraph.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    TNT admits it is a business that places a variety of legal amusement games in various retail establishments throughout Missouri. TNT denies the remaining allegations contained in this paragraph.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

## **AFFIRMATIVE DEFENSES**

1.      TNT reserves the right to amend its answer or assert any additional affirmative defenses as may be revealed during the course of discovery and further investigation.

2.      Defendants' counterclaims fail to state a claim upon which relief may be granted.

3.      Defendants' counterclaims fail because no action of TNT's was the proximate cause of any alleged injury to Defendants.

4.      The Defendants' counterclaims are barred, in whole or in part, because none of the alleged acts or omissions of TNT were the proximate cause of Defendants' purported injuries or damages, if any.

5.      As a result of Defendants' acts and omissions as alleged in TNT's Complaint (Doc. #1), Motion for Preliminary Injunction (Doc. #15), and other memoranda filed in this case, Defendants have unclean hands and are therefore barred from asserting their counterclaims against TNT.

6.      Defendants' counterclaims are barred by laches.

7.      Defendants' counterclaims are barred because Defendants have no injury in fact traceable to TNT's conduct and so lack standing.

8.      Defendants' counterclaims are barred due to Defendants' fraud, as alleged with particularity in TNT's Complaint (Doc. #1).

9.      Defendants' counterclaims and affirmative defense of fraud are barred because Defendants fail to plead fraud with particularity.

10.     Defendants' counterclaims are barred by res judicata.

11.     Defendants' counterclaims are barred by Defendants' waiver.

12.     Defendants' damages, if any, were directly caused or directly contributed to by Defendants' own conduct, fault, actions, inactions, or negligence.

13.     Defendants' damages, if any, were directly caused or directly contributed to by the conduct, fault, actions, inactions, or negligence of third parties other than TNT.

14.     To the extent the acts or omissions of third persons caused or contributed to cause Defendants' alleged damages, if any, TNT is not liable or entitled to an allocation of fault with these third persons.

15.     Defendants' counterclaims are barred by the doctrine of in pari delicto.

16.     Defendants' counterclaims seeking attorneys' fees are barred, in whole or in part, because Defendants are not entitled to such attorneys' fees under an applicable contract or statute as required under relevant state or federal laws.

17.     Defendants' counterclaims seeking equitable relief are barred because they have an adequate remedy at law for any wrongs alleged to have been committed by TNT.

18.     Defendants' counterclaims are barred by principles of estoppel.

19.     Defendants' counterclaims are barred for failing to join a necessary party.

20.     Defendants' counterclaims are barred due to Defendants' failure to either mitigate the damages they allegedly suffered, if any, or, due to Defendants' mitigation, Defendants have no damages.

21.     Defendants' counterclaims are barred by the business competition privilege.

22.     Defendants' counterclaims are barred by the business protection privilege.

23.     Defendants' counterclaims fail to state a claim for punitive damages against TNT, because TNT has not acted in an intentional, willful, wanton, or malicious way or shown complete indifference or conscious disregard to any right that would cause TNT to be liable for punitive

damages. Imposing punitive damages would therefore violate TNT's rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States. Defendants' counterclaims likewise violate the similar guarantees of the Constitution of the State of Missouri, including Article I, Sections 2, 10, 21, and 28 of the Constitution of the State of Missouri, because Defendants' counterclaims for punitive damages amount to a fine and/or penalty against TNT.

24.     Defendants' counterclaims for damages are barred, in whole or in part, because Defendants did not suffer actual damages.

Dated: October 4, 2023

Respectfully submitted,

BRYAN CAVE LEIGHTON
PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
richard.finneran@bryancave.com
marygrace.warren@bryancave.com

*Attorneys for TNT Amusements, Inc.*
*d/b/a Play-Mor Coin-Op*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.


*/s/ Richard E. Finneran*