**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | |
|---|---|
| TNT AMUSEMENTS, INC., d/b/a ) | |
| PLAY-MOR COIN-OP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00330-JAR |
| ) | |
| TORCH ELECTRONICS, LLC, ) | |
| STEVEN MILTENBERGER, and ) | |
| SONDRA MILTENBERGER ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

    (a) "Attorneys" means counsel of record;

    (b) "Confidential – Attorneys' Eyes Only" documents are the subset of confidential documents designated pursuant to Paragraph 5;

    (c) "Documents" are all materials within the scope of Fed. R. Civ. 34;

    (d) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document as "Confidential," a party may designate any document, including interrogatory response, other discovery response, and/or transcript, that it, in good faith, contends constitutes or contains trade secret or other confidential information. Such designation may be made providing notice to the other parties of the identification, including, in the case of a PDF or paper document, appropriate markings on the document itself; in the case of a native file, the inclusion of the word "CONFIDENTIAL" in the item's filename or Bates label slip sheet; or any other similar

1

method of designation sufficient to place the recipient on notice of the confidential identification of the document, transcript, or interrogatory response.

3. All confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4. Access to any confidential document shall be limited to:

   (a) The Court and its personnel;

   (b) Attorneys of record and their firm's attorneys, legal assistants, and stenographic and clerical employees;

   (c) Persons shown on the face of the document to have authored or received it;

   (d) Court reporters and videographers retained to transcribe or record testimony;

   (e) The following additional attorneys for TNT Amusements, Inc.:
   - Elkin Kistner, Kistner, Hamilton, Elam & Martin, LLC
   - William Kistner, Kistner, Hamilton, Elam & Martin, LLC
   - Peter Hamilton, Kistner, Hamilton, Elam & Martin, LLC

   (f) The following additional attorneys for Torch Electronics:
   - Tim Sigmund, Sigmund Browning, LLC
   - Jessica Klaus, Sigmund Browning, LLC
   - Michael Ketchmark, Ketchmark & McCreight PC
   - Charles Hatfield, Stinson LLP
   - Alexander Barrett, Stinson LLP
   - Alixandra Cossette, Stinson LLP

   (g) These employees of the parties: Jim Turntine; Marla Turntine; Donna Havey; Steven Miltenberger; and Sondra Miltenberger.

   (h) Outside independent persons (*i.e.,* persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are used by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give

2

testimony in this action.

5.  The parties shall have the right to further designate confidential documents or portions of documents as "Confidential – Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (d), (e), (f) and (h).

6.  Third parties producing documents in the course of this action may also Designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be treated by the parties to this action as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production. During that 15 day period, any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7.  Each person who is to receive confidential information, pursuant to Paragraph 4(h), shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 11 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8.  All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential – Attorneys'

Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the final transcript. Unless otherwise agreed depositions shall be treated as "Confidential – Attorneys' Eyes Only" until 10 days after receipt of the final transcript except to the extent necessary to permit the deponent to review the deponent's deposition transcript under Federal Rule of Civil Procedure 33(e). The deposition of any witness (or any portion of such deposition) that includes confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential-Attorneys' Eyes Only" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. The parties understand that during discovery and document production a party may inadvertently disclose or produce documents or information that, absent the inadvertent disclosure, would not have been produced based on a claim said documents or information are subject to a claim of privilege or the work product doctrine. The parties agree that inadvertent disclosure of truly privileged or work product protected document(s) or information does not waive a party's claim to privilege or protection (either specific to the document at issue or its subject matter). Accordingly, consistent with Federal Rule of Evidence 502, the parties agree that any party who discovers document(s) or information has been inadvertently disclosed may, as soon as practicable, (a) give notice to the receiving party(ies) of the inadvertent disclosure and (b) explain the basis for the party's

belief said documents(s) or information is privileged or subject to the work product doctrine. Upon receiving such notice, the receiving party(ies) shall treat the document(s) or information at issue as privileged or subject to the work product doctrine and will not use them in any manner or for any purpose other than, if applicable, for the purpose of challenging the claim of privilege or work product protection as set forth below. If the receiving party does not challenge the claim of privilege or work product protection, they shall immediately destroy or return the document(s) or information at issue. The receiving party(ies) may challenge the claim of privilege by (a) requesting a good-faith meet and confer conference with counsel seeking to claw-back documents and (b) if the parties are not able to come to an agreement regarding treatment of the document(s) or information at issue, requesting confidential *in camera* review by the Court of the document(s) or information at issue. In the event of a challenge, the receiving party(ies) shall continue to treat the document(s) or information at issue as privileged or subject to work product protection until either (a) the parties agree in writing (including via email correspondence) to treat the document(s) or information at issue in a specific manner moving forward or (b) the Court issues an Order following a confidential *in camera* review that clarifies the status of the document(s) or information moving forward.

11. If a party intends to file a document containing confidential information with the Court, this Protective Order grants leave to make such filing under seal in compliance with Local Rule 13.05(A) and/or the Case Management/Electronic Case Filing Procedures Manual. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential-Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential-Attorneys' Eyes Only." Any such document shall be treated as

5

designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential-Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Confidential" and/or "Confidential-Attorneys' Eyes Only."

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

17. Not later than sixty (60) days following final disposition or judgment of the above-

captioned case, either party may file a motion seeking leave to remove any physical materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" from the office of the Clerk of Court.

Stipulated to:

| | |
|---|---|
| BRYAN CAVE LEIGHTON PAISNER LLP | GRAVES GARRETT LLC, |
| */s/ Richard E. Finneran* <br> RICHARD E. FINNERAN, #60768MO <br> MARY GRACE WARREN, #73147MO <br> 211 North Broadway, Suite 3600 <br> St. Louis, Missouri 63102 <br> Tel: (314) 259-2000 <br> Fax: (314) 259-2020 <br> richard.finneran@bryancave.com <br> marygrace.warren@bryancave.com | */s/ J. Aaron Craig* <br> Todd P. Graves #41319 (MO) <br> J. Aaron Craig #62041 (MO) <br> 1100 Main Street, Suite 2700 <br> Kansas City, MO 64105 <br> Phone: (816) 256-3181 <br> Fax: (816) 256-5958 <br> tgraves@gravesgarrett.com <br> acraig@gravesgarrett.com |
| *Attorneys for TNT Amusements, Inc. d/b/a Play-Mor Coin-Op* | *Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger grateful* |
| Date: <u>November 2, 2023</u> | By: <u>November 2, 2023</u> |

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2023.

*(signature)*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A - <u>WRITTEN ASSURANCE</u>

I, _____, declare that:

      1.      My address is _____, and the address of my present employer is _____.

      2.      My present occupation or job description is _____.

      3.      My present relationship to plaintiff(s)/defendant(s) is _____.

      4.      I have received a copy of the Stipulation for Protective Order (the "Protective Order") in this action.

      5.      I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential information received under the protection of the Protective Order.

      6.      I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____day of _____, 20\_\_, in the State of _____.

                                                    _____
                                                    Signature