**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TNT AMUSEMENTS, INC., ) <br> d/b/a PLAY-MOR COIN-OP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TORCH ELECTRONICS, LLC, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:23CV330 JAR |

### MEMORANDUM AND ORDER

This matter is now before the Court on Plaintiff's Motion for Leave to Take Deposition. ECF No. 63. Defendants have filed their response in opposition. For the reasons set forth below, Plaintiff's Motion will be granted.

### Background

On or about December 14, 2023, Plaintiff served its Subpoena and Notice of Deposition to non-party Banilla Games, Inc. ("Banilla") for December 29, 2023, but Banilla's counsel is unavailable until January 8, 2024. The discovery deadline set out in the Court's Case Management Order is January 2, 2024, and Plaintiff's request a brief continuance of the discovery deadline in order to conduct the deposition. In its Motion, Plaintiff argues the deposition is necessary because Banilla is the "manufacturer of the devices whose legality or illegality is the central issue in this lawsuit, in part to ascertain the veracity of recently provided deposition testimony of Defendants' designated expert Nick Farley." Among the information sought by the Subpoena is:

> [Topic] 2. The nature, function, and operation type of Banilla Device sold, leased, or otherwise conveyed by Banilla to Defendants within the Relevant Period . . . .
> 
> [Topic] 3. With regard to the Banilla Devices identified in Topic No. 2 above, the

degree to which any functions within the Banilla Device software involves any randomness or element of chance.

ECF No. 63-3 at 9 (emphasis omitted).

Defendants' response in opposition maintains that the timing of the instant motion is not made in good cause nor exceptional circumstances because Plaintiff has known about Banilla for several years and was even provided a copy of Banilla's prior Rule 30(b)(6) deposition testimony taken in Defendants' Cole County case earlier this year.

## Legal Standard

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 contains specific limitations relative to objections to providing discovery:

> (C) *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>     (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>     (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>     (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Third party subpoenas are "subject to the same discovery limitations as those set out in Rule 26." *Taber v. Ford Motor Company*, No. 17–09005–MC–W–SWH, 2017 WL 3202736 at

*2 (W.D. Mo. July 27, 2017), quoting *United States v. Blue Cross Blue Shield of Michigan,* No. 10–CV–14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012). Courts have wide latitude in deciding motions regarding civil, third-party subpoenas. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729 (8th Cir. 2002).

## Discussion

The Court finds Plaintiff's reasons in support of deposing Banilla is relevant and within the proper scope of discovery. Although the Court agrees with Defendants that the timing of this request is inconvenient, especially given that lawsuits connected to this case have been pending for years, the scope of discovery under Rule 26(b) is extremely broad. *See* 8 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2007 (3d ed. Oct. 2020 update). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.*, quoting *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947). "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy ... encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *E.E.O.C. v. Woodmen of the World Life Ins. Soc'y*, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007), quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The Court also notes that the Federal Rules distinguish between discoverability and admissibility of evidence. Fed. R. Civ. P. 26(b)(1), 32, and 33(a)(2) & (c). Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. But these considerations are not inherent barriers to the discovery process and given Plaintiff's request to extend the discovery deadline is only from January 2 to January 11, 2024, it is a small

3

inconvenience to ensure the parties are able to retrieve the information necessary to litigate this action.

## Conclusion

Plaintiff has demonstrated that Banilla possesses information, which is relevant and essential to its allegations. Therefore, Plaintiff's Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Take Deposition [ECF No. 63] is **GRANTED**, and the discovery deadline in this case is extended to January 11, 2024.

Dated this 29th day of December, 2023.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**