IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TNT AMUSEMENTS, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-330 JAR |
| | ) |
| TORCH ELECTRONICS, LLC, et al., | ) |
| | ) |
|    Defendants. | ) |

**PLAINTIFF TNT AMUSEMENTS, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and this Court's Local Rule 4.01, Plaintiff TNT Amusements, Inc., d/b/a Play-Mor Coin-op ("TNT") by and through its undersigned counsel, hereby move the Court to grant it summary judgment with respect to Defendants' liability on each of Counts One through Seven of its Complaint (Doc. #1) and to grant it preliminary and permanent injunctive relief against Defendants' continued violations of federal law. In support of its Motion, TNT states as follows:

1.     Discovery in this case has confirmed what TNT alleged in its Complaint: the so-called "no chance" gaming devices marketed and distributed by Defendants and their confederates are, contrary to their numerous prior representations, illegal gambling devices that both "depend[] in a material degree on an element of chance" and allow players to wager on "future contingent event not under [the players'] control or influence." *See* Mo. Rev. Stat. § 572.010. That is true for several reasons:

- The undisputed facts show that, contrary to Defendants' prior representations, the design and function of the Torch Devices involves numerous random elements, including a randomized assortment of outcomes that is unique to each Torch Device; a software procedure that randomly selects the starting point for each device's multiple payout pools; and another software procedure that randomly

selects the combination of "winning" or "losing" symbols that will be shown to any player of the Torch Devices. *See* Mem. in Supp. at § I-A-1.

- It is likewise undisputed that players of the Torch Devices are not required to use the Defendants' much-touted "Prize Viewer" feature in order to wager on the outcome of the game, and that the Torch Devices are therefore "usable in any phase of a gambling activity," as prohibited by Missouri law. *See* Mem. in Supp. at § I-A-2.

- The undisputed facts further show that even players who are aware of and use the "Prize Viewer" mechanism are only shown the payout amount for the very next play of the Torch Devices, and therefore they must pay for what they know is a losing turn in order to have the chance of a positive payout amount on the next turn. *See* Mem. in Supp. at §§ I-A-2, I-B.

- And, as Defendants proudly and boldly admit:

  [N]either players nor location owners can modify, influence, or otherwise control the outcome of any turn, which is predetermined from a finite pool of sequentially ordered outcomes that repeat in the same sequentially ordered fashion . . . . [B]ecause all outcomes are fixed and predetermined, nothing a player can do before (aside from choosing not to play at all), during, or after a given turn will modify, change, or alter the predetermined outcome of the turn . . . .

  Defs.' Ans. & Obj. to Pl.'s 1st Set of Interrogatories at 6; *see also* Mem. in Supp. at § I-B.

2.      For all these reasons, and for the many others described in TNT's Memorandum in Support, which is filed contemporaneously herewith, TNT is entitled to a declaratory judgment that the Torch Devices are illegal gambling devices and slot machines under Missouri Revised Statute § 572.010, as pled in Count Seven of TNT's Complaint (Doc. #1), and to injunctive relief against Defendants' continued violations of the law.

3.      There is likewise no genuine dispute that Defendants have violated the Lanham Act and Missouri's common law of unfair competition by falsely advertising the Torch Devices to be "legal" "no chance" devices throughout the state of Missouri, and that they have controlled, conducted, and used the income of their successful criminal enterprise, committing numerous predicate criminal acts in the process. *See* Mem. in Supp. §§ II, III. As a result, TNT is entitled to

summary judgment with respect to Defendants' liability under Counts One Through Six of its Complaint (Doc. #1).

4.      TNT acknowledges that there are genuine disputes of material fact as to TNT's damages, as well as to the other equitable remedies that TNT is entitled to, including disgorgement of Defendants' profits, and that such matters will require further proceedings.

5.      A Statement of Uncontroverted Material Facts supporting TNT's entitlement to judgment as a matter of law on Count Seven and partial summary judgment as to Defendants' liability under Counts One through Six is filed contemporaneously herewith.

WHEREFORE TNT prays that the Court:

a.   grant it a declaratory judgment on Count Seven of its Complaint holding that the Torch Devices are illegal gambling devices and slot machines under Missouri Revised Statute § 572.010;

b.   grant it partial summary judgment with respect to Defendants' liability on Counts One through Six of its Complaint;

c.   grant it preliminary and permanent injunctive relief as requested in its Complaint (Doc. #1) and Motion for Preliminary Injunction (Doc. #15); and

d.   grant such other and further relief as the Court deems just and proper.

Dated: January 12, 2024                        Respectfully submitted,

BRYAN CAVE LEIGHTON
PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*
*marygrace.warren@bryancave.com*

*Attorneys for TNT Amusements, Inc.*
*d/b/a Play-Mor Coin-Op*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2024, a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO