THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TNT AMUSEMENTS, INC., d/b/a PLAY-MOR COIN-OP, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:23-cv-00330-JAR ) |
| TORCH ELECTRONICS, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF TNT AMUSEMENTS, INC.'S MOTION
TO COMPEL THE TESTIMONY OF TORCH ELECTRONICS, LLC**

Plaintiff TNT Amusements, Inc., d/b/a Play-Mor Coin-op ("TNT") by and through its undersigned counsel, hereby moves the Court to compel Torch Electronics, LLC ("Torch") to produce a prepared, non-evasive witness to sit for deposition under Federal Rule of Civil Procedure 30(b)(6). In support of this motion, TNT states as follows:

1. TNT first provided notice of its intent to take the deposition of Torch's corporate representative under Rule 30(b)(6) on December 5, 2023, in which it provided at list of forty-five proposed deposition topics and set a deposition date of December 15, 2023.

2. Upon discussions with counsel for Torch, TNT agreed to instead depose the founder and president of Torch, Defendant Steven Miltenberger, in his personal capacity on December 15, 2023, with the understanding that any topics not successfully covered in the December deposition could be covered in a subsequent 30(b)(6) deposition of Mr. Miltenberger as Torch's corporate representative.

3. At the December 15, 2023, deposition, Mr. Miltenberger stated that he lacked the personal knowledge to testify about multiple relevant topics put to him by TNT's counsel.

1

4. Subsequent to the December deposition, and in advance of the 30(b)(6) deposition, TNT provided an amended notice of deposition that removed twenty-one of the proposed deposition topics that it deemed to have been adequately covered in Mr. Miltenberger's personal deposition.

5. Subsequent thereto, the parties met and conferred telephonically, over email, and over video conference on several occasions in order to reach an agreement both as to what topics would be covered in the 30(b)(6) deposition and the preparation that was expected to Mr. Miltenberger in advance of the deposition, which was initially scheduled for January 2, 2024.

6. After this Court ordered the discovery deadline in this case extended until January 11, 2024, Order (Doc. #68), the parties agreed to move the 30(b)(6) deposition until January 9, 2024, in part to accommodate Mr. Miltenberger's travel schedule.

7. Ultimately, TNT deposed Mr. Miltenberger as Torch's corporate representative on January 9, 2024, under Rule 30(b)(6).

8. Despite the great length of time provided to Mr. Miltenberger in advance of the deposition, however, was unprepared and evasive in his responses to key questions within the scope of TNT's Rule 30(b)(6) notice, including basic questions about the operation of Torch's gaming devices, the price Torch pays for its devices, whether Torch has requested modifications to its devices, and the nature of Torch's relationship with its customers, among other things.

9. Under Rule 30(b)(6), a corporate designee must be a knowledgeable witness who is prepared "to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party." *See CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, No. 4:12-CV-00246 CDP, 2013 WL 3946116, at *1 (E.D. Mo. July 31, 2013) (internal quotation marks

omitted). Torch failed to furnish such a witness. Mr. Miltenberger was either unprepared or deliberately evasive in his responses to TNT's questions.

10. When a Rule 30(b)(6) witness is ineffective, a court may order as appropriate relief a second deposition or the exclusion of testimony on selected topics. *See Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 345 (8th Cir. 2009); 8 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2103 (3d ed. Apr. 2023 update). As a result, TNT seeks an order that compels another Rule 30(b)(6) deposition with a prepared, non-evasive witness.

11. Prior to filing the instant motion, counsel for TNT Richard Finneran and Mary Grace Warren conferred via videoconference with counsel for Torch Aaron Craig and Chandler Carr on Wednesday, January 31, 2014, as well as both prior to and thereafter via email. The parties were unable to resolve their dispute as to Mr. Miltenberger's lack of preparation for Torch's 30(b)(6) deposition.

12. In further support of its motion, TNT submits its memorandum in support and supporting exhibits, which are being filed contemporaneously with this motion and incorporated by reference herein.

WHEREFORE TNT respectfully requests that this Court order Defendant Torch Electronics, LLC to produce Mr. Miltenberger or another witness to sit for another deposition to address each and every one of the topics and questions that Mr. Miltenberger previously professed a lack of knowledge with respect to during the January deposition, along with any reasonable follow-up questions, and that it grant such other relief as the Court deems just and proper.

Dated: February 5, 2024

Respectfully submitted,

BRYAN CAVE LEIGHTON
PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
richard.finneran@bryancave.com
marygrace.warren@bryancave.com

*Attorney for TNT Amusements, Inc.
d/b/a Play-Mor Coin-Op*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via ECF on February 5, 2024, upon all counsel of record.

*/s/ Richard E. Finneran*

4