**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TNT AMUSEMENTS, INC., ) <br> d/b/a PLAY-MOR COIN-OP, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> TORCH ELECTRONICS, LLC, *et al.*, ) <br> ) <br>     Defendants. ) | Case No. 4:23CV330 JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Partial Motion to Dismiss [ECF No. 18]. Plaintiff filed its response in opposition. The Motion is fully briefed and ready for disposition. For the reasons set forth below, Defendants' Motion will be denied.

### **Background and Facts**

On March 15, 2023, Plaintiff TNT Amusements, Inc., doing business as Play-Mor Coin-Op, filed this action against Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger (collectively, "Torch") relating to violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961- 1968, and unfair competition. Plaintiff alleges that Defendants have been engaged in at least two acts of racketeering activity as defined in 18 U.S.C. § 1961(1)(B) to include wire fraud in violation of 18 U.S.C. § 1343, mail fraud in violation of 18 U.S.C. § 1341, violation of the Travel Act, 18 U.S.C. § 1952, and the operation of an illegal gambling business in violation of 18 U.S.C. § 1955.

Plaintiff's Complaint [ECF No. 1], in pertinent part, alleges[1] that it leases legal

---
[1] Unless otherwise noted, all facts in this section are alleged in Plaintiff's Complaint and accepted as true for purposes of this motion only. *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017).

amusement machines, such as pool tables, video games, and jukeboxes, to Missouri retailers (gas stations, bars, etc.). Defendants own, market, and distribute amusement game devices to similar Missouri retailers. Plaintiff contends that Defendants' devices constitute "slot machines" and games of chance, each of which are illegal under Missouri law. Plaintiff further alleges that Defendants have repeatedly made false claims that its devices are "no chance" games that comply with Missouri law. As a result of Defendants' false statements, they have been able to convince Missouri businessowners to place Defendants' devices in their establishments, causing damage to Plaintiff by taking spots away from its legal amusement devices.

Accordingly, Plaintiff filed this action, alleging the following seven counts in its Complaint: Federal Unfair Competition under the Lanham Act (Count One);[2] Unfair Competition under Missouri Common Law (Count Two); and Civil RICO violations related to: conduct of a criminal enterprise under 18 U.S.C. § 1962(c) (Count Three); use of proceeds of a criminal enterprise under 18 U.S.C. § 1962(a) (Count Four); control of criminal enterprise under 18 U.S.C. § 1962(b) (Count Five); and conspiracy to commit those RICO violations (Count Six). Plaintiff also seeks a declaratory judgment that, *inter alia*, Defendants devices are slot machines and illegal gambling devices (Count Seven). Plaintiff seeks injunctive relief and monetary damages to stop Defendants' ongoing activities, which have resulted in its immediate and irreparable harm.

Defendants filed the instant motion, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), requesting the Court to dismiss Counts Two, Three, Four, Five, and Six of Plaintiff's Complaint. In support of dismissing the RICO claims, Defendants argue that: (i) Plaintiff failed to allege direct injuries caused by Defendant's conduct to satisfy the proximate

---

[2] Count One is asserted against Defendant Torch Electronics, LLC, only while the remaining six counts are asserted against all defendants.

2

cause element of civil RICO standing; (ii) Plaintiff failed to allege a distinction between the RICO "enterprise" and the RICO "person;" and (iii) Plaintiff failed to plead facts supporting its allegations with particularity as required by Federal Rule of Civil Procedure 9(b). Defendants contend that Count Two fails to state an unfair competition claim because it is not recognized under Missouri common law. Defendants also request that the Court strike or dismiss any remaining allegations or claims in Count Seven for declaratory relief concerning civil RICO and Missouri common law of unfair competition.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, Plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

3

not do." *Twombly*, 550 U.S. at 555. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 555, 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## Discussion

RICO (Counts Three-Six)

Enacted to strengthen criminal and civil remedies against organized crime, RICO provides a private right of action for any person "injured in his business or property by reason of a violation of" its substantive provisions. 18 U.S.C. § 1964(c). 18 U.S.C. § 1962(c) provides: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *Dahlgren v. First Nat. Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008), *cert. denied*, 555 U.S. 1153 (2009). "A violation of § 1962(c) requires [Plaintiff] to show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crest Constr. II, Inc. v. Doe,* 660 F.3d 346, 353 (8th Cir. 2011) (quotation omitted). "Failure to present

4

sufficient evidence on any one element of a RICO claim means the entire claim fails." *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008) (citation omitted).

*Standing*

First, Defendants argue that Plaintiff lacks standing because it alleges only a speculative and indirect injury that, as a matter of law, cannot support civil RICO claims based on 18 U.S.C. § 1964(c).

