IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TNT AMUSEMENTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-330-JAR |
| TORCH ELECTRONICS, LLC, et al., | ) |
| Defendants. | ) **EXPEDITED BRIEFING AND ORAL ARGUMENT REQUESTED** |

**PLAINTIFF TNT AMUSEMENT, INC.'S
MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORT**

Plaintiff TNT Amusements, Inc. ("TNT"), by and through undersigned counsel, moves this Court, pursuant to this Court's Case Management Order (Doc. #45), to grant it leave to supplement the expert report and testimony of Stacy Friedman, its retained expert, based upon information revealed by Mr. Friedman's examination of the hard drives for four exemplar Torch Devices that were not produced to TNT until January 25, 2024, two weeks after the discovery cut-off in this case and the deadline for dispositive motions and *Daubert* motions. TNT further requests that the Court order expedited briefing and oral argument on the instant motion and Defendants' Motion to Strike (Doc. #157) in order to permit those motions to be resolved in sufficient time for Defendants to have the opportunity to depose Mr. Friedman with regard to his supplemental report if they so choose. In support of its motion, TNT states as follows:

**PRIOR EXPERT REPORTS**

1. On September 27, 2023, this Court issued a Case Management Order (Doc. #45) that required the parties to "disclose all expert witnesses" on or before November 6, 2023, as well as to "provide the reports required by Fed. R. Civ. P. 26(a)(2)" by that same date.

1

2. On November 6, 2023, TNT disclosed Stacy Friedman as its technical expert in the instant case and also provided an opening report reciting his conclusions to date. *See* Friedman Opening Report (Doc. #69-2).

3. On the same date, Defendants disclosed Nick Farley as their technical expert and likewise provided an opening report for Mr. Farley.

4. On December 15, 2023, TNT provided a supplement to Mr. Friedman's opening report reflecting additional conclusions reached by Mr. Friedman since the date of his opening report, which Defendants have moved to strike. TNT has opposed Defendants' motion. *See* Mot. to Strike (Doc. #66); Mem. in Opp. (Doc. #69).

### TNT'S REQUEST FOR INSPECTION

5. Two weeks before Mr. Friedman's first supplement, on December 1, 2023, TNT served a request for inspection of exemplar Torch Devices on Defendants. *See* **Ex. 1** (TNT's First Request for Inspection) (the "Request"). The Request sought to inspect an exemplar of each Torch Device on or before December 14, 2023. *See id.*

6. The Request followed informal discussions between the counsel for the parties regarding Defendants' offer to permit an inspection of exemplar Torch Devices. *See* Ex. C to Defs.' Mot. to Strike (Doc. #158-3) at 3 (November 28, 2023 email reflecting that "when we discussed the inspection a couple weeks ago, [Defendants' counsel] didn't raise any objection").

7. On December 11, 2023, counsel for Defendants emailed the undersigned to indicate that Defendants would not comply with TNT's Request and that Defendants reserved the right to present a formal response to TNT's Request on or before January 2, 2043, the original discovery cut-off. *See* **Ex. 2** (chain of correspondence ending December 11, 2023) at 1.

8. On December 30, 2023, counsel for Defendants requested an extension of time to respond to TNT's Request, which TNT granted through January 5, 2024. *See* **Ex. 3** (chain of correspondence ending December 30, 2023) at 1–2.

9. On January 4, 2024, counsel for Defendants offered a proposal to TNT, whereby, in lieu of an inspection, Defendants would produce to TNT copies of the hard drives for the Torch Devices reviewed by Mr. Farley in creating his expert reports. TNT accepted the proposal, subject to certain conditions not relevant here. *See* **Ex. 4** (chain of correspondence ending January 10, 2024) at 2–3.

10. On January 18, 2024, counsel for Defendants informed counsel for TNT that Mr. Farley was only able to retrieve copies of four of the Torch Devices' hard drives, namely, the hard drives for NCG2, NCG3, NCG4, and NCG DLX1. Defendants indicated they would transmit copies of those drives to the undersigned and requested that the hard drives and their contents be treated as "attorneys' eyes only" under this Court's Protective Order (Doc. #52).

