# Exhibit 2

Email Correspondence
Subject: Re Deposition scheduling

| From: | Craig, Aaron <ACraig@gravesgarrett.com> |
|---|---|
| Sent: | Monday, December 11, 2023 2:11 PM |
| To: | Richard Finneran |
| Cc: | Mary Grace Warren; Carr, Chandler |
| Subject: | Re: Deposition scheduling |


Hi Rich,

Both the Federal Rules and case law in the Eighth Circuit are clear we have 30 days even to object/respond to TNT's notice of inspection and request for production. TNT has no authority or power to shorten those times unilaterally. Accordingly, we have no obligation to respond to TNT's request for inspection before January 2, 2024 (and certainly no obligation to allow TNT to perform an inspection on December 14th), unless the time for responding is shortened by (a) agreement of the parties (obviously hasn't happened) or (b) TNT gets a Court order shorting Torch's time to object/respond (which clearly also hasn't happened).

So, I suppose you could say I object to your suggestion TNT has any right to suggest or insist Torch has any obligation to do anything with respect to TNT's notice of inspection before January 2nd - we don't. Just so we're clear, I also don't plan on seeking a protective order because, again, it's your client who seems to be insisting this inspection occurs on an expedited basis of basically 9 days from the date it was issued. If you have something meaningful to offer me that you believe might entice my clients to agree to some shortened response/objection period, I'm all ears. They would also make every effort to comply with a Court order shorting their time to object or respond, but you would need to go get it (as it stands, we would obviously oppose any request for shortening Torch's time to object/respond).

As always, if you believe I'm mistaken regarding my understanding of Rules or applicable case law interpreting the same, I'm interested in hearing about it and engaging in a good faith discussion.

Take care,

Aaron

Get Outlook for iOS

---

**From:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Sent:** Monday, December 11, 2023 9:49 AM
**To:** Craig, Aaron <ACraig@gravesgarrett.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling

Aaron, I'll get back to you on this today.

Meanwhile, the inspection notice we sent was for December 14, but I gather that you will be objecting. Is that correct? If not, we will need to coordinate timing with the Kneuper deposition.

Thanks!



**RICHARD E. FINNERAN**
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - St. Louis, MO USA
richard.finneran@bclplaw.com
T: +1 314 259 2080

**From:** Craig, Aaron <ACraig@gravesgarrett.com>
**Sent:** Saturday, December 9, 2023 11:29 AM
**To:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** Re: Deposition scheduling

Hi Rich,

Sorry to bug you on the weekend, but our damages guy is asking for a date certain for his deposition if you want it. He asked me to let him know by Monday, so I didn't want to sit on it all weekend.

Have a great weekend and take care,

Aaron

Get [Outlook for iOS](#)

**From:** Craig, Aaron <ACraig@gravesgarrett.com>
**Sent:** Thursday, December 7, 2023 9:19 AM
**To:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling

If you are going to want to depose our damages expert, it appears we can make it work on the 19th or the 21st.

**From:** Craig, Aaron
**Sent:** Wednesday, December 6, 2023 4:02 PM
**To:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling

I addressed that in my email. It might make sense to pause on submitting that until we can land on a date for your deposition of our damage experts *re* Kneuper. It may be that we need to expand the extension to squeeze that one in, assuming you want it and depending on my expert's availability (I'm pressing for availability, but it's obviously a difficult season to pin people down).

I'm in a mediation tomorrow and then on a flight to STL for Sondra's deposition on Friday. I suspect we will have some time to chat after Sondra's deposition.

Take care,

Aaron

**From:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Sent:** Wednesday, December 6, 2023 3:53 PM
**To:** Craig, Aaron <ACraig@gravesgarrett.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling


Thanks Aaron. I'm happy to discuss. How's your availability tomorrow?

On a related note, my email also included a motion to get us more time to take Friedman's deposition. Would love to get that on file if it looks good to you. Please let me know.



RICHARD E. FINNERAN
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - St. Louis, MO USA
richard.finneran@bclplaw.com
T: +1 314 259 2080

---

**From:** Craig, Aaron <ACraig@gravesgarrett.com>
**Sent:** Wednesday, December 6, 2023 3:44 PM
**To:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling


Hi Rich,

I've had an opportunity to read through your 45 proposed 30(b)(6) topics. We're clearly going to need a meet and confer to see if there is any pathway to appropriately tailoring the prospective topics. As it stands, the majority of your topics are drafted so broadly as to require a Torch representative to locate, review, digest, and properly prepare to offer testimony about literally every aspect of Torch's operations since 2014 . . . and then some. Some topics, like topic 34 for example, apparently presume Steven is clairvoyant because it demands he testify regarding what Torch did to prepare answers to TNT's second set of interrogatories, the response to which isn't due until weeks after your requested deposition date. Many topics also seem clearly violative of our agreement regarding limiting the scope of financial discovery. Others (43-45) ask about allegations in counterclaims we've agreed to dismiss based on our agreement (an agreement Torch has relied upon to its detriment at this point). And other topics call for clear expert opinion testimony (*e.g.*, topic 18).

