IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00330-JAR |
| | ) | |
| TORCH ELECTRONICS, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT SUBMISSION REGARDING SCHEDULING**

Plaintiff TNT Amusements, Inc. and Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger (together, the "Parties" and separately, a "Party") respectfully present the following joint submission summarizing their positions regarding the scheduling of further proceedings in this matter.

1. **Briefing Schedule for Renewed Motions.** In its recent status conference, the Court indicated that it would deny the Parties' pending summary judgment and *Daubert* motions as moot and permit the parties to submit updated, "clean" versions of each such motion. Although the Court indicated that it did not necessarily believe the Parties needed to prepare responsive briefing to any renewed motions, the Parties believe that they should each be given the opportunity to respond to the renewed motions—especially the summary judgment motions, which are likely to incorporate evidence that was not available at the time the original motions were filed, such as more recent expert deposition testimony and reports. To that end, the Parties have agreed to the following schedule for briefing on the renewed motions:

**August 2, 2024**     Deadline to file renewed motions for summary judgment and any motions to exclude expert testimony under *Daubert*.

**August 16, 2024**    Deadline to respond to any renewed *Daubert* motions.

| | |
|---|---|
| **August 23, 2024** | Deadline to reply to any renewed *Daubert* motions. |
| **September 2, 2024** | Deadline to respond to any renewed motions for summary judgment. |
| **September 9, 2024** | Deadline to reply to any renewed motions for summary judgment. |

2. **Preliminary Injunction Hearing**. The Parties have been unable to reach an agreement with respect to any preliminary injunction hearing. TNT believes such a hearing is appropriate in light of the anticipated delay in reaching trial in this matter and affirmatively requests such a hearing; Defendants oppose any hearing on injunctive relief until after trial. The Parties' respective positions are detailed below.

*TNT's Position.* TNT respectfully submits that a preliminary injunction hearing is appropriate and would be helpful to the Court in adjudicating the renewed motions, as well as potentially narrowing the disputes between the Parties in advance of trial. TNT filed a motion for preliminary injunction at the outset of this case, *see* Mot. (Doc. #15), which the Court consolidated with trial on the merits, *see* Consolidation Order (Doc. #38). The Court did so in order to permit the Parties the opportunity to conduct discovery prior to any decision by the Court on preliminary injunctive relief, but that discovery is now complete. There is therefore no reason to continue to deny TNT the opportunity for preliminary injunctive relief, especially considering that a trial on the merits will not now occur until several months after the date contemplated by the Consolidation Order. A preliminary injunction hearing would not only permit the Court to get a hands-on view of how the Torch Devices function and receive testimony on that subject from the Parties' experts, but it would also provide a forum for the Court to assess TNT's claims of injury through the lens of the irreparable harm analysis. For all those reasons, TNT respectfully requests that the Court amend its consolidation order and set a hearing on its Motion for Preliminary Injunction (Doc. #15).

Although Defendants claim that this Court has already denied TNT preliminary injunctive relief in its Consolidation Order, that is not a fair reading of the Consolidation Order. The Consolidation Order did not deny TNT's Motion for Preliminary Injunction (Doc. #15) (which is still pending on the Court's docket); it merely consolidated the Court's determination of that motion with trial on the merits under Federal Rule of Civil Procedure 65(a)(2). *See* Consolidation Order (Doc. #38) at 3 ("IT IS HEREBY ORDERED that pursuant to Federal Rule of Civil Procedure 65(a)(2), the preliminary injunction proceedings in this case are ***consolidated*** with the trial on the merits." (emphasis added)). As Defendants acknowledge, that order was interlocutory in nature, and the Court therefore remains free to modify it.[1]

The Consolidation Order also specified that the Court would "alleviate Plaintiff's timing concerns by expediting the trial," a prediction which has turned out to have been too ambitious. *See id.* As the Court acknowledged in its recent status conference, this matter has not proceeded at the pace or in the manner that the Court or the Parties anticipated when the Consolidation Order was first issued, and those changed circumstances justify the Court's setting a preliminary injunction hearing now rather than requiring TNT to continue to await relief until a still-to-be-determined trial date. That is especially true now that the Parties have near total agreement as to how the Torch Devices function, and all that remains to be determined is whether the Torch Devices are therefore unlawful. *See* 15 U.S.C. § 1116(a) (noting that irreparable harm is to be presumed in a Lanham Act case upon a showing of likelihood of success on the merits).

---

[1] Defendants claim that the Consolidation Order was immediately appealable. Not so. Section 1292(a)(1) only permits interlocutory appeal from an order "granting, continuing, modifying, refusing, or dissolving injunctions." This Court has not issued any such order; as explained above, it has merely consolidated its consideration of TNT's motion with trial on the merits.

