# Exhibit 61

Missouri Gaming
Commission Opinion Letter



MICHAEL L. PARSON
*GOVERNOR*

**COMMISSIONERS**

BRIAN JAMISON
*CHAIRMAN*

THOMAS NEER
*VICE-CHAIRMAN*

RICHARD F. LOMBARDO

DANIEL P. FINNEY III

BRANDON BOULWARE

DAVID M. GROTHAUS
*EXECUTIVE DIRECTOR*

**CENTRAL OFFICE**
3417 KNIPP DRIVE
POST OFFICE BOX 1847
JEFFERSON CITY, MO 65102

RIVERBOAT
(573) 526-4080
FAX (573) 526-1999
ENF. FAX (573) 526-4084

BINGO
(573) 526-5370
TOLL FREE (866) 801-8643
FAX (573) 526-5374

FANTASY SPORTS
CONTESTS
(573) 526-4080
FAX (573) 526-5374

ST. LOUIS OFFICE
9900 PAGE AVENUE
SUITE 107
ST. LOUIS, MO 63132
(314) 877-4370
FAX (314) 877-4384

KANSAS CITY OFFICE
1321 BURLINGTON STREET
SUITE 100
NORTH KANSAS CITY, MO 64116
(816) 482-5700
FAX (816) 482-5704

www.mgc.dps.mo.gov

July 3, 2019

St. James VFW Post 5608
Nathan Howard
18775 State Rt. KK
St. James, MO 65559

Re: Electronic devices

Dear Mr. Howard,

This letter is in response to your July 1, 2019 inquiry in which you indicated your Post's interest in acquiring certain electronic devices, and in which you requested Missouri Gaming Commission's (MGC) opinion of the legality of the devices.

In response to that request, representatives from the MGC Electronic Gaming Device department met with a representative of your vendor on July 2, 2019, and examined the devices in question, which are manufactured by Banilla Games, Inc. and distributed by Legacy Coin-Operated Distributors, Inc.

Upon examination and analysis of those devices, the MGC determined that the machines are used or USABLE in the playing phases of gambling activities and therefore constitute "gambling devices" and "slot machines" as defined in sections 572.010(5) and (11), RSMo. Therefore, setting up and operating these devices at your VFW Post would be illegal, in violation of sections 572.030, 572.040 and 572.070, RSMo.

In our opinion, the fact that the player can choose to reveal a prize prior to the first game play, and the nominal existence of some element of skill in the game, does not remove the devices from the prohibitions cited above. Our conclusion is consistent with opinions in other states; most notably the Supreme Court of Iowa in *Banilla Games, Inc. v. Iowa Department of Inspections and Appeals*, 919 N.W.2d 6 (Iowa 2018), which dealt with games similar to this one, manufactured and distributed by Banilla Games, Inc., and the Wyoming Attorney General's Formal Opinion 2018-002, in which the Attorney General found that similar machines manufactured by Bonilla containing the "Prize Viewer" functions were illegal gambling devices under Wyoming law, whose statutes are very similar to the language in Missouri's chapter 572, RSMo. Similar findings were also made by the Florida Court of Appeals in *Gator Coin II, Inc. v. Florida Dept. of Business and Professional Regulation*, 254 So.3d 1113 (Fla.Dist.Ct.App. 2017) and the Ohio Casino Control Commission in an opinion issued recently relating to pre-reveal games.

If these particular devices or any other devices substantially similar to them are found on your organization's premises, the device will be deemed illegal, and the Missouri Gaming Commission will take action to discipline your organization's bingo license pursuant to sections 313.040 and 313.070, RSMo, and 11 CSR 45-30.270.

The Missouri Gaming Commission maintains a zero tolerance for illegal gambling and will take immediate action to revoke the bingo license of any organization that engages in any form of criminal activity. Maintaining the public's trust in the integrity of bingo and pull-tab games benefits all bingo organizations, and it is the responsibility of every bingo organization to protect that trust.

If you have any questions, feel free to contact me.

Sincerely,

Ed Grewach
General Counsel
Missouri Gaming Commission
(573) 526-1927
Ed.grewach@mgc.dps.mo.gov