# Exhibit 77

Case: 4:23-cv-00330-JAR   Doc. #: 245-31   Filed: 08/08/24   Page: 1 of 6 PageID #: 21939

| | |
|---|---|
| **From**: | Steven Miltenberger [steven.a.miltenberger@gmail.com] |
| **Sent**: | 6/13/2017 12:43:26 AM |
| **To**: | nirav9909@yahoo.com |
| **Subject**: | Legal opinion |
| **Attachments**: | 2017-01-03 - Ltr. to Harmer & Miltenberger re No Chance Game-C3.pdf |

Hi Nirav,
Please keep this confidential.
Let me know when you would like me to set a game.
Thank you,
Steven Miltenberger



**Fox Rothschild LLP**
ATTORNEYS AT LAW

353 N. Clark St.
Suite 3650
Chicago, IL 60654
Tel (312) 517-9200  Fax (312) 517-9201
www.foxrothschild.com

WILLIAM BOGOT
Direct No: 312-517-9205
Email: WBogot@FoxRothschild.com

January 3, 2017

Derek Harmer
Steve Miltenberger
Accel Entertainment
P.O. Box 1218
Bolingbrook, IL 60439
Via email:   derekh@accelentertainment.com
             stevenm@accelentertainment.com

Re:   **Opinion of No Chance Game as a gambling device under Missouri Law**

Dear Derek and Steve:

I have reviewed Professor Nelson Rose's legal opinions under Florida and California law (attached hereto) that the "No Chance Game" is not a gambling device and playing of such is not gambling. As far as I know, Professor Rose was not asked to nor did he provide such an opinion under Missouri law. I have been informed that Rob Cantwell, a Missouri gaming attorney, reviewed whether the "No Chance Game" constituted a gambling device or gambling under Missouri law and concluded that it did not. However, I am informed that Mr. Cantwell did not provide a written legal opinion on the matter.

The "No Chance Game" is described by Professor Rose in his opinions. A key part of the game description is that the machine has a clearly labelled button which allows players to view upcoming prizes, in order, for any play level. Players deposit money, but are free to withdraw that money and any winnings at any time. When players touch the button labeled "View Prizes" on the front screen, they see each and every prize to be awarded on any particular play level, in the order that the prizes will be awarded. The game does not determine the prize outcome. The outcome is always determined by the next prize in the finite prize pool. All prizes at each play level come from a separate, pre-determined finite list of prizes. What the machine displays as the next win, and all future wins, is awarded on the next play of the game and all subsequent plays. No money needs to be wagered in order to view the prize pool.

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida
Illinois   Minnesota   Nevada   New Jersey   New York   Pennsylvania   Texas

CONFIDENTIAL                                                                    Torch_027596



January 3, 2017
Page 2

Chapter 572 of the Missouri Revised Statutes ("RSMo") prohibits all gambling activities that are not licensed by the state of Missouri. Article III, Section 39 of the Missouri Constitution specifically authorizes only five types of gambling activities in Missouri: charitable bingo (Section 39(a)), the state lottery (Section 39(b)), on track pari-mutuel betting on horse racing (Section 39(c)), riverboat gambling (Section 39(e)), and charitable raffles and sweepstakes (Section 39(f)).

To analyze whether the "No Chance game" constitutes a prohibited gambling activity under Missouri law, the following definitions from Missouri's criminal code must be considered:

- A "gambling device" is a machine or device that is used or usable in playing phases of gambling activity. RSMo 572.010(5).
- A person engages in "gambling" when "he or she stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his or her control or influence, upon an agreement or understanding that he or she will receive something of value in the event of a certain outcome." RSMo 572.010(4).
- A "slot machine" is a "gambling device that as a result of the insertion of a coin or other object operates, either completely automatically or with the aid of some physical act by the player, in such a manner that, depending upon elements of chance, it may eject something of value." RSMo 572.010(11).
- "Lottery" is "an unlawful gambling scheme in which for a consideration the participants are given an opportunity to win something of value, the award of which is determined by chance." RSMo 572.010(7).
- A "contest of chance" is 'any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that the skill of the contestants may also be a factor therein. RSMo 572.010(3)

Reviewing the above, it is clear that for the "No Chance Game" to possibly be considered a gambling device, gambling, a slot machine or a lottery, the outcome of the game must be determined in material part by chance. In the case of the "No Chance Game," the outcome is always predetermined for all plays, and the player can see in advance of a wager the prizes that will for certain be awarded for the next and all future plays. Thus, the outcome or prize is never dependent upon chance.

Note, however, that for the definition of "gambling" above, the criminal code requires that a player risk something on a "contest of chance" or "*a future contingent event not under his or her control or influence.*" RSMo 572.010(4) (emphasis added). I was unable to find any case law in Missouri interpreting the meaning of a "future contingent event not under his or her control or influence." While the criminal code provides a definition of "contest of chance" is does not

CONFIDENTIAL   Torch_027597



January 3, 2017
Page 3

provide a definition of "future contingent event not under his or her control." This is a peculiar omission by the drafters. At best, one could argue that with the "No Chance Game" while there is no chance, and the future outcomes and prizes are known to the player, they are contingent events not under the player's control or influence. I believe this argument would fail because the definition of "gambling" requires that a player "risk" something on a contest of chance or future contingent event not under his or her control or influence. "Risk," by definition, has chance or uncertainly, none of which exist in the "No Chace Game."[1] Moreover, the Missouri Supreme Court made clear that in determining if a device is devised for gambling, the outcome of the game must depend on chance. *Thole v. Westfall*, 682 S.W.2d 33, 37 (1984). "[C]hance must be a material element in determining the outcome of a gambling game." *Id.* at n. 8. The question to be looked at, according to the Missouri Supreme Court, is whether "from the player's point of view, winning is purely a matter of luck, a matter of chance." *Id.* at 37. As for the "No Chance Game," from the player's point of view, winning a prize is not a matter of luck or chance.

Consequently, under Missouri law, I am in agreement with Professor Rose as to his opinions of the "No Chance Game" under Florida and California law: that the game is missing the element of chance and as therefore the device is not a gambling device.

This opinion is a legal analysis asked on the state of law and the information made available to me as of this date. It is limited to the specific question asked and the specific set of assumed facts given. It is not meant to cover any federal, nor any other specific state law, or apply to any other set of facts. This opinion may only be relied upon by Steve Miltenberger and Accel Entertainment, and their principals, attorneys and agents. Further, while I have researched and

---

[1] According to Merriam-Webster, risk means:

    1: possibility of loss or injury: peril

    2: someone or something that creates or suggests a hazard

    3 a : the chance of loss or the perils to the subject matter of an insurance contract; also : the degree of probability of such loss b : a person or thing that is a specified hazard to an insurer c : an insurance hazard from a specified cause or source <war risk>

    4: the chance that an investment (as a stock or commodity) will lose value

https://www.merriam-webster.com/dictionary/risk.

CONFIDENTIAL
Torch_027598



January 3, 2017
Page 4

applied Missouri law as requested by the clients for this analysis, I am not nor have I ever been a licensed attorney in Missouri.

Very truly yours,

William Bogot

CONFIDENTIAL   Torch_027599