THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| TNT AMUSEMENTS, INC., d/b/a PLAY-MOR COIN-OP, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:23-cv-00330-JAR |
| TORCH ELECTRONICS, LLC, et al., ) ) ) ) | |
| Defendants. ) | |

**TNT AMUSEMENTS, INC.'S STATEMENT OF ADDITIONAL FACTS
PRECLUDING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 4(E), Plaintiff TNT Amusements, Inc. ("TNT") hereby submits the additional facts in opposition to Defendants' Renewed Motion for Summary Judgment.

a. **Missouri Agency Rules Torch Devices Are Illegal**

1. In July 2019, the Missouri Gaming Commission ("MGC") reviewed and declared a no change game to be an illegal gambling device under the Missouri gambling statute at issue here. Pl's SUMF Ex. 61 (Doc. #245-23) (MGC letter dated July 3, 2019).

2. The MGC explained that its ruling applied not only to that particular device, but to "***any other*** devices ***substantially similar*** to them," such that those devices would ***similarly*** "be deemed illegal." *Id.* at 2 (emphasis added).

3. The Torch Devices are functionally identical to the device the MGC reviewed, which is even greater than "substantially similar."

4. Indeed, an MGC employee testified that a customer with a Torch Device would receive the same letter as the 2019 MGC letter. Pl's SUMF Ex. 24 (Doc. #245-12) (Dep. of C. Hanavan) at 90:13–18.

5. The MGC *also* ruled that the existence of the prize viewer does not otherwise make a gambling device legal. Pl's SUMF Ex. 61 (MGC letter) at 1 ("In our opinion, the fact that the player can choose to reveal a prize prior to the first game play, and the nominal existence of some element of skill in the game, does not remove the devices from the prohibitions cited above.").

6. As recently as November 2023, an MGC employee confirmed this ruling had not changed. Pl's SUMF Ex. 24 (Dep. of C. Hanavan) at 74:15–19.

7. Defendants received a copy of the MGC letter within days after it was issued. Pl's SUMF Ex. 2 (Dep. of Mr. Miltenberger) at 173:6–176:17.

    b. **Defendants' Commercial Statements About the Legality of Their Devices Post-MGC Letter Were Not in Good Faith**

8. After the MGC Letter, there were multiple communications by or on behalf of Defendants indicating that Defendants know MGC are illegal devices. *See* **Ex. 1** (Defendant Mr. Miltenberger email dated 7/5/2019) at 1; **Ex. 2** (Letter dated 11/6/2019 from Torch attorney Timothy Sigmund); Pl.'s SUMF ¶ 199; **Ex. 8** (Defendant Mr. Miltenberger email dated 7/8/2019).

9. Defendants tried to spin the MGC letter as a mere opinion that was "propaganda" and outside the MGC's jurisdiction. *See* **Ex. 7** (Defendant Mr. Miltenberger email dated September 7–8, 2019); **Ex. 9** (memorandum Torch created to send to customers regarding legality of their devices post-MGC opinion).

10. Nonetheless, Defendants were aware that the MGC was present when police confiscated Torch Devices in Missouri. *See* **Ex. 7** (Defendant Mr. Miltenberger email dated September 7–8, 2019).

11. Defendants also knew that prosecuting attorneys relied on opinions of the MGC employees in prosecution of other no chance games. **Ex. 10** (state trial brief from Integrity vending case relying on testimony of MGC employee C. Hanavan).

    c. **Defendants' Commercial Statements About the Legality of Their Devices Even Before the MGC Letter Were Not in Good Faith**

12. Even before the MGC letter, Defendants attempted to avoid placing Torch Devices in counties where law enforcement has taken or threatened to take action against NCGs. See **Ex. 3** (Defendant Mr. Miltenberger email dated 2/6/2018 about avoiding Springfield, Boonville, and Jefferson City); **Ex. 4** (email chain with Defendant Mr. Miltenberger during November–December 2018 about avoiding St. Charles and other cities "with casinos"); **Ex. 5** (email chain with Defendant Mr. Miltenberger during November–December 2018 about avoiding St. Charles and other cities "with casinos").

13. For example, Defendants wanted to stay away from Springfield, a city in Greene County, which has since ensued in litigation over Torch Devices. **Ex. 3** (Defendant Mr. Miltenberger email dated 2/6/2018 about avoiding Springfield, Boonville, and Jefferson City); **Ex. 6** (Investigative Subpoena in Greene County dated 7/16/2021).

    d. **Defendants Have Made Numerous False <u>Factual</u> Representations as to the Functions of the Torch Devices**

14. TNT hereby incorporates by reference, as if fully set forth herein, Paragraphs 1, 4, 7, 8, 20–22, and 50–100 of its SUMF (Doc. #95) (describing the functions of the Torch Devices) and paragraphs 100–11 of its SUMF (Doc. #95) (detailing Defendants' misrepresentations), along with any response Defendants may make to the same.

    e. **Defendants Have Expressly Misrepresented the Text of Missouri Revised Statute § 572.010 to the Public**

15. TNT hereby incorporates by reference, as if fully set forth herein, Paragraphs 102 and 103 of its SUMF (Doc. #95) (describing decal falsely stating that Missouri law provides that, "in order for a device to be considered a 'gambling device,' the device must be *designed for use* in the playing phase of 'gambling'"), along with any response Defendants

may make to the same. *Cf.* Mo. Rev. Stat. § 572.010 (defining "gambling device" to include any device that is "***used or usable***" in the playing phase of a gambling activity).

    f. **Defendants Have Made Numerous Objectively False Representations as to the Legality of the Torch Devices**

    16.    TNT hereby incorporates by reference, as if fully set forth herein, Paragraphs 1, 4, 7, 8, 20–22, and 50–100 of its SUMF (Doc. #95) (describing the functions of the Torch Devices) and paragraphs 100–11 of its SUMF (Doc. #95) (detailing Defendants' misrepresentations), along with any response Defendants may make to the same.

    g. **The Missouri Gaming Commission and Multiple Missouri Courts Have Declared the Torch Devices or Devices Like Them to Be Illegal Gambling Devices**

    17.    TNT hereby incorporates by reference, as if fully set forth herein, Paragraphs 195 and 196 of its SUMF (Doc. #95) (describing 2019 MGC Letter), along with any response Defendants may make to the same.

    18.    Defendants Torch and Steven Miltenberger were aware of the September 2020 Platte County case in which a gas station owner plead guilty to felony promotion of gambling as a result of placing 11 "no chance" devices in his business. *See* Pl.'s SUMF (Doc. #95) ¶¶ 67–68 (indicating that Miltenberger was aware of the Integrity Vending case, and that the only difference he was aware of between the Torch Devices and the "no chance" devices in that case was whether the player had to insert money to utilize the "Prize Viewer" mechanism); *see also* Pl.'s SUMF (Doc. #95) ¶ 81 (March 2021 guilty plea of Andrew County gas station owner for possession of a gambling device for 11 "no chance" games).

    19.    Defendants Torch and Steven Miltenberger were aware of the ongoing prosecution in Franklin County of James McNutt, President of Midwest Petroleum, for three misdemeanor counts of possession of a gambling device. *See* Pl.'s SUMF Ex. 2 (Doc. #95-2) (Dec. 15, 2023 Dep. of Steven Miltenberger) at 303:2–303:18; **Ex. 68** hereto (summons to James McNutt).

20. Defendants are paying for Mr. McNutt's legal fees, as they offer to do for all of customers charged with criminal offenses due to placing Torch Devices in their businesses. Pl.'s SUMF Ex. 2 (Doc. #95-2) (Dec. 15, 2023 Dep. of Steven Miltenberger) at 303:2–303:18.

21. The trial in Mr. McNutt's case has once again been continued, this time to October. Ex. 13 (order resetting trial date).

h. **TNT Has Adduced Evidence of Damages, Including the Removal of TNT Devices from Overlapping Locations, as a Result of Torch's Illegal Conduct**

22. TNT hereby incorporates by reference, as if fully set forth herein, Paragraphs 135–96 of its SUMF (Doc. #95) (describing impacts on TNT's business), along with any response Defendants may make to the same.

Dated: September 3, 2024

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
richard.finneran@bryancave.com
marygrace.warren@bryancave.com

*Attorneys for TNT Amusements, Inc. d/b/a Play-Mor Coin-Op*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 3, 2024, the foregoing was served via the Court's electronic filing system upon all parties of record.

*/s/ Richard E. Finneran*