# Exhibit 9

# MEMORANDUM

## Torch Electronics – No Chance Gaming Machines

The State of Missouri has determined that three elements must be present for a game to be considered illegal. These elements are, (i) consideration, (ii) chance, and (iii) prizes.[1] The machines offered by Torch do not meet the definition because they negate the second element. Torch machines are specifically designed so that there is no element of chance in relation to the outcome of the game.[2]

Torch's machines are carefully designed so that there is no element of chance; a material element of a gambling device[3]. Of course, unlicensed gambling devices are illegal in Missouri, but the Torch machines do not fall under the definition because all game outcomes and prizes are pre-determined and in sequential order per the software. Additionally, users of the machines have the option to view game and prize outcomes prior to committing any monies to play. Additionally, if they have put money in the machine, they can withdraw the balance at any time after reviewing an outcome that they deem unfavorable. The games on the machines are purely for entertainment and are not gambling devices.

Based on input from the stores which have been approached by the Highway Patrol and a review of media reports, the basis for the declaration that Torch machines are "illegal" is a letter from the Missouri Gaming Commission's General Counsel dated July 3, 2019 and delivered to a VFW Post in St. James, Missouri. The letter does not refer to any specific games, only the manufacturer of the games and the distributor. The letter also does not indicate the findings of the inspection other than a general statement that the MGC considers them illegal under Section 517.020 RSMo. While MGC has the authority to regulate bingo and casinos in Missouri, it is unclear under what authority and jurisdiction the General Counsel has with regard to "declaring" the machines illegal outside of those places which are licensed for bingo. In fact, the MGC has no jurisdiction to pursue an action against the owners and operators of these games, including Torch. Rather, the decision to prosecute or not lies generally with prosecuting attorneys.

---

[1] Section 572.010(4) RSMo defines "Gambling", in relevant part, as occurring when a person, "stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his or her control or influence, upon an agreement or understanding that he or she will receive something of value in the event of a certain outcome". Subsection (3) defines "Contest of Chance" as, "any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that the skill of the contestants may also be a factor therein." Subsection (5) defines a "Gambling device", in relevant part, as, "any device, machine, paraphernalia or equipment that is used or usable in the playing phases of any gambling activity, whether that activity consists of gambling between persons or gambling by a person with a machine." Significant in the definitions is the element of "chance".

[2] In Thole v. Westfall, 682 S.W.2d 33, 35 (Mo. App. E.D. 1984), the Court noted that based on Section 572.010 RSMo, "gambling includes playing games wherein 1) players stake or risk something of value, 2) **chance is a material factor** [emphasis added] and 3) successful play is rewarded by "something of value".

[3] In Harris v. Missouri Gaming Commission, 869 S.W.2d 58, (Mo. Banc 1994), the Court considered a challenge to the constitutionality of the state statute authorizing riverboat gambling. . Importantly, the Court noted in its analysis that, ""chance" is central and is defined as "something that happens unpredictably without any discernible human intention or direction...." Webster's Third New International Dictionary 373 (1976)." Id.

CONFIDENTIAL
Torch_019143

Other than the citation to the Missouri statute, the General Counsel's letter cites, as authority for its conclusions, case law from Iowa, Wyoming, and Florida and an opinion of the Ohio Casino Control Commission. To suggest that other State's opinions determine unequivocally that the machines are "illegal" in Missouri is a misrepresentation to both the Highway Patrol and the media. It is nothing more than the opinion of the MGC which has not been subject to scrutiny.

Torch and its supplier carefully designed the games to avoid the elements of a "gambling device" under Missouri law. Regardless of appearance of the machines, any assertion that they are definitively illegal by the MGC, or otherwise, is of no merit. Threatening the stores and businesses where Torch licenses space to place the machines is not appropriate or warranted especially if the basis for the assertion is the *opinion* of the General Counsel of MGC.

CONFIDENTIAL
Torch_019144