# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT**

| | |
|---|---|
| TNT AMUSEMENTS, INC., ) | |
|             ) | |
|   Plaintiff,  ) | |
|             ) | |
| v.          ) | Case No. 4:23-cv-00330-JAR |
|             ) | |
| TORCH ELECTRONICS, LLC, et al. ) | |
|   Defendants. ) | |

**TNT AMUSEMENTS, INC.'S INITIAL DISCLOSURES**

TNT Amusements, Inc. ("TNT") makes the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. TNT reserves the right to amend and supplement these disclosures and will do so as appropriate.

A. **Individuals - Rule 26(a)(1)(A)(i)**

TNT believes that the following individuals may have discoverable information that it may use to support its Complaint and its defense to Defendants' Counterclaims.

1. **Jim Turntine**
   TNT Amusements, Inc.
   Mr. Turntine may be contacted through counsel for TNT.

   Mr. Turntine, TNT's President, possesses information about TNT's business operations, financial information, and customers; damages done to TNT due to the actions of Defendants; Defendants' practices of making false statements about the legality of Torch Electronics, LLC ("Torch") devices; the amusement game industry and the market for legal amusement games; and the impact of illegal gambling machines upon the legal amusement game market, as evidenced by Defendants' damage to TNT's business and business relationships.

2. **Marla Turntine**
   TNT Amusements, Inc.
   Mrs. Turntine may be contacted through counsel for TNT.

   Mrs. Turntine, TNT's Human Resources Manager, possesses information about TNT's business operations, financial information, and customers; damages done to TNT due to the actions of Defendants; Defendants' practices of making false statements about the legality of Torch Devices; the amusement game industry and market for legal amusement games; and the impact of illegal gambling machines upon the legal amusement game market as evidenced by Defendants' damage to TNT's business and business relationships.

3. **Donna Havey**
   TNT Amusements, Inc.
   Ms. Havey may be contacted through counsel for TNT.

   Ms. Havey, TNT's Route Manager, possesses information about TNT's business operations, financial information, and customers; damages done to TNT due to the actions of Defendants; Defendants' practices of making false statements about the legality of Torch Devices; the amusement game industry and market for legal amusement games; and the impact of illegal gambling machines upon the legal amusement game market as evidenced by Defendants' damage to TNT's business and business relationships.

**4. Stacy Friedman**
Olympian Gaming, LLC
Mr. Friedman may be contacted through counsel for TNT.

Mr. Friedman, TNT's expert witness, possesses the skill and knowledge necessary to confirm that the Torch Devices operate using an element of chance, involve outcomes that are beyond the control of the player, and are constructed or readily adaptable or convertible to use as a slot machine, as defined by Missouri law.

**B.    Documents – Rule 26(a)(1)(A)(ii)**

TNT may use the following documents to support its Complaint and its defense to Defendants' Counterclaims. By identifying the following documents, TNT does not waive any objection as to relevance, discoverability, privilege, or admissibility. To the extent that TNT later identifies additional documents which are not identified herein, and which are not otherwise produced in response to a Rule 34 request for production, TNT will seasonably amend these disclosures. Copies of the documents listed below are currently in the possession of TNT or its counsel of record (unless otherwise stated): documents reflecting damages resulting from Defendants' conduct, such as profit and loss statements and gross revenue; TNT communications, internally and with third parties relating to Defendants' conduct; and copies of Torch advertisements and marketing materials.

**C.    Damages – Rule 26(a)(1)(A)(iii)**

TNT has not precisely ascertained the full extent of the damages that it has suffered as a result of Defendants' conduct. By providing the below computations, TNT does not waive its right

to seek damages in such additional amounts as may be determined through further discovery and/or at trial.

TNT's actual damages include lost revenues resulting from the removal of TNT machines from locations controlled by TNT customers of no less than $175,000, in addition to further lost business opportunities and revenues resulting more generally from Defendants' false advertising of the Torch Machines, in an amount that is uncertain but which will be determined at or before trial.

The treble damages sought by TNT's claims in Counts I through VII equal at least $525,000.

The attorneys' fees incurred by TNT to date in the instant action amount to at least $100,000.

The profits and cost savings of Defendants as a result of the activities alleged in the Complaint are unknown but are believed to exceed $10,000,000.

D.      **Insurance Agreements – Rule 26(a)(1)(A)(iv)**

TNT has corporate liability insurance that includes coverage for "advertising injur[ies]" and which may therefore be implicated by Defendants' Counterclaims.

Date: October 16, 2023

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
MARY GRACE WARREN, #73147MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*
*marygrace.warren@bryancave.com*

*Attorneys for TNT Amusements, Inc. d/b/a Play-Mor Coin-Op*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of October, 2023, a true and accurate copy of the foregoing was served on all parties of record.

*/s/ Richard E. Finneran*