IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TNT AMUSEMENTS, INC., d/b/a PLAY-MOR COIN-OP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TORCH ELECTRONICS, LLC, STEVEN MILTENBERGER, and SONDRA MILTENBERGER | ) ) ) ) |
| Defendants. | ) ) |

Case No. 4:23-cv-00330-JAR

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

"TNT need not show *actual* injury in order to be entitled to summary judgment . . . it is enough for TNT to show a likelihood of injury, which the Court may presume from the mere fact of the materially false representation. *See Buetow*, 650 F.3d at 1183."

- TNT, August 5, 2024 (ECF #238, Moving Brief at 16)

"[T]he Lanham Act *presumes* injury to a plaintiff if a defendant's claims are literally false. *See Buetow v. A.L.S. Enterprises*, 650 F.3d 1178, 1183 (8th Cir. 2011)."

- TNT, September 3, 2024 (ECF #267, TNT's Opp. to Defs. Mtn for Summary Judgment at 16).

"The Eighth Circuit said the exact opposite. Yet again, TNT attempts to lead the Court down a primrose path, a path the Eighth Circuit said – *in the case TNT relies on* – will if followed, result in reversal.

- Defendants, September 3, 2024 (ECF #265, Opp. at 15)

2

> "TNT did not cite Buetow for the proposition it rejected . . . but for the proposition that it **endorsed**: that when an advertisement is literally false, 'the court may presume that consumers were misled . . .'"
>
> - TNT, September 11, 2024 (ECF #278, TNT's Reply at 13).

It is impossible to square TNT's first *two* representations to the Court above with TNT's third representation. TNT misrepresented the holding in *Buetow* to the Court on multiple occasions, claiming *Buetow* holds *causation and injury* are presumed in the Lanham Act context. Rather than admit TNT was wrong, TNT misrepresents TNT's prior representations. But what is worse, and what necessitated this sur-reply, is that TNT then goes a step further to try to salvage its reliance on *Buetow* by claiming the Eighth Circuit's holding, requiring a plaintiff to demonstrate harm, was "abrogated by [15 U.S.C.] § 1116[(a)]." (Pl.'s Reply at 13 (ECF #278)). TNT falsely claims this statutory revision eliminates the requirement set forth by the Supreme Court in *Lexmark* that TNT must prove injuries proximately caused by complained-of advertisements, claiming "once the falsity of an advertisement is established, the burden shifts to the **Defendants** to establish that no harm to TNT has occurred[.]" (*Id*. at 12-13).  It is not *Defendants*' burden to disprove causation. *Causation* cannot be presumed, and § 1116(a) does not purport to say otherwise. TNT has the burden to prove causation. And causation and *irreparable* harm are two distinct legal concepts. Yet again, TNT hopes to lead the Court down a primrose path that leads to reversal.

TNT introduces this statutory presumption for the first time in its Reply brief. TNT then accuses Torch of failing to rebut the newly introduced presumption. If TNT wanted to raise this issue, TNT should have raised it in TNT's moving brief and given Defendants a fair opportunity to respond. Instead, Defendants were forced to respond to a 21-page moving brief, and now respond to new arguments raised in TNT's 23-page Reply brief. This has become a predictable pattern; every time

Defendants hit their target . . . TNT attempts to unfairly move the target. Regardless, § 1116(a) does not save TNT's Lanham Act claims.

TNT's newly raised provision of the Lanham Act concerns the rebuttable presumption of irreparable harm "in the case of a motion for a permanent injunction or . . . a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. § 1116(a). According to TNT, this provision means that TNT can be awarded summary judgment on "Defendants' liability" without a showing TNT's own damages or harm were caused by an actionable false advertisement. (*See* Pl.'s Reply at 12, 15 (ECF # 278)). Even a quick skim of this statute shows TNT's position is incorrect, because the provision TNT is newly relying on only applies to motions for temporary restraining orders or preliminary or permanent injunctions, not motions for summary judgment.

TNT's Partial Motion for Summary Judgment is not a Motion for Preliminary Injunction. TNT already attempted to revive that request once during the summary judgment phase (requesting a preliminary injunction hearing), and the Court correctly reiterated, a "preliminary injunction hearing is not necessary or appropriate at this time." (ECF #223, Amended Case Management Order at 1). TNT's newly raised argument based on §1116(a) effectively represents TNT's second attempt to inject a *preliminary* injunction standard into summary judgment. This is facially improper. TNT Partial Motion for Summary Judgment is also clearly not a Motion for Permanent Injunction, which would only make sense *after* TNT successfully demonstrated *actual* success on the merits of TNT's Lanham Act claim (including successfully showing some specific and actionable statement of fact by Torch caused actual harm to TNT, which, as Defendants pointed out in their Motion for Summary Judgment, TNT cannot show).

TNT's Reply fails completely to address one primary argument by Defendants – TNT's opinions regarding the legality of Torch devices under Missouri law are not actionable statements of *fact* under the Lanham Act. That alone is fatal to TNT's Lanham Act claims. In the context of TNT's

4

Lanham Act, this is the most clear-cut reason why TNT's claims fail. But even if TNT had pled actionable Lanham Act claims *and* TNT's new claim that § 1116(a) applies to TNT's request for summary judgment were true (it is not), TNT glosses over the fact any presumption is "a rebuttable presumption." By slipping this argument into TNT's Reply, TNT improperly attempted to prevent Torch from pointing out TNT's own actions and admissions that rebut any presumption.

Even in the context of a motion for preliminary or permanent injunction, the law is clear that the rebuttable presumption is rebutted when a party delays in seeking injunctive relief. In fact, the last time TNT attempted to rely on § 1116(a)'s rebuttable presumption was last year when TNT attempted to claim such a presumption entitled TNT to a preliminary injunction. The Court correctly ruled that TNT's decision to wait *years* before claiming irreparable harm prevented a presumption of harm. Thus, for TNT to demonstrate harm, it will need to prove it (TNT cannot).

And TNT's admissions in TNT's response to Torch's Statements of Undisputed Fact rebut any claimed rebuttable presumption of injury caused by Torch. (*See, e.g.*, ECF #269, TNT's Response to Defendants' Statement of Material Facts, ¶¶ 139 (TNT admits "Dr. Kneuper [TNT's damages expert] . . . does not independently examine causation or liability except as set forth therein in assessing the impact of other factors beyond Defendants' conduct"), 140-45, 148 (Turntine as TNT's 30(b)(6) representative admitting "there could be a potentially infinite number of reasons why a retail location might choose to get rid of a TNT devices."), 149 (Turntine as TNT's 30(b)(6) representative admitting that determining why a consumer might prefer one device over another device would be based on "speculating generally about what people might want in the consuming world"), 152-54, 159 at 73-81). Section 1116(a) does not create a rebuttable presumption on a motion for summary judgement, but, even if it did, the presumption is rebutted. TNT is desperate to convince the Court to *presume* damages because TNT knows TNT lacks the evidence to *prove* damages proximately caused by some statement or act by Torch, which is the applicable standard.

A. **TNT Lost Its Motion for Preliminary Injunction, and TNT Has Not Filed a Motion for Permanent Injunctions (Nor Could TNT Before TNT Demonstrates Actual Success on the Merits).**

In 2020, Congress amended the "Injunctive Relief" statute within the Lanham Act, 15 U.S.C. § 1116; the provision now provides that a rebuttable presumption of irreparable harm is presumed if success on the merits is either likely (applicable only in the *preliminary* relief context) or actually demonstrated (in the permanent injunction context). *See* 15 U.S.C. § 1116(a); *see also H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 951 (8th Cir. 2023) ("Without showing a likelihood of confusion, H&R Block is not entitled to a rebuttable presumption of irreparable harm . . . [under] 15 U.S.C. § 1116(a)."). TNT's multiple attempts for a pretrial preliminary injunction have all failed. (*See* ECF #223, Amended Case Management Order at 1). Thus, the preliminary injunction standard is irrelevant. TNT did not file a motion for a permanent injunction. As Torch noted in its Opposition, TNT does not even argue TNT can satisfy the mandatory injunctive relief factors that must be weighed in every request for injunctive relief. TNT's Reply does not suggest otherwise. Section 1116(a) is not applicable to TNT's Partial Motion for Summary Judgment.

To succeed on the merits of a Lanham Act false advertising claim, a plaintiff must prove its injuries were proximately caused by the complained-of statements. This requirement is not eliminated by the presumption of irreparable harm; that presumption does not even apply unless and until actual or likely success on the merits (including causation of injury) is satisfied. *See* 15 U.S.C. § 1116(a); *accord Bidi Vapor, LLC v. Vaperz LLC*, 543 F. Supp. 3d 619, 625 (N.D. Ill. 2021) (noting the plaintiff "focuses too much on the recently codified statutory presumption of irreparable harm but ignores that it cannot claim the benefit of that presumption."). In *Bidi Vapor*, the plaintiff, like TNT, could not demonstrate "success on the merits," in part because it had no evidence the complained-of advertisements were the proximate cause of its losses. *See id*. at 631 ("Critically, the focus is on whether the *false statements* caused lost sales.") (emphasis in original) (citing *Lexmark Int'l, Inc. v.*

6

*Static Control Components, Inc.*, 572 U.S. 118 (2014)); see also *Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 383 (7th Cir. 2018) (noting, in preliminary injunction context, "likelihood of success on the merits" includes a sufficient showing of causation, which requires "proof of an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations") (citing *Lexmark Int'l, Inc.*, 572 U.S. 118); *BioTE Med., LLC v. Jacobsen*, 406 F. Supp. 3d 575, 581 (E.D. Tex. 2019) ("BioTE conflates the injury element required to establish a false advertising under the Lanham Act with the distinct irreparable harm element required to support the issuance of a preliminary injunction[.]"). TNT confuses (intentionally it seems) the injury element (i.e., TNT's burden to demonstrate an actionable factual statement by Torch caused TNT's harm) with the distinct concept of *irreparable* harm required to support injunctive relief. Proximately caused injury is not the same thing as *irreparable* harm. *Grasso Enterprises, LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016) ("It is well established that irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages.") (alterations omitted). Section 1116(a) is concerned with *irreparable* harm. It is possible for a party to secure a *preliminary* injunction based only on a showing of the *likelihood* of injury, but that ship has sailed for TNT. TNT is obligated at this point to *prove* injury proximately caused by factual and false statement by Torch. Without such proof, TNT has no pathway to success on the merits, and clearly no pathway to securing the extraordinary relief of a permanent injunction.

In essence, the rebuttable presumption is "that Lanham Act injuries are irreparable[,]" not that a court may presume that a party that sues for false advertising has suffered injuries proximately caused by challenged statements. *See Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 18 (7th Cir. 1992); *see also id*. ("Finding that. . . Abbott's injuries are irreparable only would mean that it has cleared the second preliminary injunction threshold[.]"). TNT has an obligation at the summary judgment stage to come forward with evidence sufficient to prove TNT suffered actual, not presumed, injury that was

7

proximately caused by a specific and actionable statement by Torch. TNT failed to plead an actionable statement that could support a literally false Lanham Act claim, let alone point to evidence that would prove any tortious statement by Torch proximately caused TNT damage.

**B. The Rebuttable Presumption of Irreparable Harm is Rebutted When a Party Delays Bringing Its Claim.**

TNT introduces this statutory presumption for the first time in its Reply brief – and then accuses Torch of failing to rebut the newly introduced presumption. However, when this statute was actually at issue (i.e., back when TNT filed a Motion for Preliminary Injunction), Torch explained that the rebuttable presumption of irreparable harm is rebutted by the fact that a plaintiff sat on its rights for years. (*See* Defs.' Mem. Opp'n Mot. Prelim. Inj. at 14 (ECF #21)); *see also Phyllis Schlafly Revocable Tr. v. Cori*, 924 F.3d 1004, 1010 (8th Cir. 2019) ("[D]elay in moving for preliminary injunctive relief negates any presumption of irreparable harm . . . and may, standing alone, justify denial of preliminary injunctive relief."); *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, No. 2:15-CV-02211, 2018 WL 3039734, at *7 (W.D. Ark. June 19, 2018), *aff'd,* 828 F. App'x 707 (Fed. Cir. 2020) ("Rebuttable presumptions serve only 'to control the result where there is an entire lack of competent evidence.'") (Lanham Act case) (quoting *Del Vecchio v. Bowers*, 296 U.S. 280, 286 (1935)). "[W]hen sufficient proof has been offered to rebut a presumption that a claim is within the coverage of a statute, 'it falls out of the case.'" *Id*. Accordingly, even if TNT had filed a motion for a permanent injunction instead of a motion for summary judgment, TNT's multiyear delay is undisputed, competent evidence that would alone be sufficient to rebut the presumption.

**C. TNT's Own Admissions Rebut Any Rebuttable Presumption.**

TNT's admissions in TNT's response to Torch's Statements of Undisputed Fact rebut any claimed rebuttable presumption of injury caused by Torch. TNT's admission at the summary judgment stage do not just rebut any rebuttable presumption TNT might claim exist; at the summary judgment

8

stage, they are fatal to TNT's claims. TNT's desperation to convince the Court to presume harm is an implied admission that TNT lacks the evidence to prove harm. TNT's admissions prove TNT's claims of harm are not based on anything but speculation and conjecture. TNT admits its damages expert can only discuss causation in the context of identifying causal factors that allegedly harmed TNT *other than Torch*. (*See, e.g.*, ECF #269, TNT's Response to Defendants' Statement of Material Facts, ¶¶ 139 (TNT admits "Dr. Kneuper [TNT's damages expert] . . . does not independently examine causation or liability except as set forth therein in assessing the impact of other factors beyond Defendants' conduct")). TNT's corporate representative made numerous admissions that TNT has no way of demonstrating Torch, rather than an infinite number of factors unrelated to Torch, proximately caused TNT harm. Maybe the best example is TNT's admission "there could be a potentially infinite number of reasons why a retail location might choose to get rid of a TNT device." (*Id*. at ¶ 148). But there are a host of additional admissions on this point. (*See id.* at ¶¶ 140-45, 149 (Turntine as TNT's 30(b)(6) representative admitting that determining why a consumer might prefer one device over another device would be based on "speculating generally about what people might want in the consuming world"), 152-54, 159 at 73-81). And TNT has admitted the best evidence the one retail location representative TNT deposed offered was that his employer, Midwest Petroleum, chose to remove some TNT devices because they were less profitable that Torch devices, which is not evidence of tortious conduct.

Section 1116(a) does not create a rebuttable presumption on a motion for summary judgment, but, even if it did, the presumption is clearly rebutted. TNT is desperate to convince the Court to *presume* damages because TNT knows TNT lacks the evidence to *prove* damages proximately caused by some statement or act by Torch, which is the applicable standard

### D. TNT's Claims of Abrogation are Unfounded.

TNT cites no authority suggesting *Lexmark*'s proximate cause requirement has been abrogated on the basis of the statutory presumption of irreparable harm in the context of motions for injunctive

9

relief, and there is no basis for that contention. The highest court's mandate that a party cannot recover for allegedly false advertising without actually "prov[ing][] an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations" remains the law. *Lexmark Int'l, Inc.*, 572 U.S. at 140. Federal courts still apply this law through to the present – at times, summarily, such as where there is simply no evidentiary basis to believe it was specifically the complained-of advertisements that caused a given customer to withhold trade from the plaintiff. *See, e.g., Williams & Cochrane, LLP v. Rosette*, No. 23-55166, 2024 WL 1651666, at *1 (9th Cir. Apr. 17, 2024) (affirming summary judgment against Lanham Act false advertising plaintiff where there was no evidence the alleged misrepresentations caused a third-party to terminate its relationship with the plaintiff). The same result should follow here. Injury and proximate causation remain threshold issues that TNT must prove in this case to be entitled to any form of relief TNT might seek.

Dated: September 18, 2024                                   Respectfully submitted,

                                          GRAVES GARRETT GREIM LLC,

                                        By:  */s/ J. Aaron Craig*
                                        Todd P. Graves #41319 (MO)
                                        J. Aaron Craig #62041 (MO)
                                        Chandler E. Carr #68836 (MO)
                                        1100 Main Street, Suite 2700
                                        Kansas City, MO 64105
                                        Phone: (816) 256-3181
                                        Fax: (816) 256-5958
                                        tgraves@gravesgarrett.com
                                        acraig@gravesgarrett.com
                                        ccarr@gravesgarrett.com

                                        **Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger**

## CERTIFICATE OF SERVICE

     I hereby certify that on September 18, 2024, I caused the foregoing was filed with the Court's electronic ECMF filing system, which automatically served counsel for Plaintiff TNT Amusements, Inc., d/b/a Play-Mor Coin-Op with a notice of filing the same.

                                                                                        */s/ J. Aaron Craig*

                                                                     Attorneys for Defendants Torch Electronics, LLC, Steven Miltenberger, and Sondra Miltenberger