UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TNT AMUSEMENTS, INC., ) <br> d/b/a PLAY-MOR COIN-OP, ) <br>                                                ) <br>           Plaintiff, ) <br>                                                ) <br>           v.                                   ) <br>                                                ) <br> TORCH ELECTRONICS, LLC, *et al.,* ) <br>                                                ) <br>           Defendants.                          ) | Case No. 4:23-CV-330-JAR |

## **ORDER**

This matter is before the Court on Defendants' motion to quash Plaintiff's subpoena seeking production of the physical object at the center of this case for the jury's viewing at trial. Defendants' motion will be denied.

Plaintiff TNT Amusements leases traditional arcade games in retail locations throughout Missouri. Defendant Torch Electronics leases "no-chance" gaming devices in the same market. TNT contends that Torch's games are illegal slot machines being operated in violation of Missouri gambling laws. TNT's complaint seeks a declaration to that effect and asserts two claims of unfair competition under the Lanham Act and Missouri common law.

During discovery, in December 2023, TNT served on Torch a Rule 34 request for production seeking to inspect, photograph, and operate an exemplar of each of the five gaming devices in question. Torch resisted, and TNT settled for the hard drives only, for purposes of expert inspection. The parties litigated their summary judgment motions based on their respective experts' review of those hard drives. Then in May 2025, after the close of discovery and in preparation for trial, set for September 29, 2025, TNT served a Rule 45 subpoena

directing Torch to produce the five machines in operable form for demonstration at trial. Torch now moves to quash the subpoena, arguing that TNT abandoned its request for the physical machines during discovery and is precluded from reviving it at this stage. Torch asserts that it's too late for the discovery of new evidence, and Torch would be unduly burdened by the task of procuring the devices and producing them in court. TNT counters that the machines aren't new evidence but merely existing evidence in 3D, and it never waived its right to present this best form of evidence to the jury, the value of which outweighs any inconvenience to Torch.

In ruling on a motion to quash, the Court has discretion and a range of choice, balancing the relevant factors. *Walker v. Bonenberger*, 438 F.3d 884, 890 (8th Cir. 2006). In the overall context of this case, Torch's arguments here are unpersuasive. The Court finds incredible the suggestion that TNT unwittingly or strategically relinquished the opportunity to show the jury how a Torch device works by not litigating its right to physical inspection during discovery. The correspondence between counsel simply reflects TNT's willingness to compromise for purposes of expert review and opinion. Torch's characterization of the machines central to this case as "new evidence" after withholding physical access in discovery is not well-taken.

The Court believes that the visual appearance and interactive operation of the machine as it functions in a retail setting is highly relevant and will assist the jury in understanding the issues in this case. The Court further finds that the significant evidentiary value of a live demonstration for the jury far outweighs any burden on Torch, whose core business demands the same tracking and transport it laments here. Any related expense was to be expected in this litigation.

However, the Court will not require Torch to produce five machines but rather only one, at TNT's selection. The Court will take up the specific parameters of demonstration at the pre-trial conference.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to quash is **DENIED**. (Doc. 323). TNT is directed to select one Torch model for demonstration at trial. Torch shall make logistical arrangements accordingly. The Court will address additional particulars at the pre-trial conference.

Dated this 13th day of August, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE