**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TNT AMUSEMENTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-330-JAR |
| | ) |
| TORCH ELECTRONICS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF TNT AMUSEMENTS, INC.'S MOTION**
**FOR ORDER EXCLUDING IMPROPER CLOSING ARGUMENTS**

Throughout the case, Defendants have sought, through statements and questions in front of the jury, to inject issues that this Court has previously ruled are not proper or which rely upon inadmissible facts that have not been introduced into evidence. In many cases, the matters alluded to by Defendants' counsel in front of the jury were subject to pretrial motions in limine that had been granted by the Court. In light of this disturbing pattern, TNT regrettably believes it is necessary that this Court provide firm instruction to Defendants' counsel that such matters are not to be referenced in closing argument, lest TNT's counsel be required to interrupt Defendants' closing arguments with objections on matters that the Court has long ago ruled upon. TNT therefore respectfully requests that the Court order Defendants to refrain from referring to certain inadmissible and improper matters, as set forth in further detail below.

**BACKGROUND**

**A. This Court's Pretrial Rulings**

Prior to trial, this Court granted several of TNT's motions in limine (Doc. #353) to exclude certain irrelevant or otherwise inadmissible evidence and argument at trial. *See* Order (Doc. #378). As pertinent here, the Court ordered the following evidence and arguments excluded evidence relating to:

1

1. Proposed changes to Missouri legislation and lobbyists (TNT's Mot. in Limine No. 1);

2. The legality or functionality of games not at issue in this action, including games owned by TNT (TNT's Mot. in Limine No. 2);

3. Prior litigation between TNT and Torch (TNT's Mot. in Limine No. 3);

4. Discussions or agreements with prosecutors or other Missouri officials related to the non-prosecution of Torch (TNT's Mot. in Limine No. 4); and

5. Other civil lawsuits related to the Torch Devices (TNT's Mot. in Limine No. 5).

The Court indicated that its pretrial rulings were interlocutory in nature and, to the extent that either party believed that developments at trial merited reconsideration of the Court's rulings, counsel should approach before inquiring further.

In addition, during the hearing on the parties' motion in limine, the Court specifically inquired as to whether Defendants intended to raise any "advice of counsel" defense, and Defendants specifically disclaimed any such defense. TNT relied upon that disclaimer and the Court's associated rulings in preparing for trial.

**B. Defendants' Opening Statement**

Despite this Court's pretrial rulings, Defendants' opening statement alluded to numerous matters that the Court had ruled inadmissible pursuant to TNT's motions in limine. For example, Defendants' opening statement told the jury that the evidence would show that:

- Mr. Turntine had "very powerful friends," an apparent reference to Senator Dave Schatz, whom Mr. Turntine previously contacted regarding potential changes to Missouri law, *see* TNT's Mot. in Limine (Doc. #353) No. 1;

- TNT had "claw machines," "horoscope machines," and other devices, a clear reference to devices that Defendants had previously suggested might be illegal gambling devices, *see* TNT's Mot. in Limine (Doc. #353) No. 2; and

- Mr. Miltenberger "regularly meets" with "prosecutors," and "state legislators" regarding the Torch Devices, *see* TNT's Mot. in Limine (Doc. #353) No. 4.

2

Defendants' opening statement also repeatedly made reference to the opinions of attorneys, expressly stating that the decal that Defendants attach to each of the Torch Devices was written by an attorney from the firm of Lathrop & Gage.

### C. Defendants' Questioning of Witnesses

As the case has progressed, Defendants have continued to seek to elicit testimony from witnesses to harken back to their opening themes, despite having TNT's objections to such questions repeatedly sustained. In his examination of Mr. Miltenberger, for example, Defendants' counsel asked multiple questions about other lawsuits (or the lack thereof)—including whether any such lawsuit had been brought by the Missouri Gaming Commission—before TNT's objections were sustained. Mr. Miltenberger also volunteered, in response to one of his counsel's questions, that he is "happy to meet" with politicians and government officials about the Torch Devices.

A similar pattern emerged during Defendants' counsel's examination of Jim Turntine. Defendants' counsel asked Mr. Turntine about both Torch and TNT hiring lobbyists and seeking to change Missouri gambling laws, resulting in an admonishment from the Court in front of the jury, as well as communications with at least one Missouri prosecutor. He also attempted to introduce evidence regarding the nature and characteristics of one of TNT's devices that he said contained a "silver falls" feature, another device that Defendants have previously claimed may be an illegal gambling device.

In multiple examinations, Defendants have also attempted to allude to advice that the Defendants have received from attorneys, despite their previously having disclaimed an advice-of-counsel defense. Defendants successfully introduced evidence that the Torch Device decal had been authored by an attorney, and thereafter unsuccessfully attempted to elicit details about the

3

communications that led to the creation of that decal. Defendants also attempted (but failed) to introduce an opinion letter from Mr. Miltenberger's prior employer regarding his analysis of the legality of the Torch Devices. Defendants further sought to introduce hearsay discussions with Mr. Miltenberger's former employer about the contents of that letter. As the Court has itself noted, Defendants have repeatedly come treacherously close to asserting the advice-of-counsel defense they previously disclaimed, and TNT believes they have likely already crossed the line.

### REQUEST FOR RELIEF

Given the Defendants' repeated attempts to inject issues that this Court has deemed irrelevant or prejudicial and to insinuate an advice-of-counsel defense after previously disclaiming one, TNT is concerned that Defendants will attempt to use the bread crumbs they have left through their opening and questioning (even when objections were sustained) to suggest to the jury that it should reach a verdict on an improper basis. TNT therefore respectfully requests that the Court expressly order Defendants not to raise or discuss any of the following issues in their closing argument:

- The hiring of lobbyists or meeting with legislators or state officials;
- Any proposed changes to state legislation;
- Any argument related to the function or legality of devices that are not at issue in this litigation, including any devices owned by TNT;
- Any prior lawsuits or other action taken by TNT against Defendants;
- Any argument related to the non-prosecution of Defendants or their customers;
- Any previous civil lawsuits related to Defendants' devices; and
- Any legal advice received by Defendants regarding the legality or illegality of the Torch devices or their alleged reliance thereon.

4

This trial comes down to two simple questions: are Defendants' advertisements false or misleading, and to what extent have those false and misleading statements harmed TNT? This Court should issue the requested order to ensure that Defendants' closing arguments are focused on those narrow questions, rather than the collateral and irrelevant matters they have sought to poison the well with during the course of the trial. Ordinarily, such an order would not be necessary, given this Court's prior orders. But in light of Defendants' prior efforts to introduce such concepts despite the Court's express exclusion of them, TNT respectfully suggests that a further order is necessary.

WHEREFORE TNT respectfully requests that the Court issue an order precluding Defendants from raising and discussing the issues set forth above in their closing argument, and for such other and further relief as the Court deems just and proper.

Dated: October 6, 2025                              Respectfully submitted,

                                                    BRYAN CAVE LEIGHTON
                                                    PAISNER LLP

                                                    */s/ Richard E. Finneran*
                                                    RICHARD E. FINNERAN #60768MO
                                                    ZOE WOLKOWITZ BRANNON #74007MO
                                                    211 North Broadway, Suite 3600
                                                    St. Louis, Missouri 63102
                                                    Tel: (314) 259-2000
                                                    Fax: (314) 259-2020
                                                    richard.finneran@bryancave.com
                                                    zoe.brannon@bryancave.com

                                                    *Attorneys for TNT Amusements, Inc.*
                                                    *d/b/a Play-Mor Coin-Op*

5

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on October 6, 2025, the foregoing was served on counsel for Defendants by operation of this Court's electronic filing system.

                                                                  */s/ Richard E. Finneran*