# INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of trial and during the trial.

You will have copies of these instructions in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

given
John A. Ross
10/6/25

## INSTRUCTION NO. 2

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

given John A. Ross

# INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

given
John A. Ross
10/6/25

## INSTRUCTION NO. 4

You must decide whether certain facts have been proved by a preponderance of the evidence. A fact has been proved by a preponderance of the evidence if you find that it is more likely true than not true. You should decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

*given John A. Ross 10/6/25*

**INSTRUCTION NO. 5**

You have heard testimony from experts Stacy Friedman, Nick Farley, Robert Kneuper, and Preston Herman, who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witnesses' education and experience, the reasons given for their opinions, and all other evidence in this case.

given John A. Ross
10/6/25

# INSTRUCTION NO. 6

As I did at the start of the case, I will provide you with detailed instructions on what each side must prove to win on its contentions.

In these instructions, you may hear references to "Plaintiff" and "Defendants." The Plaintiff in this case is TNT Amusement Inc, sometimes referred to as "TNT." The Defendants in this case are Torch Electronics, LLC and Steven Miltenberger.

Plaintiff TNT brings two claims against Defendants for unfair competition under Federal law (Count One) and Missouri law (Count Two) regarding false statements about the Torch Devices. TNT's Count One is brought against Torch only. You will be given instructions on each claim to determine whether Defendants are liable to TNT for unfair competition.

If you determine that any Defendant is liable to TNT, you will then need to decide any money damages to be awarded to TNT to compensate it.

given John A. Ross
10/6/25

# INSTRUCTION NO. 7

Your verdict must be for Plaintiff TNT on TNT's claim that Defendant Torch made false statements of fact in commercial advertising or promotions about its Torch Devices if you find that all of the following elements have been proved by a preponderance of the evidence.

*First*, Torch made a false statement of fact in a commercial advertisement or promotion about the nature or characteristics of Torch Devices by representing that:

In the No Chance Game, chance has absolutely no role in any possible outcome; or

The "Prize Viewer" option on NCGs eliminates chance; or

Every No Chance Game is carefully designed to ensure that the element of chance has no role in the outcome; or

As a result, this amusement device does not fit any definition of a "gambling device" in the state of Missouri and is not prohibited for use by you.

*Second*, the statement(s) actually deceived or had the tendency to deceive a substantial segment of Torch's audience;

*Third*, the deception was material, in that it was likely to influence the decision of customers to place or play the Torch Devices;

*Fourth*, Torch caused the false statement(s) to enter interstate commerce; and

*Fifth*, TNT has been or is likely to be injured as a result of the false statement(s) by a direct diversion of business from itself to Torch.

If any of the above elements has not been proved, then your verdict must be for Torch.

given
John A. Ross
10/6/25

# INSTRUCTION NO. 8

The first element in Instruction No. 7 requires that Defendant Torch made a false statement in commercial advertising or promotions about its Torch Devices.

You must consider the statement in its full context to determine the overall message understood by the audience.

given John A. Ross
10/6/25

# INSTRUCTION NO. 9

Your verdict must be for Plaintiff TNT on TNT's claim that Defendant Torch made misleading statements of fact in commercial advertising or promotions about its Torch Devices if you find that all of the following elements have been proved by a preponderance of the evidence.

***First***, Torch made a misleading statement of fact in a commercial advertisement or promotion about the nature or characteristics of Torch Devices by representing that:

In the No Chance Game, chance has absolutely no role in any possible outcome; or

The "Prize Viewer" option on NCGs eliminates chance; or

Every No Chance Game is carefully designed to ensure that the element of chance has no role in the outcome; or

As a result, this amusement device does not fit any definition of a "gambling device" in the state of Missouri and is not prohibited for use by you.

A statement is misleading if it conveys a false impression and actually misleads a consumer. A statement can be misleading even if it is literally true or ambiguous.

***Second***, the statement(s) actually deceived a substantial segment of Torch's audience;

***Third***, the deception was material, in that it was likely to influence the decision of customers to place or play the Torch Devices;

***Fourth***, Torch caused the false statement(s) to enter interstate commerce; and

***Fifth***, TNT has been injured as a result of the statement(s) by a direct diversion of business from itself to Torch.

If any of the above elements has not been proved, then your verdict must be for Torch.

*John A. Ross*
10/6/25

## INSTRUCTION NO. 10

The first element in Instruction No. 9 requires that Defendant Torch made a misleading statement in commercial advertising or promotions about its Torch Devices.

You must consider the statement in its full context to determine the overall message understood by the audience.

given
John A. Ross
10/6/25

## INSTRUCTION NO. 11

The fourth element in Instruction Nos. 7 and 9 requires that Defendant Torch caused its false or misleading statements to enter interstate commerce.

A false or misleading commercial advertising statement enters interstate commerce if Torch's statements regarding Torch Devices reached persons in interstate commerce, which includes any activity that substantially affected interstate commerce. Acts and transactions that are economic in nature and involve commerce across state lines are "in" interstate commerce. This is true even if the statements were made within the State of Missouri.

As one example, if you find that Torch's statements regarding Torch Devices were made in advertisements that reached persons in states other than Missouri, you must find that those specific statements have entered interstate commerce.

As another example, if you find that Torch's commercial advertising statements were made using the internet, including by email, you must find that those specific commercial advertising statements have entered interstate commerce.

*given John R. Ross*
*10/6/25*

# INSTRUCTION NO. 12

Your verdict must be for Plaintiff TNT on TNT's claim that Defendants engaged in and continue to engage in unfair competition by making misleading and deceptive statements about Torch Devices if all of the following elements have been proved by a preponderance of the evidence.

***First***, the Defendant made statements about Torch Devices that were likely to deceive or mislead prospective customers;

***Second***, that such statements caused the mistaken belief that:

In the No Chance Game, chance has absolutely no role in any possible outcome; or

The "Prize Viewer" option on NCGs eliminates chance; or

Every No Chance Game is carefully designed to ensure that the element of chance has no role in the outcome; or

As a result, this amusement device does not fit any definition of a "gambling device" in the state of Missouri and is not prohibited for use by you.

***Third***, the statements were material in that they were likely to affect the conduct of prospective customers;

***Fourth***, there is a reasonable basis for believing that the statement(s) have caused or are likely to cause a diversion of business from TNT; and

***Fifth***, TNT has been injured as a result of the statement(s).

TNT must prove that each element above is met with respect to any one individual Defendant to hold that Defendant liable. If you believe the evidence establishes that it is more likely than not that each of the foregoing elements is true with respect to a specific Defendant, then your verdict must be for Plaintiff TNT and against that specific Defendant on this claim. If any of the above elements has not been proved with respect to an individual Defendant, then your verdict must be for that specific Defendant on this claim.

given John A. Ross
10/6/25

# INSTRUCTION NO. 13

Under Missouri law, it is illegal to engage in gambling using a gambling device except in an establishment licensed by the Missouri Gaming Commission.

Missouri law defines a "gambling device" to include any device, machine, paraphernalia or equipment that is used or usable in the playing phases of any gambling activity, whether that activity consists of gambling between persons or gambling by a person with a machine.

A person engages in "gambling" when he or she stakes or risks something of value upon either (1) the outcome of a contest of chance or (2) a future contingent event not under his or her control or influence, upon an agreement or understanding that he or she will receive something of value in the event of a certain outcome.

"Contest of chance" means any contest, game, gaming scheme or gaming device in which the outcome depends in a material degree upon an element of chance.

"Something of value" may either be money or any form of credit or promise directly or indirectly contemplating transfer of money or property or of any interest therein or involving extension of a service, entertainment or a privilege of playing at a game or scheme without charge.

Under Missouri law, it is illegal to knowingly possess, place, or play a slot machine except in an establishment licensed by the Missouri Gaming Commission.

Missouri law defines a "slot machine" to include a gambling device that, as a result of the insertion of a coin or other object operates, either completely automatically or with the aid of some physical act by the player, in such a manner that, depending upon elements of chance, it may eject something of value. A device so constructed or readily adaptable or convertible to such use is no less a slot machine because it is not in working order or because some mechanical act of manipulation or repair is required to accomplish its adaptation, conversion or

workability. Nor is it any less a slot machine because, apart from its use or adaptability as such, it may also sell or deliver something of value on a basis other than chance.

given
John A. Ross
10/6/25

# INSTRUCTION NO. 14

Defendants assert as a defense that the statute of limitations bars TNT's common law unfair competition claim arising under Missouri law, which appears in Instruction No. 12. A statute of limitations is a law providing that a lawsuit is barred if a plaintiff does not file it within a prescribed period of time.

The applicable statute of limitations period is five years. Defendants claim that TNT's lawsuit is barred because TNT knew or, by the exercise of reasonable care, should have known before March 15, 2018, that Torch's commercial advertising statements might be false or misleading, and TNT was being harmed as a result, such that TNT potentially could sue for unfair competition.

Defendants have the burden of proving the statute of limitations defense. The Defendants must prove by a preponderance of the evidence that TNT did not bring the suit within the applicable time period. If you find TNT did not bring the suit within the applicable time period, you must find in favor of Defendants on TNT's Count Two.

given John A. Ross
10/6/25

## INSTRUCTION NO. 15

If you find one or more Defendants is liable to TNT, then you must award TNT such sum as you find will fairly and justly compensate TNT for the injury caused by the Defendants' false advertising.

In making this determination, you may consider (1) injury to TNT's reputation; (2) injury to TNT's goodwill; and (3) lost profits that TNT would have earned if not for the Defendants' false or misleading advertising.

given John A. Ross
10/6/25

# INSTRUCTION NO. 16

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First,* you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second,* your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges — judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth,* as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you.

You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this

courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth,* nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally,* the verdict form is your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the court security officer that you are ready to return to the courtroom.

| | | |
|---|---|---|
| TNT Amusements, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:23CV00330JAR |
| | ) | |
| TORCH ELECTRONICS, LLC and | ) | |
| STEVEN MILTENBERGER, | ) | |
| | ) | |
| Defendants. | ) | |

## VERDICT NO. 1

**NOTE**: Complete this form by writing in the name required by your verdict for each corresponding instruction.

On Plaintiff TNT Amusements, Inc.'s claim against Defendant Torch Electronics, LLC for Unfair Competition under Federal law, as submitted in Instruction No. 7, we find in favor of:

_____

(Plaintiff TNT Amusements, Inc.) or (Defendant Torch Electronics, LLC)

\*\*\*

On Plaintiff TNT Amusements, Inc.'s claim against Defendant Torch Electronics, LLC for Unfair Competition under Federal law, as submitted in Instruction No. 9, we find in favor of:

_____

(Plaintiff TNT Amusements, Inc.) or (Defendant Torch Electronics, LLC)

**NOTE:** You may find in favor of Plaintiff TNT on either of the above claims, neither of the above claims, or both of the above claims.

*given John A. Ross*
*10/6/25*

TNT Amusements, Inc.,                     )
                                          )
    Plaintiff,        )
                                          )
v.                                        )    Case No.:  4:23CV00330JAR
                                          )
TORCH ELECTRONICS, LLC and                )
STEVEN MILTENBERGER,                      )
                                          )
    Defendants.      )

## VERDICT NO. 2

**NOTE**: Complete this form by writing in the name required by your verdict.

On Plaintiff TNT Amusements, Inc.'s claim against Defendants Torch Electronics, LLC and Steven Miltenberger for Unfair Competition under Missouri law, as submitted in Instruction No. 12, we find in favor of:

_____

(Plaintiff TNT Amusements, Inc.) or (Defendant Torch Electronics, LLC)

_____

(Plaintiff TNT Amusements, Inc.) or (Defendant Steven Miltenberger)

*John A. Ross*
10/6/25

| | | |
|---|---|---|
| TNT Amusements, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:23CV00330JAR |
| | ) | |
| TORCH ELECTRONICS, LLC and | ) | |
| STEVEN MILTENBERGER, | ) | |
| | ) | |
| Defendants. | ) | |

## VERDICT NO. 3

If you found in favor of Plaintiff TNT Amusements, Inc. on one or more of the General

Verdict Forms preceding this Instruction, then complete the following paragraph:

We find TNT's actual damages to be: $ _____ (state the amount)


_____

Foreperson


Dated: _____