# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TNT AMUSEMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Case No. 4:23-cv-330-JAR | |
| | ) | |
| TORCH ELECTRONICS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF TNT AMUSEMENTS, INC.'S REQUESTS FOR PRODUCTION

Plaintiff TNT Amusements, Inc. ("TNT"), by and through counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's Stipulation and Order (Doc. #58), propounds the following requests for production to Defendants Torch Electronics, LLC and Steven Miltenberger, to be answered within 30 days after service.

### INSTRUCTIONS

1.      In responding to these requests for production, you are required to furnish all information that is available to you, or that is under your control, including information in the possession of your attorneys, accountants, advisors, or anyone else otherwise subject to your control.

2.      You must respond in full to each request and each subpart of each request unless you object to the request or part thereof, in which event you must serve a response that indicates the nature of your objection in lieu of a substantive response. Objection to one or more requests or part of any request does not relieve you of your general obligation to provide a substantive response to other requests and parts thereof to which you do not object.

1

3.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.  In construing the inquiries and requests herein: (a) the singular shall include the plural and the plural shall include the singular; (b) masculine, feminine, or neuter pronouns shall not exclude the other genders; (c) the terms "any" and "all" shall be understood to mean "any and all;" and (d) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive response.

4.      In answering these requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you.  If a request has more than one part, answer each part separately and in full. If a request cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information or knowledge you have regarding the answered portion.

5.      This request is a continuing one, and requires that you produce all responsive documents whenever you obtain or become aware of them, even if they are not in your possession or available to you on the date you first produce documents pursuant to this request.

## DEFINITIONS

In the event of any conflict of ambiguity between the following definitions and common usage, the broadest interpretation of the term in question should be used.

1.      "**Amusement Location**" means any public or private place within the state of Missouri in which a **Torch Device** may currently be found or may have previously been found within the **relevant period**.

2.      "**Defendant**," "**you**," or "**your**" means the Defendants in the above-captioned matter, Torch Electronics, LLC and Steven Miltenberger, and all related entities, predecessors,

current or former agents, officers, directors, representatives, attorneys, and employees of any of them.

3.      "**Relevant period**" means from January 1, 2015, to the present.

4.      "**The Miltenbergers**" includes Sondra and Steve Miltenberger

5.      "**TNT**" means TNT Amusements, Inc.

6.      "**Torch**" means Defendant Torch Electronics, LLC, as well as current or former agents, officers, directors, representatives, attorneys, and employees.

7.      "**Torch Device**" means any electronic gaming device marketed, owned, leased, placed, or sold by **Torch**, **the Miltenbergers**, or anyone else included within the definition of **Defendants**, along with any associated payment kiosks, cabinets, devices, software, or management tools.

8.      "**Torch Customer**" means a person or entity who leases, owns, operates, manages, works at, or otherwise has lawful control of any **Amusement Location**.

9.      "**Torch Worker**" means any person or entity working for one or more of the **Defendants** or **the Miltenbergers**, including an employee, an independent contractor, an intern, or any other worker, including accountants, attorneys, and other professionals, whether paid or unpaid.

10.     "**Any**," "**each**," and "**all**" shall be read to be inclusive and to require the production of each and every document (as hereinafter defined) responsive to the particular request for production in which such term appears.

11.     "**And**," "**or**," and "**and/or**" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all documents

(as hereinafter defined) responsive to all or any part of each particular request for production or subpart thereto in which any conjunction or disjunction appears.

12.     "**Communication**" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise), including communications in writing, over email, through text messages, telephone communication, voicemail communication, face-to-face communication, video conference communication or any other mode of communication.

13.     "**Concerning**," "**referring**," "**relating**," or "**pertaining**" means commenting on, referring to, pertinent to, discussing, tending to support, or relevant in any way.  **Documents** that "**relate to**" a subject matter are **documents** that constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, record, report, reflect, pertain to, were prepared in connection with, or arise in connection with the subject matter of each particular request.

14.     "**Document**" or "**documents**" shall mean and include any medium upon which intelligence, data, or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any written, typed, printed, recorded, or graphic material of any kind, including, but not limited to, petitions, pleadings, motions, notices, contracts, agreements, records, papers, notes, memoranda, drafts, minutes, summaries, correspondence, e-mails, telegrams, communications, diaries, drawings, specifications, computer printouts, computer tapes, computer disks, microfilm, microfiche, periodicals, books, pamphlets, newspaper articles, resumes, financial and accounting records and statements, receipts, canceled checks, tax returns, appointment books, calendars, notebooks, desk pads, tape recordings, transcriptions of tape recordings, transcripts, phonograph records, disks from word processors, electronic and computer files (to be produced in their native format) memorials of conversations, meetings, or conferences, messages, invoices, all reproductions and

4

copies of documents by whatever means made, including those which are not identical to the originals due to markings which have been made on the copies, and any other data compilations from which information can be obtained, as well as any other thing within the definition of "document" under Rule 34 of the Federal Rules of Civil Procedure. A copy or a duplicate of a document that has any nonconforming notes, marginal annotations, or other markings, any preliminary version, draft, or revision of the forgoing and any electronic variations of the foregoing shall be considered a separate document.

15.    "**Person**" means any natural person, corporation, partnership, association, trust, trustee, joint venture, sole proprietorship, firm or business enterprise and any other business or legal entity, as well as all divisions, subdivisions, bureaus, offices or other units thereof.

## REQUESTS FOR PRODUCTION

1.    **All documents** reflecting monies collected by **any** of the **Defendants** for each **Torch Device** at each **Amusement Location** within the **relevant period**, including bank records reflecting deposits of such monies into **any** bank accounts by **Torch Workers** or others.

**RESPONSE:**

2.    **All documents** reflecting revenues received by **any** of the **Defendants** during the **relevant period** from whatever source, including records **and documents** reflecting such revenues for each **Amusement Location**.

**RESPONSE:**

3.    **All documents** submitted by **Defendants** to the IRS during the **relevant period**, including **all** Forms 1099, W-2, and W-9, **all documents** reflecting any tax withholding, **and any** exhibits and attachments.

**RESPONSE:**

4.   **All documents** submitted by **Defendants** to the Missouri Department of Revenue during **the relevant period**, including **all documents** reflecting **any** tax withholding, **and any** exhibits **and** attachments thereto.

**RESPONSE:**

5.   **All** profit-and-loss statements for **Defendants** that cover **any** part of **the relevant period**.

**RESPONSE:**

6.   **Documents** sufficient to reflect the name, location, model, **and** manufacturer of each **Torch Device** owned, operated, leased, **or** sold by **Defendants** within **the relevant period**.

**RESPONSE:**

7.   **Documents** sufficient to reflect the business name, address, point of contact, and the date **and** amount of **any** collections of monies from **Torch Devices** from each **Amusement Location** within **the relevant period**.

**RESPONSE:**

8.   **All documents** reflecting payroll records during the **relevant period**, including records of the total amount paid to each **Torch Worker** for each pay period during the **relevant period**.

**RESPONSE:**

9.   **All documents** reflecting **any** business expense, costs, **or** other deduction identified as a potential deduction from **any** potential disgorgement award in **Your** response to TNT's interrogatories provided to **You** this same date.

**RESPONSE:**

10. **All documents** reflecting any **communication** between **You and any Torch Customer relating** to revenues, profits, **or** collections of money relating to **Torch Devices** at any **Amusement Location** during the **relevant period**.

**RESPONSE:**

11. **All documents** reflecting **any communication** between **You and any Torch Worker** relating to revenue, profits, costs, **or** collections of money relating to **Torch Devices** at **any Amusement Location** during the **relevant period**.

**RESPONSE:**

12. **All documents** reflecting any **communication** between **You** and any **Torch Customer relating** to costs **or** expenses relating **Torch**'s advertising of, distribution of, **or** collection of money relating to **Torch Devices** at any **Amusement Location** during the **relevant period**.

**RESPONSE:**

13. **All documents** reflecting any **communication** between **You** and **Torch Worker** relating to costs or expenses relating Torch's advertising of, distribution of, or collection of money from **Torch Devices** at any **Amusement Location** during the **relevant period**.

**RESPONSE:**

14. **All documents You** claim support, **or** intend to use to support, **Your** claim for **any** deduction from **any** potential disgorgement award.

**RESPONSE:**

15. **All documents** relied upon in preparing **Your** responses to TNT's interrogatories provided to **You** this same date.

**RESPONSE:**

Dated: October 24, 2025

Respectfully submitted,

By: /s/ *Richard E. Finneran*
    **BRYAN CAVE LEIGHTON PAISNER LLP**
    RICHARD E. FINNERAN #60768
    ZOE WOLKOWITZ BRANNON #74007

211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
Telephone: (314) 259-2000
Fax: (314) 552-8592
richard.finneran@bclplaw.com
zoe.brannon@bclplaw.com

*Attorneys for Plaintiff TNT Amusements, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October, 2025, I caused the foregoing requests for production of documents to be served via electronic mail to Aaron Craig, Todd Graves, and Chandler Carr, Attorneys for Defendants.


/s/ *Richard E. Finneran*