IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TNT AMUSEMENTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-330-JAR |
| | ) |
| TORCH ELECTRONICS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF TNT AMUSEMENTS, INC.'S
REPLY IN SUPPORT OF PROPOSED DECLARATORY JUDGMENT ORDER**

Here we go again. This Court has previously received briefing from the parties on TNT's request for declaratory judgment on no fewer than three separate occasions, including two rounds of summary judgment and Defendants' motion for reconsideration. In adjudicating those motions, the Court has already ruled that it has the authority to issue a declaratory judgment regarding the legality of the Torch Devices and told the parties it would do so after trial. *See* Order (Doc. #332) at 9 ("The Court will rule on Count VII after trial."). Both parties relied upon that assurance in proceeding to trial—a trial at which the jury roundly rejected Defendants' claims regarding the absence of "chance" in the Torch Devices (and thus also found false the claim that the Torch Devices complied with Missouri law) and determined that TNT had suffered readily provable damages of at least $500,000.

Dissatisfied with that result, Defendants have now hired new lawyers in the hopes of getting a ***fourth*** bite at the proverbial apple. Yet despite being given an opportunity to challenge the language of TNT's proposed declaratory judgment order (which is the reason the Court gave Defendants an opportunity to respond to the proposed order in the first place), they do not dedicate ***one word*** of their Opposition to disputing the factual findings or legal conclusions proposed by

1

TNT. Instead, they once again seek to challenge this Court's authority to apply Missouri law (and even *federal* law) to the facts of this case—a challenge that the parties have previously litigated and which this Court has squarely rejected. In doing so, the Defendants *again* ask this Court to reconsider its prior ruling, despite failing to meet (or even cite) the standard to seek such reconsideration. This Court should not waste its time or the parties' resources by indulging such dilatory and vexatious behavior.[1]

## DISCUSSION

The proposed declaratory judgment order (Doc. #423-1) asks the court to recite the undisputed facts regarding the operation of the Torch Devices, apply a straightforward construction of Missouri law (and federal law) to those facts, and declare the Torch Devices to be "gambling devices" (and Torch an "illegal gambling business") under those statutes. Notably, Defendants do not quarrel with any of the law or facts recited in the proposed order, nor do they dispute the application of the law to those facts. They do not claim that any of the recited facts are not true, or that the plain terms of the Missouri statute make the Torch Devices legal. And for good reason: though it was already clear from dispositive motions, the trial in this case powerfully demonstrated just how threadbare Defendants' claims as to legality of the Torch Devices really were.

Because Defendants can no longer maintain that the Torch Devices are not gambling devices as a matter of law or fact, they instead attack this Court's authority to declare the Torch Devices to

---

[1] Defendants' change in counsel evidently does not portend a change in strategy. Despite switching attorneys, Defendants' recent effort appears to be part of their consistent tactic of dragging this case out as long as possible, thereby forestalling the day of reckoning and driving up TNT's litigation costs—while at the same time disclaiming liability for those increased costs. *See* Defs.' Opp. to Mem. in Supp. of Relief (Doc. #429) ("Opp.") at 11–13 (claiming that TNT cannot be entitled to attorneys' fees); *see also* Pl.'s Mem. in Supp. of Relief (Doc. #424) at 8–9 (explaining basis for TNT's entitlement to attorneys' fees, including Defendants' litigation conduct that has required TNT to spend countless hours and resources on needless motion practice).

2

be the illegal gambling devices they are, and which the jury effectively found them to be. The Court has already rejected that argument. It should do so again.

**I.   Defendants Have Failed to Present Any Basis That Might Justify Reconsideration of This Court's Prior Order Indicating It Would Rule as to Count VII**

We've been down this road before. In seeking summary judgment on Count VII (twice), Defendants repeatedly argued that the Court had no authority to enter a declaratory judgment. Although the Court rejected several of Defendants' arguments after noting its "virtually unflagging obligation to decide cases that fall within its jurisdiction," *see* Summ. J. Order (Doc. #312) at 38, it did initially rule that it was appropriate to abstain from a decision on Count VII on summary judgment, *see id.* at 38–41.[2] ***Defendants*** then moved for reconsideration, arguing the Court's decision to abstain was inconsistent with the Court's denial of summary judgment on TNT's Lanham Act claims. *See* Mem. in Supp. of Reconsideration Mot. (Doc. #314) at 5–7.  After considering Defendants' motion, the Court reversed its decision to abstain from deciding Count VII and indicated that it would "vacate its dismissal of Count VII but will reserve its ruling on this count until after trial, with the benefit of factual determinations by the jury." Reconsideration Order (Doc. #332) at 8.

What is old is new again. Defendants now repeat and repackage the same arguments that this Court heard and adjudicated on summary judgment ***and*** under Defendants' own reconsideration motion. *E.g.*, Opp. (Doc. #428) at 2 (arguing Court "should abstain from issuing declaratory relief," arguing, among other things, that there was no "actual 'case or controversy'" and that "principles of federal abstention" counsel against issuing a declaratory judgment). But as this Court previously recognized in ruling upon Defendants' reconsideration motion:

---

[2]   In so doing, the Court expressly rejected the application of *Burford* abstention, which the Defendants nonetheless promote in their Opposition. *See* Order (Doc. #312) at 41 n.33.

3

> A motion for reconsideration serves a limited function to correct manifest errors of law or fact or to present newly discovered evidence. *Woodward v. Credit Serv. Int'l Corp.*, 132 F.4th 1047, 1058 (8th Cir. 2025). It is not an appropriate vehicle for new legal theories. *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

Order (Doc. #332) at 4. Defendants do not style their Opposition as a motion for reconsideration, but that is exactly what it is. *See* Opp. (Doc. #428) at 7 (asking the Court to "**reconsider** its [abstention] decision" (emphasis added)). Because Defendants do not claim any "manifest error of law" or "newly discovered evidence" that would justify reconsideration of this Court's prior Reconsideration Order, the Court should disregard Defendants' Opposition.

Instead, Defendants completely ignore the rules (and the Court's instructions at the status conference). A reconsideration motion may not serve as a vehicle to raise legal arguments which could have been (but were not) raised during the pendency of the motion for summary judgment. *Arnold* 627 F.3d at 721 (explaining a motion for reconsideration is "not the appropriate place to 'tender new legal theories for the first time'"). Nor is a motion for reconsideration an appropriate vehicle to reargue the merits of a claim or prior motion. *See, e.g.*, *Broadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir. 1999). Yet Defendants do both in their Opposition.

**A. This Court Should Not Entertain Arguments It Has Already Heard (and Rejected)**

Defendants have already argued for abstention in prior briefing. *Compare* Opp. (Doc. #428) at 3–8, *with* Mem. in Supp. of Reconsideration Mot. (Doc. #314) at 5–7 (arguing for abstention on Count VII); Reply (Doc. #320) at 4 (arguing for abstention based upon pending state court litigation not involving TNT). The Opposition even acknowledges that issue has already been decided, stating that the "Court previously addressed the application of *Burford* abstention in its Memorandum and Order on the parties' motions for summary judgment," and requests that the "Court should reconsider its decision." Opp. (Doc. #428) at 7.

4

Defendants also previously argued that this Court was precluded from issuing a declaratory judgment by the Missouri Court of Appeals' decision in *Torch Electronics, LLC v. Missouri Department of Public Safety*, 694 S.W.3d 548 (Mo. Ct. App. 2024). *Compare* Opp. (Doc. #428) at 5–6, *with* Defs.' Notice of Supp. Auth. (Doc. #204); Defs.' Reply in Supp. of Mot. for Summ. J. (Doc. #276) at 8–10.[3]

And Defendants have already argued *ad nauseam* there was "no justiciable case or controversy between the parties" and that TNT had "no justiciable right" to a determination that the Torch Devices are "gambling devices" or "slot machines" under Missouri law. *Compare* Defs.' Opp (Doc. #428) at 9–10, *with* Defs.' Mem. in Supp. of Mot. for Summ. J. (Doc. #225) at 15; Defs.' Mem. in Opp. to Pl.'s Mot. for Summ. J. (Doc. #265) at 5–7; Defs.' Reply in Supp. of Mot. for Summ. J. (Doc. #276) at 6–8; Defs.' Mem. in Supp. of Mot. for Summ. J. (Doc. #84) at 14–15; Defs.' Mem. in Opp. to Pl.'s Mot. for Par. Summ. J. (Doc. #108) at 6–7; Defs.' Reply in Supp. of Mot. for Summ. J. (Doc. #131) at 4–6.

The Court received all of these arguments before issuing its Reconsideration Order (Doc. #332). Defendants have failed to identify a manifest error of law or fact that would justify once more reconsidering the Reconsideration Order. For that reason alone, Defendants' Opposition should be disregarded.

---

[3] Which TNT persuasively responded to in its Response to Defendants' Submission of Supplemental Authority (Doc. #211). In Defendants' latest attempt to address this case, however, they confusingly cite the *Torch* decision as a basis for ***federal*** abstention. But as TNT has elsewhere explained (and this Court accepted by vacating its dismissal of Count VII), the *Torch* decision has no effect on this Court's authority under the ***federal*** Declaratory Judgment Act. *Id.* at 1–5.

5

## B. The Defendants' Retention of New Counsel Is Not a Basis for the Court to Consider Arguments That Defendants Could Have (But Did Not) Previously Raise Attacking Its Authority to Issue a Declaratory Judgment

Defendants brazen relitigation tactics go beyond merely restating arguments this Court previously rejected. During the Court's conference with the parties on November 3, 2025, Mr. Blitz—one of Defendants' new counsel—suggested that he and his firm intended to make new arguments that Defendants' original counsel (Graves Garrett) had not previously raised regarding the Court's authority to issue a declaratory judgment. TNT of course objected, noting that this issue has been briefed several times before and the Court had ruled on it. The Court agreed that the only remaining issue open to briefing was the *scope* of the declaratory judgment—not ***the Court's authority*** to issue a declaratory judgment.[4] Nonetheless, Defendants' counsel disregarded those instructions and used their opportunity to instead re-raise legal arguments which could have been (but were not) raised during the more than two years that this case has been pending, as well as reargue the merits of their prior motions (for the fourth time).

The hiring of new counsel (almost three years into the case and after several rounds of dispositive motions, multiple hearings, and a jury trial) does not excuse Defendants' failure to raise what could have been addressed during any of the numerous previous rounds of briefing. Nor does it give Defendants' new counsel an opportunity to reargue what their prior counsel have already argued multiple times. Simply stated, Defendants do not get a mulligan here. *Arnold*, 627 F.3d at 721; *Broadway*, 193 F.3d at 989–90; *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106 (8th Cir. 2019) (affirming district court's denial of motion for reconsideration when motion was brought "for the impermissible purpose of introducing new arguments it could have raised

---

[4] Hence, why the Court's November 3, 2025, Order states that TNT was to file "a proposed order for declaratory judgment on Count VII," not a brief explaining why TNT is entitled to a declaratory judgment, like the Court ***did*** order for Counts I and II. Order (Doc. #422).

earlier"); *Cramton v. Grabbagreen Franchising LLC*, 2020 WL 85108, at *1–2 & n.4 (D. Ariz. Jan. 7, 2020) (rejecting defendants' attempt to advance new summary judgment theory and noting "a change in counsel does not authorize a party's successor counsel to raise new arguments for the first time ten months after the summary judgment deadline"); *Jain v. Nexgen Memantine, Inc.*, 2022 WL 22879210, at *1 (M.D. Fla. Aug. 19, 2022) ("Considering the unfairness of allowing [defendant] to raise new substantive arguments for summary judgment after the time for filing motions for summary judgment has passed and a [Magistrate Judge's] Report and Recommendation has been issued, the Court will not consider these new arguments, which are deemed waived.").

## II. Defendants' Renewed Attacks on This Court's Authority Fail on Their Own Merits

As explained above, Defendants do not claim any "manifest error of law" or "newly discovered evidence" that would justify reconsideration of this Court's prior Reconsideration Order. But even if this Court were to entertain their arguments on the merits, they fail, for a few, simple reasons.

First, there is no question that this Court has the power under Article III of the Constitution to adjudicate the parties' dispute. Most obviously, a jury has already found that TNT was actually injured by Defendants' falsely marketing the Torch Devices as "legal" "no chance" devices, thereby establishing an injury-in-fact that is more than sufficient to give TNT standing and demonstrate the existence of an actual "case" or "controversy." *See MedImmune Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (holding that a party sufficiently establishes a claim for declaratory judgment when it asks a court to determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment), *cited in* Pl.'s Opp. to Summ. J. (Doc. #267) at 22. TNT has elsewhere refuted Defendants' similar attack on this

7

Court's jurisdiction. *See* Reply in Supp. of Mot. for Part. Summ. J. (Doc. #278) at 9–11 (refuting claim that a declaratory judgment would amount to an "advisory opinion").

Second, the Tenth Amendment is no obstacle to this Court's exercising its authority under the Declaratory Judgment Act. As the Supreme Court has recognized since the founding of the Republic, the Tenth Amendment merely serves to affirm the states' power to act where Congress lacks constitutional power to act, i.e., "the truism that all is retained which has not been surrendered." *United States v. Darby*, 312 U.S. 100, 123–24 (1914) ("From the beginning and for many years the amendment has been construed as not depriving the national government of authority to resort to all means for the exercise of a granted power which are appropriate and plainly adapted to the permitted end." (citing, *inter alia*, *Martin v. Hunter's Lessee*, 14 U.S. 304, 324 (1803) and *McCulloch v. Maryland*, 17 U.S. 316, 406 (1819)). That principle is so well settled that it scarcely requires citation—but that principle is not even at issue here. TNT has not asked the Court to usurp the state's regulatory power; to the contrary, it has asked the Court to ***apply Missouri law*** by declaring the Torch Devices to be illegal gambling devices ***under Missouri law***.[5] Defendants' Tenth Amendment argument is so contrary to basic principles of constitutional law familiar to a first-year law student and so immaterial to the availability of declaratory judgment in this case that it borders on being frivolous.

Third, neither of the abstention doctrines cited by Defendants applies here. *Younger* abstention does not apply under its own terms, since there is no "ongoing state judicial proceeding"

---

[5] TNT also seeks a declaration that Torch's operations constitute an "illegal gambling business" under 18 U.S.C. § 1955—but the federal statute itself incorporates Missouri state law, demonstrating even further the lack of even an arguable conflict between state and federal law here. Nor does the Opposition assert that § 1955 impermissibly interferes with the enforcement of Missouri law (or even address § 1955 at all). And of course, even if such a conflict were to exist, then federal law, as the "supreme law of the land," would control. *McCulloch*, 17 U.S. at 406 (quoting U.S. Const. art. VI).

8

that "provides *the federal plaintiff* [i.e., TNT] an adequate opportunity to raise federal challenges." *Wassef v. Tibben*, 68 F.4th 1083, 1087 (8th Cir. 2023) (emphasis added) (explaining the *Younger* factors). And as this Court has already correctly held, *Burford* abstention does not apply since "the question presented in this case does not require specialized knowledge or the application of complicated state laws." Summ. J. Order (Doc. #312) at 41 n.33. Yet even if either doctrine had application here, as Defendants themselves recognize, those doctrines are discretionary—they do not *require* a court not to rule. Here, as the Court has previously held, the considerations weigh in favor of issuing a declaratory judgment to provide long-awaited certainty to the parties and the public, informed by the jury's considered judgments in this case. *See* Reconsideration Order (Doc. #332) at 8 ("[T]he consequences of deference continue to accrue, not only for the parties but also for the industry, the state, and the gaming public.").

Finally, the Opposition paints TNT's proposed order as though it might put the Court in the "difficult position" of predicting how the Missouri Supreme Court would rule. Opp. (Doc. #428) at 6. But this is not a difficult case. As the facts recited in the Court's Summary Judgment Order (Doc. #312), the evidence at trial, and the proposed order itself make clear,[6] the illegality of the Torch Devices follows readily from an application of the plain terms of a state statute to the facts of this case—a task that courts in many other jurisdictions have had no difficulty doing, including as applied to similar Banilla-manufactured devices. *See* Proposed Order (Doc. # 423-1) at 15–18 (collecting cases).

---

[6] Indeed, the lion's share of the proposed order is drawn from the language of the Court's Summary Judgment Order (Doc. #312). Proposed Order (Doc. #423-1) at 2–8, 14–15 & n. 1, 5, 9.

9

By issuing the declaratory judgment order proposed by TNT, the Court is not making new law. It is simply doing what courts do every day: applying the law to the facts. Here, the facts are undisputed. The law is clear: the Torch Devices are illegal gambling devices.

### III. The Proposed Declaratory Judgment Is Entirely Consistent with Both the Jury's Findings and the Undisputed Facts

Defendants' only attack on the substance of TNT's proposed declaratory judgment still misses the mark. Defendants' argument that the declaratory judgment "should be limited to the four statements actually considered by the jury," Opp. (Doc. #428) at 11, misapprehends the nature of the relief sought under Count VII. That request might make sense if the Court was determining the falsehood of Defendants' claims under the Lanham Act. But the jury has already made that determination. TNT's request for a declaratory judgment (Count VII) is a separate claim, under a distinct statute, subject to different standards than false statements under the Lanham Act (Count I).[7] Unlike the Lanham Act claim, Count VII seeks a declaratory judgment that the Torch Devices are illegal "gambling devices" and "slot machines" under Mo. Rev. Stat. § 572.010 and that Torch operates an "illegal gambling business" under 18 U.S.C. § 1955. Compl. (Doc. #1) ¶¶ 387, 399. TNT provided the Court with a proposed order to answer that question in the affirmative, Proposed

---

[7] For the same reason, Defendants' decision to remove the false decal from Torch Devices has no bearing on issue of declaratory relief. Opp. (Doc. #428) at 12–13. *At most*, that choice might mitigate future liability for Defendants under the Lanham Act. However, Defendants' contention that Torch has removed the decals from all Torch Devices is false. As of December 3, 2025, the decal at issue could still be found on four Torch Devices at the Frisco Arcade and Party Room in Saint Clair, Missouri. *See* **Ex. 1** (photographs of Torch Device and closeup of sticker). And, as of December 5, 2025, the decal could also be found on four machines at Buckhorn Pub in Sullivan, Missouri. **Ex. 2** (photographs of Torch Device and closeup of sticker). Even in instances where the decal was "removed," Defendants have evidently added a new sticker that still refers to the Torch Devices as "No Chance" devices, which was found by the jury to be a false statement. *See* **Ex. 3** (photograph of sticker on Torch Device). The example in **Ex. 3** was taken on November 28, 2025, at Dirt Cheap Liquor Store located in Sullivan, Missouri. That sticker was placed on all four of the Torch Devices in that store.

Order (Doc. #423-1), and the Opposition simply fails to address (much less rebut) the substance of that proposed order.

Even then, Defendants are wrong to claim that entering declaratory judgment would somehow be inconsistent with the jury's findings at trial. The jury was unequivocal in their verdicts against Defendants: it found that Defendants' claims about the Torch Devices were *false*, including the claim that the Torch Devices did not fit any definition of a "gambling device" in the state of Missouri and various claims regarding the absence of the element of chance in the Torch Devices (which is the key element in Missouri's statute that renders a device an illegal gambling device or slot machine). It is therefore frivolous to claim that the jury findings would be inconsistent with a declaratory judgment—to the contrary, the jury's verdict logically entails that the Torch Devices are illegal gambling devices under Missouri law because of the elements of chance inherent in their operation.

Even as they nonsensically assert an inconsistency between the jury's verdict and TNT's proposed order, Defendants do not dispute any of the facts in opposing the proposed declaratory judgment. Nor do they make any argument that the law, as applied to those facts, renders the Torch Devices anything other than "slot machines" and "gambling devices." If Defendants had thought that the jury got it wrong as a matter of law, they could have said so. But they do not. Instead, they merely plead with this Court **not to decide** what the undisputed facts, the findings of the jury, and a plain reading of Missouri law all dictate: the Torch Devices are illegal gambling devices.

The Court chose to wait to issue a declaratory judgment until after trial, so that it could be guided by the jury's findings. But the facts recited in TNT's proposed declaratory judgment have not been in serious dispute since long before summary judgment. Ever since Defendants' expert Nick Farley was forced to recant his prior testimony and acknowledge the existence of numerous

11

random features within the Torch Devices, there has been near-total agreement by all parties as to how the Torch Devices work.[8] Indeed, the language of the proposed order is largely adapted from this Court's prior order on summary judgment. *See supra* n.6. Those undisputed facts would alone be enough to justify this Court's issuing the proposed declaratory judgment—but the jury's thorough rejection of Defendants' false claims about the Torch Devices only reinforces how straightforward the proposed order really is. Especially when coupled with the Court's direct observations of the witnesses at trial, including Mr. Miltenberger's and Mr. Farley's evasive and incredible testimony, and Defendants' utter failure to present a plausible defense to TNT's proof as to the falsity of their representations, the illegal nature of the Torch Devices is no longer in serious doubt—if it ever was.

## CONCLUSION

Defendants' Opposition is not a good-faith response to TNT's proposed declaratory judgment order—it is a transparent attempt to relitigate issues this Court has already decided, for the fourth time, in direct defiance of the Court's Reconsideration Order and pre-briefing instructions. Defendants do not dispute the facts. They do not dispute the law. They do not even dispute the application of the law to those facts. Instead, Defendants recycle arguments this Court has repeatedly rejected and introduce new theories that could have been raised years ago, hoping that a change in counsel might earn them a do-over. But it does not.

This Court was clear that it would rule on Count VII after trial. That the is over. The jury's verdict confirmed what the undisputed record has shown all along: the Torch Devices are illegal gambling machines under Missouri law, and Defendants operate an illegal gambling business

---

[8] The only exception is whether the Torch Devices contain a shuffle feature, but the proposed order does not base its conclusions on the presence or absence of such a feature. *See* Proposed Order (Doc. #423-1) at 5 n.8.

12

under federal law. Defendants' obstructionist tactics have wasted judicial resources, driven up litigation costs, and delayed the certainty this Court promised. Enough is enough. The Court should reject Defendants' dilatory maneuvering and enter TNT's proposed declaratory judgment without further delay.

Dated: December 5, 2025

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
ZOE WOLKOWITZ BRANNON, #74007MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
*richard.finneran@bryancave.com*
*zoe.brannon@bclplaw.com*

*Attorneys for TNT Amusements, Inc.*
*d/b/a Play-Mor Coin-Op*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2025, a copy of the foregoing was served on all counsel of record by operation of the Court's electronic filing system.

*/s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO