# Exhibit A

## Plaintiff TNT's First Post-Trial Interrogatories

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TNT AMUSEMENTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-330-JAR |
| | ) |
| TORCH ELECTRONICS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF TNT AMUSEMENTS, INC.'S INTERROGATORIES**

Plaintiff TNT Amusements, Inc. ("TNT"), by and through counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following interrogatories to Defendants Torch Electronics, LLC and Steven Miltenberger, to be answered within 30 days after service.

**INSTRUCTIONS**

1.      In answering these interrogatories, you are required to furnish all information available to you or subject to your reasonable inquiry, including, by way of illustration only and not limitation, information in the possession of your attorneys, investigators, agents, employees or other representative.

2.      In answering these interrogatories, you must make a diligent search of your records and of other papers and materials in your possession or available to you. If an interrogatory has subparts, answer each part separately and in full. Do not limit your answer to the interrogatory as a whole. If an interrogatory cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information or knowledge you have regarding the answered portion.

1

3.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition. In construing the inquiries and requests herein: (a) the singular shall include the plural and the plural shall include the singular; (b) masculine, feminine or neuter pronoun shall not exclude the other genders; (c) the terms "any" and "all" shall be understood to mean "any and all;" and (d) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive response.

4.      If you contend that any document or communication about which information is requested is privileged or otherwise need not be revealed in response to these interrogatories, please note such failure to reveal as an objection to the interrogatory and comply with the interrogatory to the extent that is not subject to the objection. In addition, within the period for response to interrogatories, please supply a written description of the information for which a limitation of discovery is claimed indicating the nature and grounds of the privilege or other reason for refusal to reveal such information which you assert in support of your objection and include the following:

a.  The name of the writer, sender or initiator of each such document or communication, if any;

b.  The name of the recipient, addressee or party for whom such document or communication was intended, if any;

c.  The name of the person in custody or charge of each such document, if any;

d.  The date of each such document or communication, if any, or the date of creation of each such document (if you are unsure of the date of such communication or creation of such document, estimate a date); and

2

e. The type (e.g., e-mail, memorandum, spreadsheet, audio file, etc.) and general subject matter of each such communication or document.

## DEFINITIONS

In the event of any conflict of ambiguity between the following definitions, common usage and reference to any cited rules, statutes, or regulations, the broadest interpretation of the term in question should be used.

1. "**Amusement Location**" means any public or private place within the state of Missouri in which a **Torch Device** may currently be found or may have previously been found within the **relevant period**.

2. "**Overlapping Locations**" means:

   a. each of the Amusement Locations identified in Exhibit A to the parties' Joint Stipulation (Doc. #55-1);

   b. The Moose Lodge located at 107 South First Street in Owensville, Missouri;

   c. Marquart's Landing located 300 W Front Street in Washington, Missouri;

   d. the Gym Minor Arcade located at 503 Holder Drive in Houston, Missouri; and

   e. any other location identified in **Interrogatory Exhibit A** hereto, whether by name, address, or both, in which a **Torch Device** may currently be found or may have previously been found within the **relevant period**.

3. "**Defendants**," "**you**," or "**your**" means the Defendants in the above-captioned matter, Torch Electronics, LLC and Steven Miltenberger, and all related entities, predecessors, current or former agents, officers, directors, representatives, attorneys, and employees of any of them.

4. "**Relevant period**" means from January 1, 2015, to the present.

5. "**The Miltenbergers**" includes Sondra and Steve Miltenberger.

6. "**TNT**" means TNT Amusements, Inc.

3

7.      "**Torch**" means Defendant Torch Electronics, LLC, as well as current or former agents, officers, directors, representatives, attorneys, and employees.

8.      "**Torch Device**" means any electronic gaming device marketed, owned, leased, placed, or sold by **Torch**, **the Miltenbergers**, or anyone else included within the definition of **Defendants**, along with any associated payment kiosks, cabinets, devices, software, or management tools.

9.      "**Torch Patron**" means any person who has played or otherwise used a **Torch Device**, other than for the purpose of inspection or maintenance.

10.     "**Torch Worker**" means any person or entity working for one or more of the **Defendants** or **the Miltenbergers**, including an employee, an independent contractor, an intern, or any other worker, including accountants, attorneys, and other professionals, whether paid or unpaid.

11.     "**Any**," "**each**," and "**all**" shall be read to be inclusive and to require the production of each and every document (as hereinafter defined) responsive to the particular request for production in which such term appears.

12.     "**And**," "**or**," and "**and/or**" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all documents (as hereinafter defined) responsive to all or any part of each particular request for production or subpart thereto in which any conjunction or disjunction appears.

13.     "**Communication**" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise), including communications in writing, over email, through text messages, telephone communication, voicemail communication, face-to-face communication, video conference communication or any other mode of communication.

4

14.     "**Concerning**," "**referring**," "**relating**," or "**pertaining**" means commenting on, referring to, pertinent to, discussing, tending to support, or relevant in any way. **Documents** that "**relate to**" a subject matter are **documents** that constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, record, report, reflect, pertain to, were prepared in connection with, or arise in connection with the subject matter of each particular request.

15.     "**Document**" or "**documents**" shall mean and include any medium upon which intelligence, data, or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any written, typed, printed, recorded, or graphic material of any kind, including, but not limited to, petitions, pleadings, motions, notices, contracts, agreements, records, papers, notes, memoranda, drafts, minutes, summaries, correspondence, e-mails, telegrams, communications, diaries, drawings, specifications, computer printouts, computer tapes, computer disks, microfilm, microfiche, periodicals, books, pamphlets, newspaper articles, resumes, financial and accounting records and statements, receipts, canceled checks, tax returns, appointment books, calendars, notebooks, desk pads, tape recordings, transcriptions of tape recordings, transcripts, phonograph records, disks from word processors, electronic and computer files (to be produced in their native format) memorials of conversations, meetings, or conferences, messages, invoices, all reproductions and copies of documents by whatever means made, including those which are not identical to the originals due to markings which have been made on the copies, and any other data compilations from which information can be obtained, as well as any other thing within the definition of "document" under Rule 34 of the Federal Rules of Civil Procedure. A copy or a duplicate of a document that has any nonconforming notes, marginal annotations, or other markings, any

5

preliminary version, draft, or revision of the foregoing and any electronic variations of the foregoing shall be considered a separate document.

16.    "**Person**" means any natural person, corporation, partnership, association, trust, trustee, joint venture, sole proprietorship, firm or business enterprise and any other business or legal entity, as well as all divisions, subdivisions, bureaus, offices or other units thereof.

## INTERROGATORIES

1.  Identify, by name and address, any **Amusement Location** identified in **Interrogatory Exhibit A**, whether identified by name, address, or both, at which one or more **Torch Device** may currently be found or may have previously been found within the **relevant period**.

**RESPONSE**:

2.  What is the total amount of money that **Torch Patrons** inserted into **Torch Devices** at each of the **Overlapping Locations** during each month of **the relevant period**?

**RESPONSE:**

3.  What is the total amount of money that **Torch** collected from **Torch Devices** at each of the **Overlapping Locations** during each month of **the relevant period**?

**RESPONSE:**

4.  What is the total amount of money that **Torch Patrons** inserted into **Torch Devices** at each of the **Amusement Locations** during each month of **the relevant period**?

**RESPONSE:**

5.  What is the total amount of money that **Torch** collected from **Torch Devices** at each of the **Amusement Locations** during each month of **the relevant period**?

**RESPONSE:**

6.  Please state the account number, bank, and account title of all bank accounts into which **Defendants** or **Torch Workers** deposited money collected from **Torch Devices** from any **Overlapping Location** during the **relevant period.**

**RESPONSE:**

7

7. Please state the account number, bank, and account title of all bank accounts into which **Defendants** or **Torch Workers** deposited money collected from **Torch Devices** from any **Amusement Location** during the **relevant period.**

**RESPONSE:**

8. For any type or category of business expense or other cost **You** claim **Torch** is entitled to as a deduction from any potential disgorgement award, please identify that type or category by name and provide a general description of the business expenses or other costs contained within that type or category.

**RESPONSE:**

9. For each type or category identified in response to Interrogatory No. 8, please state, with respect to each **Overlapping Location**, (i) the total amount of any deductions claimed for that **Overlapping Location** within that type or category for each month within the **relevant period**; (ii) the date, description, and amount of each particular business expense or cost for the **Overlapping Location** within that type or category, (iii) the basis for the claimed deduction, and (iv) how the claimed deduction **relates** to that **Overlapping Location**.

**RESPONSE:**

10. What if any wages, salaries, or other payments did **Torch** pay to any employees, contractors, and third parties during the **relevant period**, including but not limited its payments to the Miltenbergers, auditors, technicians, and any other **Torch Workers**? For any such cost claimed as deductions from any potential disgorgement award, please indicate the basis for the claimed deduction and how it **relates** to **Torch's** advertising of, distribution of, or collection of money from **Torch Devices** at each **Overlapping Location** or at any other **Amusement Location**.

**RESPONSE:**

8

Dated: February 27, 2025

Respectfully submitted,

By: /s/ *Richard E. Finneran*

**BRYAN CAVE LEIGHTON PAISNER LLP**
RICHARD E. FINNERAN #60768
ZOE WOLKOWITZ BRANNON #74007
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Fax: (314) 552-8592
richard.finneran@bclplaw.com
zoe.brannon@bclplaw.com

*Attorneys for Plaintiff TNT Amusements, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2026, I caused the foregoing interrogatories to be served via electronic mail to attorneys for Defendants.

/s/ *Richard E. Finneran*