**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TNT AMUSEMENTS, INC.,<br>d/b/a PLAY-MOR COIN-OP,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>TORCH ELECTRONICS, LLC, *et al.,*<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　Case No. 4:23-cv-330-JAR<br>)<br>)<br>)<br>)<br>) |

**<u>DISCOVERY ORDER</u>**

This matter is before the Court on three related motions concerning the scope of financial discovery supporting a disgorgement of Defendant's profits as permitted under the Lanham Act, 15 U.S.C. § 1117(a). The Court held oral arguments on July 30, 2026. Plaintiff TNT appeared in person through its owner, James Turntine, and through counsel. Defendants Torch and its owner, Steven Miltenberger, appeared through counsel.

As discussed at length on the record, the Court continues to believe that a disgorgement award limited to the overlapping locations is reasonable and appropriate. The Court acknowledges TNT's objection to this limitation for purposes of preservation. Counsel for Torch confirmed on the record that Torch will not claim any operating cost deductions except for payouts to players and the standard 50% of revenues paid to its retail customers. The Court finds that TNT is entitled to the machine-level source data from each device in any overlapping location from January 1, 2015, to June 1, 2026. Overlapping locations include any customer sites where both parties' machines shared floor space at the same time or where Torch's machines were installed within 90 days of the removal of TNT's machines. Torch is directed to produce a list of all of its customer sites statewide, including addresses and the number of machines at each

1

site. TNT is entitled to depose Defendant Miltenberger, both individually and as Torch's corporate representative, on topics involving the overlapping locations. The Court reminds Defendants of their obligations to adequately prepare for and fully answer questions about such topics. TNT's request for additional statewide data and comprehensive financial and bank records will be denied. Again, TNT's objection is noted for preservation.

As stated on the record, the Court wishes to render a final judgment in this case as expeditiously as possible. The parties indicated that they can complete discovery by August 14, 2026, one week past the current deadline. (Doc. 440). This is acceptable; however, any further extension will require leave of the Court.

Accordingly, as further discussed on the record,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (Doc. 448) is **GRANTED in part** and **DENIED** in part as follows:

1. Torch shall produce a list of its customer locations statewide, including addresses and the number of devices at each location.

2. Torch shall produce machine-level raw source data for each Torch device that operated in any overlapping location from January 1, 2015, to June 1, 2026. Overlapping locations include any customer sites where both parties' machines shared floor space at the same time or where Torch's machines were installed within 90 days of the removal of TNT's machines.

3. To the extent TNT seeks other financial and bank records, the motion is denied.

**IT IS FURTHER ORDERED** that Defendants' motion for protective order (Doc. 452) is **GRANTED in part** and **DENIED in part** as follows:

1. Torch shall make Steven Miltenberger available for deposition, both individually as

corporate representative, to answer questions relating to the overlapping locations.

2.  As to Sondra Miltenberger, the notice of deposition is quashed.

**IT IS FURTHER ORDERED** that, based on the foregoing, Plaintiff's motion for leave to depose Defendants (Doc. 458), which is not yet fully briefed, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties are granted until **August 14, 2026**, to complete remaining financial discovery. Any further extension will require leave of the Court. The deadline for Plaintiff's motion requesting a specific disgorgement award remains **September 1, 2026**. (Doc. 440).

**IT IS FINALLY ORDERED** that the parties' stipulated protective order (Doc. 52) remains in effect.

Dated this 4th day of August 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE