**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

TNT AMUSEMENTS, INC.,              )
d/b/a PLAY-MOR COIN-OP,            )
                                  )
    Plaintiff,                     )
                                  )
    v.                             )        Case No. 4:23CV330 JAR
                                  )
TORCH ELECTRONICS, LLC, *et al.,*  )
                                  )
    Defendants.                    )

## <u>ORDER</u>

At the request of counsel for the parties, the Court held a status conference on the record on August 11, 2026, to resolve ongoing issues about the scope of financial discovery relevant to a disgorgement award. In its recent order dated August 4, the Court directed Torch to produce machine-level raw source data for all devices in overlapping locations during the relevant period and further directed Torch to make Steven Miltenberger available for deposition, both individually and as corporate representative. (Doc. 461). On August 10, counsel asked the Court for a status conference to resolve continuing disagreements in preparation for the depositions. On August 11, just prior to the conference, counsel provided to the Court via chambers staff exemplar spreadsheets reflecting gross and net revenues from one overlapping location and a list of questions and topics for the upcoming depositions. During the conference, counsel for Torch advised the Court that obtaining source data from each machine would be extremely burdensome if not impossible, and that the spreadsheets were the best evidence available. Counsel further reported that Mr. Miltenberger would assert his Fifth Amendment rights and would not serve as Torch's corporate representative. Rather, Torch's accountant, Preston Herman, would answer

questions related to Torch's revenues. Counsel made an oral motion to quash Mr. Miltenberger's personal deposition, which the Court denied.

After a full discussion on the record, the Court directed the parties to meet and confer and proceed with the depositions and remaining discovery. To summarize, the Court finds that TNT's proposed questions for Mr. Miltenberger are relevant to the issue of deterrence. The Court will not impose specific limits but expects counsel for TNT to conduct the deposition in a manner sufficient to create a record without undue prejudice to Miltenberger. Mr. Herman should be adequately prepared to serve as Torch's 30(b)(6) representative. To the extent Torch has not yet responded to TNT's requests for production, the parties are directed to meet and confer to complete discovery within the limitations defined by the Court thus far. The Court will extend the discovery deadline by another week and will direct the parties to file a status report by August 31.

Accordingly,

**IT IS HEREBY ORDERED** that the parties are directed to meet and confer and proceed with document production and depositions as discussed on the record.

**IT IS FURTHER ORDERED** that the deadline to complete financial discovery is extended to **August 28, 2026**. The parties are directed to file a status report by **August 31**.

Dated August 12, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

2