Section 1964(c) of the RICO Act provides that "[a]ny person injured in his business or property by reason of a violation of section 1962" may sue for threefold the damages sustained. In *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992), the Supreme Court "construed the 'by reason of' language to incorporate the traditional requirements of proximate ... causation." *Bieter Co. v. Blomquist*, 987 F.2d 1319, 1325 (8th Cir.), *cert. denied*, 510 U.S. 823 (1993). Thus, "[a] civil RICO plaintiff must show injury 'by reason of' a RICO violation, that is, injury 'both factually and proximately caused' by the violation." *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1053 (8th Cir. 2024) (citing *Regions Bank v. J.R. Oil Co. LLC*, 387 F.3d 721, 728 (8th Cir. 2004) (quotation omitted)). Proximate causation requires "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268. "A link that is too remote, purely contingent, or indirect is insufficient." *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010). If an alleged loss "could have [occurred] for any number of reasons unconnected to the asserted pattern of fraud," proximate cause does not exist. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006). Put differently, if an alleged set of predicate acts did not lead "'directly to the plaintiff's injuries' . . . [Plaintiff has] failed to meet RICO's 'requirement of a direct causal connection between the predicate offense and the alleged harm.'" *Hemi Grp.,*

5

*LLC*, 559 U.S. at 10–11 (quoting *Anza*, 547 U.S. at 460–61). Finally, only certain types of injuries are compensable under RICO. Specifically, a plaintiff must provide proof of "concrete financial loss, and not mere injury to a valuable intangible property interest." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (citations omitted).

      Defendants argue that the Complaint's "attenuated connection[s]" between the alleged injury and alleged injurious conduct does not suffice for standing, quoting *Anza*, 547 U.S. at 452 (holding that the harms caused to competitor by defendant's alleged failure to charge its customers state sales taxes were too remote to establish proximate cause). Defendants contend that Plaintiff's loss of market share and business could have resulted from numerous causes entirely unrelated to the alleged racketeering activity, such as patrons not enjoying Plaintiff's games, customers not liking its management or deciding to replace its games with other things, like a soda machine. However, Plaintiff's Complaint specifically alleges that Defendant's conduct is directly related to its injuries. In support of its allegations, the Complaint explains that customers have "threatened to remove TNT's machines to create space for additional Torch Devices" while others have "actually ended their relationship with TNT as a result of the success of the Torch Devices." ECF No. 1 at ¶¶ 117, 118. Plaintiff's Complaint further alleges that this is because of Defendants' deceptive marketing and illegal distribution of its devices, which are "able to generate more revenue, both for itself and for the Amusement Locations, than that of legal businesses such as TNT" incentivizing its customers "to dedicate space within their facilities to the illegal Torch Devices rather than TNT's legal amusement games" and "remov[ing] TNT's machines to create space for additional Torch Devices." *Id.* at ¶¶ 111, 117, 119. These allegations in the Complaint, taken as true, establish that Plaintiff has sufficiently suffered a direct proximate harm as a result of Defendants' alleged conduct to satisfy what is

6

required at this stage of the proceeding. Accordingly, the Court finds that Plaintiff has demonstrated sufficient proximate cause to survive a motion to dismiss and will deny Defendants' Motion on this ground.

*The Enterprise*

Next, Defendants argue that Plaintiff's civil RICO claims should be dismissed because Plaintiff has failed to allege a distinction between the RICO "enterprise" and the RICO "person."

Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in ... interstate or foreign commerce[ ] to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To qualify as an "enterprise" under civil RICO, an organization must exist under some legal framework—e.g., as a corporation or partnership—or must consist of a "union or group of individuals associated in fact although not a legal entity." *Crest Const. II, Inc.,* 660 F.3d at 354 (quoting 18 U.S.C. § 1961(4)). Individuals are "associated in fact" if they share a common purpose, participate in "an ongoing organization with members who function as a continuing unit," and possess "an ascertainable structure distinct from the . . . [alleged] racketeering." *Id.* (quoting *United States v. Lee*, 374 F.3d 637, 647 (8th Cir. 2004)). As a general rule, a corporation may serve as a person, and an association of business entities may qualify as an enterprise under § 1962(c). *See* 18 U.S.C. § 1961(3)-(4). But in order for a person to be "employed by or associated with" an enterprise, the person must be distinct from the enterprise itself. *Id.* at § 1962(c); *see Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) ("In ordinary English one speaks of employing, being employed by, or associating with others, not oneself."). Thus, "[t]he person named as the defendant cannot also be the entity identified as the enterprise." *Atlas Pile Driving Co. v. DiCon Financial Co.,* 886 F.2d

7

986, 995 (8th Cir. 1989).

Defendants maintain that the corporation cannot be both the enterprise and the defendant, and because Plaintiff named Defendants Steven and Sondra Miltenberger, who are alleged to manage the corporation as additional members of the enterprise, this does not resolve the pleading defect. However, Plaintiff's Complaint clearly alleges that the RICO enterprise is the "Torch Enterprise" consisting of "Torch, the Miltenbergers, and *other as-yet unidentified associates, agents, and employees*[.]" ECF No. 1 at ¶ 137 (emphasis added). There are several instances listed below where Plaintiff's Complaint references the "others" that were involved in the alleged conduct in addition to Defendants:

- "As a result of Torch's false statements, it has been able to convince businessowners across Missouri to place Torch devices in their establishments—some unwittingly, others with full knowledge of the illegal nature of the devices." *Id.* at ¶ 3;

- "…the proprietors of other Amusement Locations have joined in Torch's illegal enterprise, either knowing or having reasonable cause to believe that the machines are not legal as Torch has suggested." *Id.* at ¶ 113;

- "The members of the Torch Enterprise further conspired with as-yet unidentified owners and operators of Amusement Locations housing Torch Devices." *Id.* at ¶ 138; and,

- "[T]he Defendants associated in fact with each other and others so as to constitute an enterprise within the meaning of §§ 1961(4)…" *Id.* at ¶ 269.

Presuming that these facts are true and granting reasonable inferences in Plaintiff's favor, its allegations that Defendants joined with other "associates" to form an unlawful association-in-fact are sufficiently pled at this stage of the proceeding.

*Mail and Wire Fraud*

Defendants further maintain that all of Plaintiff's civil RICO claims fail because it has failed to plead facts supporting its allegations of mail and wire fraud with particularity as

8

required by Federal Rule of Civil Procedure 9(b).

"Racketeering activity" consists of the commission of a predicate act, as defined in 18 U.S.C. § 1961(1). *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985). A pattern of racketeering activity "requires at least two acts of racketeering activity." § 1961(5). Racketeering as defined includes conduct which is indictable as mail, wire, or bank fraud under 18 U.S.C. §§ 1341, 1343, and 1344. "When pled as RICO predicate acts, mail and wire fraud require a showing of: (1) a plan or scheme to defraud, (2) intent to defraud, (3) reasonable foreseeability that the mail or wires will be used, and (4) actual use of the mail or wires to further the scheme." *Wisdom v. First Midwest Bank, of Poplar Bluff,* 167 F.3d 402, 406 (8th Cir. 1999). Claims that sound in fraud, including RICO predicate acts, are subject to Rule 9(b)'s heightened pleading standard. *See Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). No provision of Rule 9 requires heightened particularity with respect to allegations of a "pattern of racketeering activity" that are not fraud. *Id.* at 919.

It is true that Plaintiff alleges mail and wire fraud as a predicate act of Defendants alleged racketeering activity, which is subject to Rule 9(b)'s heightened pleading standard. However, Plaintiff's Complaint also identifies two additional predicate acts, the operation of an illegal gambling business, 18 U.S.C. § 1955, and violation of the Travel Act, 18 U.S.C. § 1952, which Defendants have not challenged. Defendants' argument for the heightened pleading standard is only applicable to allegations of fraud in a RICO claim. Particularized allegations are not needed in order to determine whether a pattern exists when there is not an allegation of fraud. *Abels*, 259 F.3d at 919.[3] Thus, it is unnecessary for the Court to determine whether the mail and wire fraud

---

[3] The Court is unclear if Defendants are arguing the conduct that is not fraud is also subject to Rule 9(b)'s heightened pleading standard. If so, the Court finds there is no basis for this argument for the reasons explained in this section.

counts have been sufficiently pled since the two predicates offenses that are not fraud are sufficient to establish the existence of a RICO enterprise.

### Unfair Competition under Missouri Common Law (Count Two)

Lastly, Defendants argue that Plaintiff fails to state an unfair competition claim under Missouri common law because a claim for "false advertising" is not recognized. However, as Plaintiff correctly maintains, it states a claim for unfair competition under Missouri common law based on a theory of false or deceptive marketing, which is recognized. "A claim for unfair competition under Missouri law uses the same elements as a claim under the Lanham Act, so courts faced with both claims discuss only the alleged violation of the Lanham Act." *Dental Recycling North America, Inc. v. Stoma Ventures, LLC*, 4:23CV670 CDP, 2023 WL 6389071, at *3 (E.D. Mo. Oct. 2, 2023) (quoting *Children's Factory, Inc. v. Benee's Toys, Inc*., 160 F.3d 489, 491 n.2 (8th Cir. 1998) ("Because the Missouri common law action utilizes the same elements as an action under the Lanham Act, we need discuss only the alleged Lanham Act violation.") (cleaned up)); *see also, Nestle Purina PetCare Co. v. Blue Buffalo Co.,* 4:14CV859-RWS, 2015 WL 1782661 (E.D. Mo. Apr. 20, 2015) (finding plausible claim for unfair competition count alleged under Missouri law, which "requires proof that defendant caused harm to plaintiff's commercial relations and that the harm resulted from acts or practices relating to deceptive marketing," at *10 (citing Restatement § 1)). Despite Defendants' contention, Missouri's common law does provide a remedy against the conduct alleged in Plaintiff's Complaint, and their Motion to Dismiss Count Two will be denied.[4]

---

[4] Defendant also asks the Court to strike or dismiss any remaining allegations in Count Seven concerning civil RICO and Missouri common law of unfair competition. Because their Motion to Dismiss will be denied, this request is also denied.

## Conclusion

For the reasons set forth above, the Court will deny Defendants' Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss [ECF No. 18] is **DENIED**.

Dated this 26th day of February, 2024.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**