**DEFENDANTS' RECENT PRODUCTION OF HARD DRIVES FOR FOUR EXEMPLAR DEVICES**

11. Four hard drives were delivered to the office of the undersigned on Thursday, January 25, 2024 (the "Exemplars").

12. On Monday, January 29, 2024, the undersigned sought the agreement of counsel for Defendants that the Exemplars could be transmitted for review to TNT's retained expert Mr. Friedman without running afoul of this Court's Protective Order (Doc. #52). As the undersigned then indicated, it was his hope that, if Mr. Friedman's review yielded the same conclusion as Mr. Farley's, then further supplementation of Mr. Friedman's report might not be necessary. *See* Ex. D to Defs.' Mot. to Strike (Doc. #158-4) at 3 ("Hopefully, we don't find anything different about the

drives from what Farley has said and then we don't need to get into another fight around supplementation—but we won't know until we look.").

13. In response, counsel for Defendants agreed that the Exemplars could be transmitted to Mr. Friedman for review but reserved Defendants' right to move to strike any supplemental report that Mr. Friedman might issue based on that review. *See id.* at 2.

14. TNT transmitted the Exemplars to Mr. Friedman, and they were received at Mr. Friedman's address on January 31, 2024. Mr. Friedman was away at the time the Exemplars arrived and was not therefore able to commence an examination of the Exemplars until February 3, 2024.

### MR. FRIEDMAN'S EXAMINATION OF THE EXEMPLARS

15. Mr. Friedman completed his examination of the four Exemplars and produced a report that was transmitted to counsel for Defendants on Monday, February 26, 2024. *See* **Ex. 5** (2d Supp. Report of S. Friedman) (filed separately under seal). Suffice it to say that, upon examination of the Exemplars, Mr. Friedman has reached conclusions that differ substantially and materially from Mr. Farley's, which conclusions Mr. Friedman had previously relied upon in forming his own conclusions in his opening report.[1] The conclusions from Mr. Friedman's inspection include:

(1) that the software in each of the Exemplars makes a ***random determination*** of the starting point within the finite list of predetermined outcomes for each game theme and bet amount, *see* **Ex. 5** ¶¶ 16–30, 46;

(2) that the software in each of the Exemplars makes use of a ***random number generator*** in order to determine the combination of

---

[1] TNT originally understood that the Exemplars it was to receive would be identical to the devices considered by Mr. Farley in his opening report. Mr. Friedman's review, however, reveals that each of the Exemplars contain files that post-date Mr. Farley's reports. The undersigned inquired of Defendants' counsel as to the reason for this discrepancy on February 20, 2024, but Defendants' counsel has yet to provide an explanation.

4

> "winning" or "losing" symbols that will be displayed by the device, *see* **Ex. 5** ¶¶ 30–34, 46; and
>
> (3) that the software in each of the Exemplars employs *a "shuffling" process* that randomizes the order of the payout amounts delivered by the device as players play the devices, *see* **Ex. 5** ¶¶ 35–41, 45.

Each of these conclusions bears critically upon the determination of one of the ultimate issues in this case, namely, whether the Torch Devices involve "in a material degree" an "element of chance," thereby making them "gambling devices" under Missouri law. *See* Mo. Rev. Stat. § 572.010(3)–(5).

### TNT's Service of the Supplemental Report Upon Defendants

16. TNT believes that, even without leave of court, Mr. Friedman's supplementation of his report is proper under Federal Rule of Civil Procedure 26(e), which permits (and indeed, requires) a party to supplement an expert disclosure when it discovers that information in a prior disclosure was "incomplete or incorrect," and which permits such disclosures to be made "by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

17. Nonetheless, because Defendants had indicated that they object to Mr. Friedman's supplementation of his report and had previously taken the position that any such supplementation would require leave of court, on Monday, February 26, 2024, the undersigned informed counsel for Defendants that TNT intended to seek leave to supplement Mr. Friedman's report to include his analysis of the Exemplars, provided Defendants' counsel with a copy of Mr. Friedman's Second Supplemental Report, and asked whether Defendants objected to leave being granted. *See* Ex. A to Defs.' Mot. to Strike (Doc. #158-1) at 3.

18. Defendants' counsel did not respond to the undersigned's email until 2:23 p.m. the next day. *See* Ex. A to Defs.' Mot. to Strike (Doc. #158-1) at 2. Less than a minute later,

Defendants filed a motion to strike Mr. Friedman's Second Supplemental Report. *See* Defs.' Mot. to Strike (Doc. #158).

## TNT'S REQUEST FOR LEAVE

19. In support of its request for leave, TNT has filed herewith a memorandum in support of this motion, which, for the sake of judicial economy, shall also serve as TNT's memorandum in opposition to Defendants' Motion to Strike (Doc. #158).

20. As explained in that memorandum, TNT's supplementation of Mr. Friedman's prior reports and testimony based upon information that was not disclosed to TNT by Defendants until January 25, 2024, two weeks after the discovery cut-off and eight weeks after TNT's Request, is proper and permitted both by Federal Rule of Civil Procedure 26(e) and this Court's Case Management Order (Doc. #45). *See* Mem. in Supp. § I.

21. Among other things, supplementation under Federal Rule of Civil Procedure 26(e) is necessary to correct "incorrect or incomplete" information, supplied by Defendants and their retained expert, that was relied upon by Mr. Friedman in his opening report, which assumed the veracity of certain claims by Defendants and their retained expert that have since proven to be false—namely, the absence of random functions in the operation of the Torch Devices. *See* Mem. in Supp. § II.

22. Even if such supplementation were not expressly permitted under the rules and this Court's orders, Defendants cannot demonstrate prejudice from Mr. Friedman's Second Supplemental Report, since the Exemplars it analyzes have been in Defendants' possession for years but have only been produced to TNT within the last few weeks. *See* Mem. in Supp. § III.

23. Nonetheless, in an abundance of caution, and given Defendants' prior objections to Mr. Friedman's first supplemental report, TNT hereby seeks leave of Court to supplement Mr.

Friedman's prior reports and testimony to reflect his analysis of the Exemplars produced by Defendants on January 25, 2024. *See* Mem. in Supp. § IV.

24. Defendants' failure to produce such Exemplars prior the discovery cut-off and the deadlines for dispositive motions and *Daubert* motions presents additional "exceptional circumstances" justifying TNT's supplementation of Mr. Friedman's prior reports.

25. TNT does not object to Defendants' being granted leave to depose Mr. Friedman on the contents of his First and Second Supplemental Reports for up to four (4) hours.

26. Prior to filing the instant motion, the undersigned sought the agreement of Defendants' counsel to the relief requested herein. Defendants' counsel indicated that he would oppose TNT's being granted any such relief. *See* Ex. A to Defs.' Mot. to Strike (Doc. #158-1).

### REQUEST FOR EXPEDITED BRIEFING AND ORAL ARGUMENT

27. TNT further requests that the Court expedite briefing on the instant motion and Defendants' Motion to Strike (Doc. #158) by requiring Defendants' response to the instant motion and its reply to TNT's memorandum in opposition to Defendant's Motion to Strike be filed no later than Monday, March 4, 2024, and TNT's reply thereto, if required, no later than Thursday, March 7, 2024. Such an expedited schedule is necessary in order to ensure that Defendants will have adequate time prior to the trial setting to conduct a deposition of Mr. Friedman with regard to the conclusions his Second Supplemental Report if they so choose.

28. Prior to filing the instant motion, the undersigned sought the agreement of counsel for Defendants to an expedited briefing schedule. Defendants' counsel responded to the undersigned's email contemporaneously with his filing of Defendants' Motion to Strike (Doc. #158), but he did not address the undersigned's request for an expedited briefing schedule. *See* Ex. A to Mot. to Strike (Doc. #158-1) at 2.

7

29. Finally, TNT requests that the Court order oral argument on the instant motion, Defendants' Motion to Strike (Doc. #158), and any other pending motions that bear upon the same or related issues, including but not limited to Defendant's first Motion to Strike (Doc. #66) and the parties' *Daubert* motions (Doc. ## 74, 78) and motions for summary judgment (Doc. ##82, 84).

30. Entertaining oral argument on each of the aforementioned motions will serve the interest of judicial economy because some motions may be mooted by the Court's disposition of certain other motions, among other reasons.

WHEREFORE, and for the reasons stated above, TNT prays that it be granted leave for Mr. Friedman to supplement his opening report in the manner reflected by Exhibit 5, which is filed under seal contemporaneously herewith; that the Court order expedited briefing and oral argument on the instant motion, Defendants' Motion to Strike (Doc. #158), and any other pending motions that bear upon the same or related issues; and for such other and further leave as the Court deems just and proper.

Dated: February 28, 2024

Respectfully submitted,

BRYAN CAVE LEIGHTON
PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
ZOE WOLKOWITZ BRANNON, #74007MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*
*marygrace.warren@bryancave.com*
*zoe.brannon@bclplaw.com*

*Attorneys for TNT Amusements, Inc. d/b/a
Play-Mor Coin-Op*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 28, 2024, a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

                                              */s/ Richard E. Finneran*
                                              RICHARD E. FINNERAN, #60768MO