I believe we can find common ground on some topics, but I will not agree to allow TNT to engage in a 30(b)(6) fishing expedition. I would ask that you please consider what it is that you/TNT really needs to support your claims because I recall you telling the Court during the PI hearing and in conversations/briefings advocating for a rocket docket that you/TNT didn't need much discovery in this case. Yet, in the last few days, and either literally or essentially on the eve of discovery ending I'm receiving a barrage of wildly broad new discovery (a notice of inspection regarding Torch devices (response deadline the last day of discovery); 12 new, mostly overly broad interrogatories (same); 56 exceedingly broad new requests for production (same); and now 45 overly broad 30(b)(6) deposition topics we are suppose to meet and confer about and then adequately prepare a corporate witness on in a 9 day span). Again, I hope we can find a mutually acceptable pathway forward for this 30(b)(6) deposition. We have worked together amicably to this point, and I appreciate that. But I will have no problem moving the Court for a protective order regarding this notice and, in the process, explaining that despite the representations this is a non-complex, simple, and straightforward case TNT said could and should be litigated with less than 3 months of discovery (including Thanksgiving, Christmas, and New Years),

this last minute flurry of discovery into wide ranging and, in my opinion, largely inconsequential issues that have little to no probative value vis-à-vis TNT's claims tells another story. As you know, discovery this detailed might be fine to sort through in a normal case where discovery would typically span multiple years. But TNT demanded basically 3 months of discovery claiming that was plenty of time given the nature of its claims and the limited discovery it needed. If you want, you can explain to the Court why you believe you need discovery into nearly every nook and cranny of Torch's business and believe we/Torch can realistically comply with those demands in the next couple of weeks. I haven't gotten to engage in what I would call a full and fair discovery process, questioned every witness I would question otherwise, asked for or received every document TNT might have arguably relevant to any issue I could think up, etc. But I'm working within the confines of the world in which I find myself; a world you, frankly, demanded. As you mentioned when we spoke after Cody Hanavan's deposition, the issues raised in that deposition are the real issues in this case. Very few of your 45 proposed 30(b)(6) topics or last round of over broad discovery requests have any real bearing on those issues.

One potential thought given the time I expect it will take us to hash out any agreement specific to the scope of the 30(b)(6) topics is that you might consider deposing Steven personally on the 15th and we reserve the later date for the 30(b)(6) deposition. You obviously have a much broader pathway to asking questions to Steven in a personal deposition than a 30(b)(6) deposition given the applicable rules and restrictions. That might help narrow the scope of outstanding and meaningful issues you need to hit in a 30(b)(6) deposition. Just a thought. I cannot dictate the order in which you choose to take discovery. But can pretty much guarantee that without some serious discussions and narrowing of your current topics in the next couple days, I will be forced to file a motion for protective order and we may lose the 15th as a day to engage in any meaningful discovery.

On an entirely different note, attached please find a copy of the deposition notice for Kneuper. I'll serve our rebuttal expert damages report separately, and it may be a good idea to hold off on filing the motion to amend the expert deposition deadline until after we land on a day for our damages expert's deposition (to the extent you want it).

I'll work on a 30(b)(6) deposition continuation notice and flip it to you hopefully tomorrow.

Take care,

Aaron

**From:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Sent:** Tuesday, December 5, 2023 9:37 PM
**To:** Craig, Aaron <ACraig@gravesgarrett.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling


Aaron, thanks. If we can do the 30(b)(6) on the 15th, I think that everything else looks fine.

I'm enclosing our proposed 30(b)(6) notice for the 15th, along with a draft motion to amend the CMO to extend the expert deposition deadline until December 22. Let me know if the motion looks good to you, and we can get it on file tomorrow. I may also call the Court to make sure it's not hesitating about our stipulation. . .

I await receipt of notices for Kneuper (14th) and the continuance of the 30b6 (22nd).

Thanks!



**RICHARD E. FINNERAN**
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - St. Louis, MO USA
richard.finneran@bclplaw.com
T: +1 314 259 2080

---

**From:** Craig, Aaron <ACraig@gravesgarrett.com>
**Sent:** Tuesday, December 5, 2023 11:31 AM
**To:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling

Hi Rich,

Let's plan on December 14th for Kneuper. I'm fine with that happening by Zoom/remote. We'll get you a notice shortly.

I assume Dec. 15th will work for Steven, but I'm waiting for a confirmation. I'm also available December 27-29 for depositions if need be.

I'm fine with the 22nd to resume the 30(b)(6). I need to go back to look and see what issues are still open to have a better sense of additional time. We can discuss that closer in time.

Take care,

Aaron

---

**From:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Sent:** Tuesday, December 5, 2023 8:51 AM
**To:** Craig, Aaron <ACraig@gravesgarrett.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling

Aaron,

Thanks for letting us know. That may present some scheduling challenges. We'll need to discuss internally to coordinate schedules, but to aid that discussion, a few questions:

1. Now that we've got Farley pinned down for the 12th, what is your preferred date for Kneuper, 13th or 14th?
2. Do you want to Kneuper remotely? He's in Atlanta I think.
3. Is Mr. Miltenberger available for a corporate rep deposition on December 15?
4. If we did do the personal deposition of Mr. Miltenberger remotely, are you available December 27 through 29 to do so?

Meanwhile, if we can't do the corporate rep deposition in person on December 22, we can make Jim Turntine available to complete the 30(b)(6) and/or have him deposed personally on that date, remotely or in person in STL. Not sure how many hours of each you're contemplating or what topics you still think need to be addressed, but we'll work with you to figure that out.

Thanks. I will also be getting you the list of topics for the corporate rep deposition later today.



**RICHARD E. FINNERAN**
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - St. Louis, MO USA
richard.finneran@bclplaw.com
T: +1 314 259 2080

---

**From:** Craig, Aaron <ACraig@gravesgarrett.com>
**Sent:** Monday, December 4, 2023 4:05 PM
**To:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling


Following up:

After sending this and speaking with Steven regarding the dates below, it appears the Miltenbergers are out of the country from December 17th through January 5th. Steven said he can make himself available next week, even including Saturday the 16th if we have availability and can find a court reporter. Steven also said he could carve out time while they are on vacation to attend a deposition remotely. We could also possibly look at the week of the 8th by agreement/court permission.

Take care,

Aaron


**Aaron Craig**
**Office:** (816) 256-3181 | **Direct:** (816) 285-3883



www.gravesgarrett.com

1100 Main Street, Suite 2700
Kansas City, MO 64105

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

---

**From:** Craig, Aaron
**Sent:** Monday, December 4, 2023 12:36 PM
**To:** Richard Finneran <Richard.Finneran@bclplaw.com>

**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** RE: Deposition scheduling

Hi Rich,

Thank you for Sondra's notice.

I've got an email in to Farley asking for a firm date and location. I would prefer the 12th, but I'm obviously not the most important participant.

I'm looking at the 13th or 14th for Kneuper. We can pin it down based on Farley's deposition. Kneuper may only be a half day with the counterclaims moot.

For Friedman, so long we have leave of Court, I'm agreeable to the 20th. I'm flexible on the location, but I would note agreeing to bring him to STL only saves *you* from traveling. I'm still in KC. 😉 But it would be closer than the west coast.

For the Torch 30(b)(6), we can tentatively pencil in the 22nd. But as I mentioned previously, we are going to need to see a notice and your proposed topics to sort through any scope and other objections.

I'll check with Steven regarding January 2nd for his deposition.

I still need a date from you for the continuation of TNT's 30(b)(6) deposition. I'd also like to pencil in a date for Jim's personal deposition to the extent that it's necessary.

Also, I need to clarify the record regarding Joe Mamma's. Chandler tells me he found the discrepancy – it's listed internally as "Joe M*a*mma's." Odd typo, but seems to explain why neither we nor Steven believed Torch had devices in Joe Momma's. So, it does appear Torch has devices at Joe Momma's (there's a 90's joke in there somewhere). Apologies for the confusion on our end.

Take care,

Aaron

---

**From:** Richard Finneran <Richard.Finneran@bclplaw.com>
**Sent:** Monday, December 4, 2023 11:18 AM
**To:** Craig, Aaron <ACraig@gravesgarrett.com>
**Cc:** Mary Grace Warren <MaryGrace.Warren@bclplaw.com>; Carr, Chandler <CCarr@gravesgarrett.com>
**Subject:** Deposition scheduling


Aaron,

I'm starting a new email chain in the hopes of getting our deposition dates ironed out for the rest of the month.

**Sondra Miltenberger.** First, as promised, I'm enclosing a deposition notice for Sondra Miltenberger for Friday at our offices, as we've agreed.

**Nick Farley**. Do you have a proposed location for Mr. Farley's deposition, or should we find one? Right now I am looking at 12/12 or 12/13 as viable dates. Will he still be in Las Vegas?

**Rob Kneuper.** I had previously offered December 12 through 15 as potential dates for Rob Kneuper. Please let me know if you have a preferred date in there so that we can get that on the calendar (and not clash with Farley).

**Stacy Friedman.** Can you please let me know your preference for which day to do Mr. Friedman's deposition the week of December 18? Ideally we'd agree to a date between December 20 and 22 (with leave of court). We're happy to bring him to St. Louis to avoid the need for us to travel.

**Torch corporate rep.** I'd propose doing this on one of the dates in the week of December 18 that you don't pick for Mr. Friedman.

**Steve Miltenberger.** I'd propose to do Mr. Miltenberger's deposition on January 2.

Thanks, and please let me know!



RICHARD E. FINNERAN
Partner
richard.finneran@bclplaw.com
T: +1 314 259 2080

BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, MO 63102

**bclplaw.com**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.


This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.


This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.


This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.