At such a hearing, Defendants would be free to challenge TNT's standing to pursue its claims for injunctive relief, and the Parties would be able to present their competing theories for why the Torch Devices are or are not illegal gambling devices. The Court could then make a *preliminary* determination of whether TNT is likely to succeed on the merits of its claims, without having to issue a *final* ruling as to the legality or illegality of the Torch Devices. The ultimate question of Defendants' liability could still be adjudicated either at trial or summary judgment. And, unlike a ruling against Defendants on a motion for summary judgment or an interlocutory ruling relating to jury instructions, an adverse determination on a preliminary injunction could be immediately appealed by Defendants, which could potentially avoid the need for further proceedings altogether if Defendants prevailed in such an appeal. TNT therefore respectfully submits that it will serve the interests of fairness, judicial economy, and the ultimate adjudication of this matter on the merits for the Court to grant TNT the preliminary injunction hearing it requested now more 15 months ago.

***Defendants' Position.*** Defendants obviously object to TNT's improper attempt to resurrect TNT's request for a preliminary injunction, which comes 4 years, 8 months, and 8 days after TNT filed similar claims alleging similar harm against Torch in Crawford County, Missouri, state court (*see* Doc. #21 at p. 2) and eleven days after *TNT* filed its "Motion to Continue Trial Date and to Vacate Current Trial Setting." (Doc. #213). There is no right to relief for preliminary injunction absent a showing of a threat of immediate irreparable harm. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). On August 24, 2023, the Court issued its Memorandum and Order regarding TNT's prior Motion for Preliminary Injunction, which made clear "**Plaintiff cannot establish a threat of immediate irreparable harm that warrants granting extraordinary preliminary injunctive relief**." (Doc. #38 at p. 3) (emphasis added). Thus,

Defendants are perplexed by TNT's suggestion the Court can or should entertain the notion of holding a preliminary injunction hearing now to "provide a forum for the Court to assess TNT's claims of injury through the lens of the irreparable harm analysis." The Court has already done so, pointing out last August that TNT's "alleged harm is not new and has been ongoing for at least two years." (*Id*.). TNT has no basis or right to seek or receive *any* preliminary injunctive relief in this case. Rather, as is clear by black letter law, Federal Rule of Civil Procedure 65, and the Court's prior Order, TNT must *first* demonstrate actual (not likely) success on the merits of TNT claims (i.e., establish a *right* to relief) before any hearing or order related to injunctive relief (i.e., a possible the *remedy* for violation of a demonstrably violated right) can be had.

Additionally, TNT ignores that if TNT believed the Court's August 24, 2023 Order on TNT's Motion for Preliminary Injunction was erroneous, especially given the Court's holding that "Plaintiff cannot establish a threat of immediate irreparable harm that warrants granting extraordinary preliminary injunctive relief," TNT had an available remedy – an interlocutory appeal under 28 U.S.C. § 1292(a)(1), or a timely request for reconsideration made to this Court based on changed circumstances. Presumably, TNT knew such an appeal would fail, because the law is clear that TNT could not receive preliminary injunctive relief after waiting years to request it. But, having failed to seek review, TNT cannot now seek the exact same relief the Court denied. *See, e.g., F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987) ("Parties should not be allowed to harass their adversaries and the courts with a barrage of successive motions for extraordinary, preliminary injunctive relief . . . The proper pretrial procedure is that when a ruling is made on a motion for preliminary injunction, an aggrieved party must either file a timely interlocutory appeal or request reconsideration on the basis of changed or otherwise unforeseen and unforeseeable circumstances."). TNT did not seek an interlocutory appeal, and it

cannot seek reconsideration on the basis of changed circumstances – TNT cannot undo the passage of time. While discovery may now be complete, any hearing or further consideration of TNT's request for injunctive relief before the "trial on the merits" contemplated in Fed. R. Civ. P. 65 is "preliminary," and that ship has sailed for TNT.

TNT appears to continue to hold out hope it can convince the Court to skip to the end and grant TNT *relief* before TNT has proven TNT has a *right* to that relief in the first place. TNT hopes the Court will ignore binding Eighth Circuit precedent making clear the Court's prior finding of lack of imminent threat of actual harm is fatal to TNT's desire to receive preliminary injunctive relief before a full trial on the merits. *See Dataphase*, 640 F.2d at 113. TNT hopes the Court will ignore TNT's own prior conduct and delay. TNT hopes the Court will ignore Federal Rule of Civil Procedure 65(a)(2) and the Court's Order consolidating TNT request for injunctive relief with "the trial on the merits," *not prior to the trial on the merits*.[2] TNT hopes the Court will ignore the many federal cases Defendants have cited in its prior dispositive motion briefing and during recent oral arguments explaining why it is improper for federal courts in civil cases to bypass state legislatures, state administrative agencies, state law enforcement, state prosecutors, and state courts charged with creating, regulating, and prosecuting state criminal statutes and state crimes to decide novel questions of criminal law in the manner TNT desires. TNT hopes the Court will ignore the most recent holding by the Missouri Court of Appeals making clear, in a case that dealt with very similar claims by the Missouri Gaming Association against Torch, that TNT's sought-after "preliminary"

---

[2]   *See* Fed. R. Civ. P. 65(a)(2); *see also* Doc. #38 at p. 3; TNT's Memorandum in Opposition to Consolidation of Preliminary Injunction Hearing with Trial on the Merits, Doc. #34, p. 2 (***TNT explaining*** "the Court 'must preserve any party's right to a jury trial,'" noting "TNT's various claims are all triable to a jury, and TNT demanded a jury in its Complaint"; Defendants agree, Defendants have also requested a right to have TNT's legal claims tried to a jury, and TNT has a legal obligation at this point to show actual success on the merits of its claims, which all involve critical fact issues that must be determined in a jury trial on the merits before any injunctive relief may issue).

injunctive relief would "encroach[] on the constitutional and statutory duties of prosecutors . . . by permitting private litigants to seek enforcement through a civil action," applies a different burden of proof, and should not be allowed. *See Torch Electronics, LLC, et al. v. Mo. Dept. of Pub. Safety, et al*, which was attached as Exhibit A to Doc. #204; *See also* Doc. #204. And TNT hopes the Court will ignore Defendants' renewed Motion for Summary Judgment explaining why TNT has no viable cause of action that might entitle TNT to the injunctive relief TNT ultimately seeks. The Court should not ignore those issues. Defendants' position is the Court should not entertain TNT's new, odd, and improper request for a preliminary injunction hearing.

    3.    **Hearing Dates.**

        a.  **Preliminary Injunction Hearing**

*TNT's Position.* In the event that the Court grants a hearing on TNT's motion for preliminary injunction, TNT respectfully requests that the Court set a hearing on such motion as soon as possible, subject to the limitations on counsel's schedule recited in (3)(b) below.

*Defendants' Position.* As stated above, Defendants object to having a preliminary injunction hearing and believe such a process would invite clear error. The Court expressed concerns that TNT has not or cannot satisfy the threshold issue of standing (let alone directness as statutorily and legally required under the civil RICO act), and, setting aside the reasons allowing a preliminary injunction hearing to go forward at this point would amount to clear legal error, TNT's proposed timing makes zero logical or economical sense. Per Federal Rule of Civil Procedure 65 and the Court's prior Order consolidating injunctive relief with trial on the merits, TNT must first demonstrate actual (not likely) success on the merits before any hearing or order

on injunctive relief can be granted. Accordingly, Defendants object to TNT's request that a hearing be held "as soon as possible."

    b. **Hearing(s) on Dispositive Motions/*Daubert***

If the Court denies TNT's request for a preliminary injunction hearing, then the Parties request that the Court set any *Daubert* hearing and any oral argument on the renewed summary judgment motions for **September 26, 2024** and/or **September 27, 2024**. However, as Defendants stated during the prior telephonic status call, Defendants believe it makes the most sense for the Court to hear any additional oral arguments on Motions for Summary Judgment before any *Daubert* hearing is scheduled, which would allow the Court to determine whether TNT has evidence to demonstrate standing, directness, proximate causation, and non-speculative damages before the parties are forced to expend additional time and resources preparing their expert witnesses and having them fly to St. Louis for a hearing that may be entirely unnecessary. TNT takes the contrary view, believing that a determination of the admissibility of the Parties' respective experts' testimony can be appropriately determined prior to the Court's consideration of the Parties' summary judgment motions and may in fact inform this Court's decision on summary judgment.

The Parties respectfully request that the Court not schedule any hearings in this matter the weeks of September 9 or September 16 in order to accommodate the pending nuptials of Rich Finneran, counsel for TNT, which are scheduled for September 14. Mr. Finneran is also scheduled to be in hearings in another matter on September 3, 4 and 5, which would render him unavailable for any hearing in this matter on those dates.

Dated: July 26, 2024                                    Respectfully submitted,

                                                                BRYAN CAVE LEIGHTON
                                                                PAISNER LLP

                                                               */s/ Richard E. Finneran*
                                                               RICHARD E. FINNERAN, #60768MO
                                                               MARY GRACE WARREN, #73147MO
                                                               ZOE WOLKOWITZ BRANNON #74007MO
                                                               211 North Broadway, Suite 3600
                                                               St. Louis, Missouri 63102
                                                               Tel: (314) 259-2000
                                                               Fax: (314) 259-2020
                                                               *richard.finneran@bryancave.com*
                                                               *marygrace.warren@bryancave.com*
                                                               *zoe.brannon@bryancave.com*

                                                               *Attorneys for TNT Amusements, Inc.*
                                                               *d/b/a Play-Mor Coin-Op*

                                                               and

GRAVES GARRETT GREIM LLC

By: */s/ J. Aaron Craig*
Todd P. Graves #41319 (MO)
J. Aaron Craig #62041 (MO)
1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-3181
Fax: (816) 256-5958
tgraves@gravesgarrett.com
acraig@gravesgarrett.com

Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2024, a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO